IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| NORCAL TEA PARTY PATRIOTS, )<br>ON BEHALF OF ITSELF, )<br>ITS MEMBERS, and THE CLASS IT SEEKS )<br>TO REPRESENT, )<br> )<br>Plaintiffs, )<br> )<br>v. )<br> )<br>THE INTERNAL REVENUE SERVICE, )<br>THE UNITED STATES DEPARTMENT )<br>OF THE TREASURY, and )<br>CURRENT AND FORMER EMPLOYEES )<br>OF THE INTERNAL REVENUE SERVICE )<br>IDENTIFIED AS JOHN DOES 1-100, )<br> )<br>Defendants. )<br>_____ ) | Case No. 1:13cv00341<br><br>Chief Judge Susan J. Dlott |

**MOTION OF DEFENDANTS INTERNAL REVENUE SERVICE
AND UNITED STATES DEPARTMENT OF TREASURY
TO DISMISS PRIVACY ACT CLAIMS AND SUPPORTING MEMORANDUM OF LAW**

The named defendants in the plaintiff's complaint, the Internal Revenue Service and the United States Department of Treasury, move to dismiss the plaintiff's Privacy Act claims because the United States has not waived its sovereign immunity for the plaintiff to bring those claims and because the plaintiff lacks standing to raise them, either on its own or on behalf of its individual members.  Pursuant to Local Rule 7.2, a supporting memorandum of law is incorporated with this motion.

1

**RELIEF SOUGHT**

Plaintiff NorCal Tea Party Patriots filed this action on behalf of itself and its individual members, alleging violation of the Privacy Act of 1974 and violation of the First and Fifth Amendments under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).  (Compl. [Doc. No. 1] ¶ 1.)  The defendants Internal Revenue Service and the United States Department of Treasury move to dismiss NorCal's Privacy Act claims because the United States has not waived its sovereign immunity for NorCal to bring those claims and because NorCal lacks standing to raise them, either on its own or on behalf of its individual members.[1]

**MEMORNADUM OF LAW**

I.   Sovereign immunity bars NorCal's claims under the Privacy Act because NorCal fails to
     meet a condition of the Act's waiver.

The Privacy Act permits individuals – and only individuals – to bring actions against federal agencies for alleged violations under the Act.  The portion of the Privacy Act that authorizes such actions provides as follows:

Whenever any agency

(A) makes a determination under subsection (d)(3) of this section not to amend an *individual's* record in accordance with his request, or fails to make such review in conformity with that subsection;

---

[1] The Privacy Act claims are the only claims that implicate the defendants who are filing this motion.  *See* 5 U.S.C. § 552a(g)(1) (providing for individuals to bring actions for alleged violations of the Privacy Act against "the agency" in question).  If NorCal's Privacy Act claims are dismissed, the only claim that will remain is the *Bivens* claim, which is brought only against the unnamed federal officers currently designated as John Does 1-100.  (*See* Compl. [Doc. No. 1] ¶¶ 60, 62, 63, 65-68.)  No response is yet due from John Does 1-100 because they have been neither identified nor served.  If the Privacy Act claims are dismissed, no named defendants will remain in this action.

(B) refuses to comply with an *individual* request under subsection (d)(1) of this section;

(C) fails to maintain any record concerning any *individual* with such accuracy, relevance, timeliness, and completeness as is necessary to assure fairness in any determination relating to the qualifications, character, rights, or opportunities of, or benefits to the *individual* that may be made on the basis of such record, and consequently a determination is made which is adverse to the *individual*; or

(D) fails to comply with any other provision of this section, or any rule promulgated thereunder, in such a way as to have an adverse effect on an *individual*,

the *individual* may bring a civil action against the agency, and the district courts of the United States shall have jurisdiction in the matters under the provisions of this subsection.

5 U.S.C. § 552a(g)(1) (emphases added).  Under the Privacy Act, "the term 'individual' means a citizen of the United States or an alien lawfully admitted for permanent residence."  *Id.* § 552a(a)(2).

Here, NorCal asserts that it is "an association of individual citizens."  (Compl. [Doc. No.1] ¶ 1.)  NorCal is not an individual within the meaning of the Privacy Act, and it thus fails to meet a condition of Congress' waiver of sovereign immunity under the Act.[2]

The doctrine of sovereign or governmental immunity renders the United States immune from suit except where Congress has waived its immunity by specific statute. *Lehman v. Nakshian*, 453 U.S. 156, 160 (1981); *United States v. Testan*, 424 U.S. 392, 399 (1976).  The

---

[2] NorCal also asserts that it "has assumed the corporate form to obtain protection from paying taxes on the resources the individuals contribute to the group for its expressive purposes." (Compl. [Doc. No. 1] ¶ 57.)  It is incongruous for NorCal to try to assert a cause of action reserved to individuals in one setting while claiming the advantages of corporate formation in another.

Supreme Court has "said on many occasions that a waiver of sovereign immunity must be 'unequivocally expressed' in statutory text." *Federal Aviation Administration v. Cooper*, 132 S. Ct. 1441, 1448 (2012) (citing, *inter alia*, *Lane v. Peña*, 518 U.S. 187, 192 (1996)). But even where Congress has authorized a cause of action against the United States, "the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *Testan*, 424 U.S. at 399 (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)).

In the case of the Privacy Act, one of the conditions of the United States' waiver of sovereign immunity is that any suit brought thereunder may be brought only by an individual. *See* 5 U.S.C. § 552a(g)(1). Just as waivers of immunity must be unequivocally expressed, the "limitations and conditions upon which the Government consents to be sued must be strictly observed and exceptions thereto are not to be implied." *Nakshian*, 453 U.S. at 161 (quoting *Soriano v. United States*, 352 U.S. 270, 276 (1957)); *see also Lane*, 518 U.S. at 192 (stating that "a waiver of the Government's sovereign immunity will be strictly construed, in terms of its scope, in favor of the sovereign"). As described above, Congress unambiguously defined who is an "individual" within the meaning of the Privacy Act, and NorCal simply does not qualify. NorCal fails to meet a clear condition of the Privacy Act's waiver of sovereign immunity. As a result, sovereign immunity remains intact, and NorCal's Privacy Act claims must be dismissed.

II.    NorCal lacks standing to bring claims under the Privacy Act because it is not an individual.

As described above, the Privacy Act authorizes suits brought only by individuals, and NorCal is not an individual within the meaning of the Act. NorCal thus lacks standing to bring claims under the Act. "[T]he Privacy Act does not confer standing upon organizations on their own or purporting to sue on behalf of their members." *Committee in Solidarity with the People of El Salvador (CISPES) v. Sessions*, 738 F. Supp. 544, 547 (D.D.C. 1990); *see also Dresser*

*Industries, Inc. v. United States*, 596 F.2d 1231, 1237-38 (5th Cir. 1979) (finding that a corporation was not an "individual" as defined in the Privacy Act and that it consequently lacked standing to pursue any claims under the Act);  *Cell Assocs., Inc. v. Nat'l Institutes of Health*, 579 F.2d 1155, 1157 (9th Cir. 1978) (same).

Congress has mandated that individuals are the only parties who may bring suit for alleged violations of the Privacy Act.  NorCal is not an individual, and its claim for relief based on the Privacy Act must be dismissed for lack of standing.

III.    Associational standing does not apply here.

NorCal asserts that it has associational standing to bring a Privacy Act claim on behalf of its individual members.  (Compl. [Doc. No. 1] ¶ 57.)  Indeed, the Supreme Court has recognized a "doctrine of associational standing, under which an organization may sue to redress its members' injuries, even without a showing of injury to the association itself."  *United Food & Commercial Workers Union Local 751 v. Brown Group, Inc.*, 517 U.S. 544, 552 (1996).  Under that doctrine,

> an association has standing to bring suit on behalf of its members when:  (a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit.

*Id.* at 553 (quoting *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 343 (1977)).  That doctrine, however, does not aid NorCal because the Privacy Act precludes its application and, in any event, NorCal does not meet the demands of all its required elements.

A.    *The Privacy Act precludes the application of associational standing.*

As described above, the Privacy Act permits only individuals, and not associations or other groups, to bring suit for alleged violations of the Act.  By the Act's own terms, any claims

asserted or relief requested under the Privacy Act requires the participation of individual members in the lawsuit.  As a result, the third element of associational standing cannot be met in cases brought under the Privacy Act.

The third element of associational standing is not a constitutionally mandated requirement of standing; instead, it is a prudential consideration, created by the courts, that Congress may abrogate.  *United Food*, 517 U.S. at 558.  If Congress is permitted to abrogate the usual requirement of the third prong of associational standing, it must also have the power to ensure its application without qualification.  Congress has done so here, mandating in the clearest of terms that individuals are the only parties who may bring claims under the Privacy Act.

B.      *NorCal fails to satisfy the elements of associational standing.*

Even if application of associational standing were not expressly precluded here, NorCal still has failed to plead that it meets all its required elements.

1.      NorCal has failed to plead facts sufficient to demonstrate that its individual members would have standing to sue in their own right.

It is not clear that NorCal's individual members would have standing to sue in their own right.  Here, NorCal's claims center on information requests that were made to NorCal, not to its individual members.  Although NorCal alleges that the IRS requested various information from it and that the collection of that information violated the Privacy Act (see Compl. [Doc. No. 1] ¶¶ 28-29, 47), not all of the requests for information involved NorCal's individual members.  Indeed, the bulk of the information that NorCal describes appears to have been centered on the group, as opposed to its individual members.  For example, NorCal asserts that the IRS requested information about the group's official events (Compl. [Doc. No. 1] ¶ 29(a)), information about the group's website and internet activities (Compl. [Doc. No. 1] ¶ 29(b)), whether the group conducted certain rallies (Compl. [Doc. No. 1] ¶ 29(e)), copies of handouts that the group

6

provided to the public (Compl. [Doc. No. 1] ¶ 29(f)), whether the group conducted events involving political candidates (Compl. [Doc. No. 1] ¶ 29(h)), whether the group conducted voter-education activities (Compl. [Doc. No. 1] ¶ 29(j)), whether the group had or planned to try to influence the outcome of specific legislation (Compl. [Doc. No. 1] ¶ 29(k)), information about the group's communications with members of legislative bodies (Compl. [Doc. No. 1] ¶ 29(l)), information about the group's relationship to other organizations (Compl. [Doc. No. 1] ¶ 29(m)), information about solicitations and fundraising by the group (Compl. [Doc. No. 1] ¶ 29(n)), information about the group's board of directors (Compl. [Doc. No. 1] ¶ 29(o)), and information about the group's income and expenses (Compl. [Doc. No. 1] ¶ 29(q), (s)).  At the very least, NorCal has not described how its individual members were harmed by and would have standing to bring claims for all the alleged violations of the Privacy Act.

2.      The interests the organization seeks to protect are not germane to the organization's purpose.

Through the Privacy Act claims raised in this suit, NorCal states that it seeks to protect the privacy interests of its group and its individual members.  But the purpose of the association is not geared toward the protection of its members' privacy interests.  As NorCal states, "[i]ts purpose is expressive – to support and conduct non-partisan research, education, and informational activities to increase public awareness of legislation and legislators.  Its mission is three-fold:  (1) fiscal responsibility; (2) constitutionally limited government; and (3) free markets."  (Compl. [Doc. No.1] ¶ 4.)  The "demand that an association plaintiff be organized for a purpose germane to the subject of its member's claim raises an assurance that the association's litigators will themselves have a stake in the resolution of the dispute, and thus be in a position to serve as the defendant's natural adversary."  *United Food*, 517 U.S. at 555-56.  Here, the fact that NorCal's individual members have united in a common purpose to advance the causes of

fiscal responsibility, constitutionally limited government and free markets does not mean that

their organization, designed for those purposes, is the "natural adversary" to advance other

interests of its individual members.  This is not a situation, for example, where a neighborhood

association formed to promote open housing has sued to assert its members' interests for harm to

their neighborhood resulting from alleged racial discrimination.  *Neighborhood Action Coalition*

*v. City of Canton, Ohio*, 882 F.2d 1012, 1017 (6th Cir. 1989).  In this case, NorCal's stated

organizational purpose has nothing to do with the claims raised under the Privacy Act on behalf

of its individual members.

> 3.     The claim asserted and the relief requested require the participation of
>        individual members in the lawsuit.

NorCal seeks relief under section 552a(g)(1)(D) of the Privacy Act.  (Compl. [Doc.

No. 1] ¶ 56.)  That particular subsection allows an individual to bring an action for civil

damages, and only civil damages, against an agency for certain violations under the Act.  *See*

*American Federation of Gov't Employees v. Hawley*, 543 F. Supp.2d 44, 54 (D.D.C. 2008).  As

described above in part III.A, Congress has expressly limited those actions to be brought by

individuals.  By the terms of the Privacy Act itself, both the claims asserted and the relief

requested thereunder require the participation of individual members.

In addition, the type of relief sought here – civil damages – requires the participation of

individual members and thus precludes the application of associational standing.  *See United*

*Food*, 517 U.S. at 554 (describing how Supreme Court "precedents have been understood to

preclude associational standing when an organization seeks damages on behalf of its members");

*Neighborhood Action Coalition*, 882 F.2d at 1017 (citing *Warth v. Seldin*, 422 U.S. 490, 515-16

(1975) and finding that neighborhood association lacked standing to bring damages claim on

behalf of individuals because damages for the individuals' diminished property values required individualized proof).

The determination of damages is uniquely tied to each individual who allegedly suffered them.  That principle holds true in suits for damages under the Privacy Act.  In cases in which organizations have sought damages under the Privacy Act on behalf of their individual members, courts have held that the organizations could not satisfy the third element of associational standing because the determination of damages required the participation of individual members. *See Parks v. Internal Revenue Service*, 618 F.2d 677, 684-85 (10th Cir. 1980) (finding that employees' union lacked standing to bring Privacy Act claim on behalf of its individual members because "[e]ach of the plaintiffs would have to testify because the actionable injury and the damages are individual"); *American Federation of Gov't Employees*, 543 F. Supp.2d at 50 ("Here, because the sole remedy for plaintiffs' Privacy Act claim is actual damages, the union plaintiffs' individual members would be required to participate in the lawsuit to prove their individual damages.") (internal footnotes omitted).[3]

---

[3] Had Congress wished to abrogate that requirement of associational standing by permitting groups to bring damages claims on behalf of their individual members, it certainly could have done so.  In fact, Congress has done that on at least one occasion, in the context of a different statute.  *See United Food*, 517 U.S. at 546 (holding that Congress abrogated the third element of associational standing by specifically authorizing employee unions to bring damages claims on behalf of their members under the Worker Adjustment and Retraining Notification Act). Congress, however, did not choose that path in the Privacy Act.

**CONCLUSION**

The United States has not waived its sovereign immunity for any group, including

NorCal, to bring claims under the Privacy Act.  In addition, NorCal lacks standing to bring its

Privacy Act claims, either on its own or on behalf of its individual members.  As a result,

NorCal's Privacy Act claims should be dismissed.

Respectfully submitted,

KATHRYN KENEALLY
Assistant Attorney General, Tax Division

s/ *Grover Hartt, III*
GROVER HARTT, III (TX 09174500)
Senior Litigation Counsel
CHRISTOPHER R. EGAN (TX 24036516)
Trial Attorney
U.S. Department of Justice, Tax Division
717 N. Harwood Street, Suite 400
Dallas, Texas 75201
(214) 880-9733; (214) 880-9741 (FAX)
Grover.Hartt@usdoj.gov

JOSEPH A. SERGI (DC 480837)
Senior Litigation Counsel
U.S. Department of Justice, Tax Division
555 4th Street, N.W., JCB 7207
Washington, D.C. 20001
(202) 305-0868; (202) 307-2504 (FAX)
Joseph.A.Sergi@usdoj.gov

JENNIFER D. AUCHTERLONIE (WA 29481)
LAURA C. BECKERMAN (CA 278490)
CHRISTOPHER D. BELEN (VA 78281)
LAURA M. CONNER (VA 40388)
JEREMY N. HENDON (OR 982490)
PHILIP M. SCHREIBER (DC 502714)
Trial Attorneys
U.S. Department of Justice, Tax Division
555 4th Street, N.W.
Washington, D.C. 20001
(202) 514-2000

Of Counsel:
CARTER M. STEWART
United States Attorney

MATTHEW J. HORWITZ (OH 0082381)
Assistant United States Attorney
221 East Fourth Street, Suite 400
Cincinnati, Ohio 45202
(513) 684-3711
Matthew.Horwitz@usdoj.gov

ATTORNEYS FOR THE UNITED STATES

11

## CERTIFICATE OF SERVICE

I certify that on July 26, 2013, I electronically filed the Motion of Defendants Internal Revenue Service and United States Department of Treasury to Dismiss Privacy Act Claims and attached memorandum of law with the Clerk of the Court using the ECF system, which will send notification of such filing to the following:  David R. Langdon, Joshua B. Bolinger, Todd P. Graves and Edward D. Greim.

s/ *Grover Hartt, III*
GROVER HARTT, III