# IN THE UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| NORCAL TEA PARTY PATRIOTS, et al., ) <br> ON BEHALF OF THEMSELVES, ) <br> THEIR MEMBERS, and THE CLASS ) <br> THEY SEEK TO REPRESENT, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> THE INTERNAL REVENUE SERVICE, et al., ) <br> ) <br> Defendants. ) <br> _____) | Case No. 1:13-cv-00341 <br><br> Chief Judge Susan J. Dlott |

## JOINT DISCOVERY PLAN

Plaintiffs and Defendant IRS, Defendant Department of the Treasury, and federal employees and officers sued in their official capacity ("the United States"), by and through their respective counsel, hereby jointly submit to the Court this Joint Discovery Plan, pursuant to the Court's Pretrial Procedure Outline. Counsel for Plaintiffs and Counsel representing the United States and individual defendants sued in their official capacity conducted a Discovery Conference for approximately 90 minutes on September 16, 2013. Plaintiffs presented a written plan to Defendants after the conference and the parties conferred again via telephone on September 18, 2013.

<u>A Report on the Parties' Positions Regarding Individual-Capacity Counsel and Discovery</u>

      A. The Position of Defendants

At the time of the Discovery Conference, the Civil Division of the Department of Justice had not yet made a determination whether the Department would represent the individual defendants named in their individual capacities, or whether private counsel would be provided to

them. Since then, the Civil Division has authorized representation by private counsel at government expense for Lois Lerner, Steven Miller, Douglas Shulman, William Wilkins, Sarah Hall Ingram, Joseph Grant, Holly Paz, Carter Hull, Brenda Melahn, Cindy Thomas, Bonnie Esrig, Steven Bowling, Mitchell Steele, Carly Young, Joseph Herr, Stephen Seok, Elizabeth Hofacre, Marian Gaiser, and Donald Herring and is in the process of hiring of outside counsel. The United States submits that the Court should defer issuing a scheduling order until such time as counsel for the individual defendants sued in their individual capacity have been retained and have a chance to confer on the proposed schedule.

### B. The Position of Plaintiffs

Plaintiffs submit that the failure to assign separate "individual capacity" attorneys for the individual Defendants, who were identified six weeks before the parties' first conference and are already individually represented in their official capacities, should not delay this proceeding. Further, Plaintiffs report that they learned the identities of at least two attorneys who are providing "individual capacity" representation to certain defendants in two parallel proceedings and invited them to participate in the conference. Both attorneys declined to participate based on their representation that they had not yet been retained in this specific proceeding. On September 24, 2013, the Defendants reported that "individual capacity" attorneys had been authorized for each individual defendant. To the limited extent that any defendant develops a concern with a deadline that is unique to his or her individual capacity, and that could not have been raised in his or her official capacity, Plaintiffs believe the parties and Court should be able to resolve the issue expeditiously and without a wholesale delay of the litigation.

1. **MAGISTRATE CONSENT**

The Parties do not unanimously consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636 (c).

2. **RULE 26(A) DISCLOSURES**

The parties have discussed pretrial disclosures and cannot reach agreement.

<u>The Position of Plaintiffs</u>

Plaintiff proposed that, in lieu of regular Rule 26(a) disclosures, the parties exchange the following documents as part of a combined Rule 26 and class certification discovery process.

A. By **October 4, 2013**, the parties would make their Rule 26(a) disclosures, and the government will produce the following:

(1) An identification of each "Covered Group."  A "Covered Group" is defined as follows: Any applicant for exempt status under IRC 501(c)(3) or (c)(4) that, from January 2009 to the present, was selected for special screening based on its name or its policy positions.  This would include, but not be limited to, the following groups:

(a) Any group that received a request for information which included at least one of the seven questions the TIGTA reported as being identified by the EO function as "unnecessary."

(b) Any group that was flagged for special screening based on the "BOLO" terms and phrases listed in the TIGTA report.

(c) Any group whose application was reviewed by the Inspector General in the TIGTA report.

(d) Any group whose application took 270 or more calendar days to resolve.

(2) An identification of each IRS employee who processed, investigated, requested, or viewed any application or set of materials produced by a Covered Group.

(3) The number of Covered Groups whose applications remain pending, subject to identification of these entities after the Court has considered the parties' positions on Section 6103.

(4) The documents the IRS has already produced to the House Oversight Committee that have been scrubbed for "6103 materials."

(5) The case files and documents reviewed by TIGTA for its May 2013 report.

B. By **October 18**, each of the ten named Plaintiffs will answer a set of three to five pre-certification interrogatories which shall be proposed by the parties and approved in advance by the Court. Class certification discovery will be limited to the items in II.A and II.B.

C. Within **seven (7) calendar days** of making any subsequent 6103-scrubbed productions to the House Oversight Committee, the IRS will produce them to the plaintiffs.

The Position of the United States

The United States believes that initial disclosures should be deferred until the Court has ruled on dispositive motions[1] and it has had an opportunity to file an Answer addressing the remaining claims, if any. Furthermore, even if and when disclosures are due, I.R.C. 6103 may prevent the United States from disclosing the information sought by Plaintiffs.

---

[1] The United States anticipates filing a Motion to Dismiss later this week. In addition, it is possible that the Defendants sued in their individual capacity may file Motions once counsel has been retained to represent them.

3. **DISCOVERY ISSUES AND DATES**

    **A. Topics**

The Position of Plaintiffs

Plaintiffs contend that discovery is necessary on the following issues:

(1) the identity of the members of the class;

(2) the identity of the government agents who handled class members' applications;

(3) the government's conduct in targeting applicants for additional, intrusive scrutiny and delays based on applicants' views and speech;

(4) the government's conduct in unnecessarily compiling information on applicants' First Amendment political association and expression; and

(5) the government's conduct in disclosing applicants' confidential information.

Further, Plaintiffs have proposed that class certification discovery should be limited and, as initially proposed by the government, limited to a few interrogatories. This discovery can be completed quickly and efficiently in advance of a class certification motion. It need not await resolution of the motions to dismiss, and should certainly not await conclusion of all fact discovery.

The Position of the United States

The United States argues that its dispositive motion will eliminate, or at the very least significantly limit, these issues and thereby requests the Court to stay discovery until dispositive motions are resolved and the United States files an Answer responding to any remaining claims.

In addition, should any claims remain against the United States after resolution of the dispositive motions, additional discovery will be necessary to determine whether plaintiffs' action can be certified as a class action lawsuit. The United States believes that this discovery should not be bifurcated and should be stayed until resolution of dispositive motions since the

5

resolution of those motions will affect and potentially eliminate the issues in the case and affect the claims and eligibility of class members.

>**B. Disclosure or discovery of electronically stored information**:
>
>1. Plaintiffs have taken steps to preserve emails of their communications with the government relating to their applications. They have asked the government to preserve electronic data regarding web searches conducted on the home and office computers of IRS employees tasked with handling the class members' applications, and regarding emails sent or received from or between the IRS employees' office and home computers. The government has indicated that it would check to determine whether this data had in fact been preserved.
>
>2. The United States has taken steps to preserve and collect ESI related to email and user created files including the identification and preservation of information in the possession of document custodians, including all defendants. In addition, the IRS has issued a litigation hold letter to TEGE, TEGE counsel, and Legislative Affairs. IRS has not specifically collected ESI related to Internet searches.

The parties will address whether additional preservation is necessary with the Court at the October 17, 2013, conference.

>**C. The parties recommend that discovery should be bifurcated** between factual and expert.
>
>**D. Disclosure of expert reports** to establish an affirmative position shall be made no later than 30 days after the close of fact discovery.
>
>**E. Disclosure of any rebuttal expert report** shall be made no later than 60 days after the close of fact discovery.

**F. All expert discovery shall close** 30 days after disclosure of rebuttal expert reports.

**G. Fact Discovery**

The Position of Plaintiffs

All written discovery shall be served, and all fact witness depositions shall be noticed, by the latest of the following three dates: eleven months after the government's first production, eleven months after the district court's decision on the motions to dismiss, or November 1, 2014.

Plaintiffs will propound their first set of written discovery no later than December 1, 2013. Defendants will not be obligated to produce responsive documents or make interrogatory responses until February 1, 2014.

Plaintiffs will not take party depositions until after the motion to dismiss is decided, except that if the motion has not been decided by January 1, 2014, they may take non-party discovery and, until the court issues its decision, may take the depositions of no more than 7 parties who are employees of the Cincinnati office.

The Position of the United States

The United States expects to file a motion to dismiss several counts of the amended complaint. If granted, the motion would eliminate most, if not all, of plaintiffs' claims against the United States. As a result, the United States requests that fact discovery begin on the date of the United States' Answer to the remaining allegations and continue for a period of nine (9) months. As described above, this discovery period will include the issue of whether plaintiffs' action can be certified as a class action.

**H. Anticipated discovery problems**

Plaintiffs contend that the government should be required in discovery to identify the members of the class using objective criteria, and to disclose the case files of the class members.

The government contends that I.R.C. 6103, a statute imposing civil and criminal penalties for wrongful disclosure of taxpayer information, precludes disclosing the identities or other information related to potential or putative class members that are not named plaintiffs. Moreover, it is not clear at this time what IRC 6103 information related to named Plaintiffs may be disclosed. The parties expect to raise this issue with the Court at the October 17, 2013, conference.

Plaintiffs contend that the government should be required in discovery to disclose the identities of individuals who worked on the class members' applications.  The government denied Plaintiffs' initial demand that the government disclose under FRCP 26(a) the identities of IRS employees who worked in offices that handled applications that Plaintiffs subjectively consider similar to those of the named organizations in this case.  Government counsel noted that, among other things, such information may be protected by the Privacy Act, and they asked Plaintiffs' counsel to try to objectively define the scope of their demand.  In this proposed order, Plaintiffs' counsel has changed their request to "individuals who worked on the class members' tax returns," but the government remains concerned about the timing, relevance, and potential Privacy Act implications of that demand.  In addition, I.R.C. 6103 may prohibit disclosure of the identities of individuals who worked on specific applications for tax exempt status.  The parties expect to raise this issue with the Court at the October 17, 2013, conference.

4. **LIMITATIONS ON DISCOVERY**

    **A. Changes in the limitations on discovery**

Time limitations for depositions shall remain at one day and seven hours, but a party shall not unreasonably deny a request for more time.

The number of depositions permitted shall be 40.

The number of interrogatories allowed shall be 35.

**B. Protective Order**

Plaintiffs contend that a protective order from this Court will allow production of materials otherwise subject to the Privacy Act, because the Privacy Act allows disclosure of materials "pursuant to the order of a court of competent jurisdiction."  5 U.S.C. 552a(b)(11).  Defendants deny that a protective order from this Court would allow the production of materials otherwise subject to the Privacy Act.  The parties expect to raise this issue with the Court at the October 17, 2013, conference.

5. **OTHER COURT ORDERS UNDER RULE 26(C) OR RULE 16(B) AND (C)**

Plaintiffs propose that the Court enter an order prohibiting defendants from continuing to directly contact class members and (1) offer to expedite handling their pending applications in exchange for class member concessions; or (2) demand additional information from class members who refuse to agree to expedited handling in exchange for concessions.  Plaintiffs do not propose that the Court prohibit defendants from communicating with class members who are not named or represented plaintiffs, or from continuing to process pending applications  The United States agrees that named Plaintiffs will not be contacted directly by the IRS and, to its knowledge, there has been no direct contact with these parties since they joined the litigation. To the extent that plaintiffs' request can be construed as prohibiting contact with potential or unnamed putative class members, the United States argues that Plaintiffs' request would be tantamount to asking the Service to stop the processing of all pending applications. Similarly, the IRS should not be prohibited from taking administrative actions involving named plaintiffs that are taken in the ordinary course of tax administration.  If Plaintiff's proposed Order is issued, it would interfere with administration of taxes and limit the law enforcement authority of the IRS.

9

Plaintiffs propose that they file a motion for class certification no later than October 30, 2013. The United States argues that this date is premature and instead proposes that the motion be filed on the last day of fact discovery.

                Respectfully submitted,

                /s/ Edward D. Greim
                Edward D. Greim (*pro hac vice*)
                Todd P. Graves (*pro hac vice*)
                GRAVES GARRETT LLC
                1100 Main Street, Suite 2700
                Kansas City, MO 64105
                Telephone: (816) 256-3181
                Fax: (816) 256-5958
                edgreim@gravesgarrett.com
                tgraves@gravesgarrett.com

                David R. Langon (OH Bar No. 0067046)
                  *Trial Attorney*
                Joshua B. Bolinger (OH Bar No. 0079594)
                LANGDON LAW LLC
                8913 Cincinnati-Dayton Road
                West Chester, OH 45069
                Telephone: (513) 577-7380
                Fax: (513) 577-7383
                dlangdon@langdonlaw.com
                jbolinger@langdonlaw.com

                Bill Randles (MO Bar No. 40928)
                Bev Randles (MO Bar No. 48671)
                BILL & BEV RANDLES LAW GROUP, LLP
                5823 N. Cypress Avenue
                Kansas City, MO 64119
                Telephone: (816) 820-1973
                bill@billrandles.com
                bev@billrandles.com
                (*pro hac vice* application forthcoming)

                Attorneys for Plaintiffs

      and

                KATHRYN KENEALLY
                Assistant Attorney General, Tax Division

/s/ *Grover Hartt, III*
GROVER HARTT, III (TX 09174500)
Senior Litigation Counsel
CHRISTOPHER R. EGAN (TX 24036516)
Trial Attorney
U.S. Department of Justice, Tax Division
717 N. Harwood Street, Suite 400
Dallas, Texas  75201
(214) 880-9733
(214) 880-9741 (FAX)
Grover.Hartt@usdoj.gov

JOSEPH A. SERGI (DC 480837)
Senior Litigation Counsel
U.S. Department of Justice, Tax Division
555 4th Street, N.W., JCB 7207
Washington, D.C.  20001
(202) 305-0868
(202) 307-2504 (FAX)
Joseph.A.Sergi@usdoj.gov

JENNIFER D. AUCHTERLONIE (WA 29481)
LAURA C. BECKERMAN (CA 278490)
CHRISTOPHER D. BELEN (VA 78281)
LAURA M. CONNER (VA 40388)
JEREMY HENDON (OR 982490)
PHILIP M. SCHREIBER (DC 502714)
U.S. Department of Justice, Tax Division
555 4th Street, N.W.
Washington, D.C.  20001
(202) 514-2000

Trial Attorneys

11

## CERTIFICATE OF SERVICE

I certify that the foregoing *Joint Discovery Plan* was filed using the Court's CM/ECF system on September 24, 2013, which sent notification of such filing to all proper parties.

                                     */s/ Edward D. Greim*
                                     Attorney for Plaintiffs