```
 1                   UNITED STATES DISTRICT COURT

 2                    SOUTHERN DISTRICT OF OHIO

 3                        WESTERN DIVISION

 4                              - - -

 5   NORCAL TEA PARTY PATRIOTS,    : CIVIL NO. 1:13-CV-341
     et al.,                       :
 6              Plaintiffs,        : Status Conference by Telephone
          -vs-                     :
 7                                 :
     INTERNAL REVENUE SERVICE,     : Tuesday, July 29, 2014
 8   et al.,                       : 2:01 p.m.
                Defendants.        : Cincinnati, Ohio
 9
                                - - -
10                      TRANSCRIPT OF PROCEEDINGS
           BEFORE THE HONORABLE SUSAN J. DLOTT, CHIEF JUDGE
11                              - - -

12   For the Plaintiffs:   Edward D. Greim, Esq.
                           Dane Martin, Esq.
13                         Graves Garrett, LLC
                           1100 Main Street, Suite 2700
14                         Kansas City, Missouri  64105

15                         Christopher R. Finney, Esq.
                           Finney Law Firm, LLC
16                         4270 Ivy Pointe Boulevard, Suite 225
                           Cincinnati, Ohio  45245
17
     For the Defendants Internal Revenue Service and Department of
18   the Treasury:
                           Grover Hartt, III, Esq.
19                         U.S. Department of Justice
                           Tax Division
20                         717 North Harwood, Suite 400
                           Dallas, Texas  75201
21
                           Joseph A. Sergi, Esq.
22                         Christopher D. Belen, Esq.
                           U.S. Department of Justice
23                         Tax Division
                           555 Fourth Street, NW
24                         Washington, D.C. 20001

25
```

                    Proceedings recorded in stenotype.
            Transcript produced using computer-aided transcription.

```
 1                          William King, Esq.
                            Assistant United States Attorney
 2                          221 East Fourth Street, Suite 400
                            Cincinnati, Ohio  45202
 3

 4

 5
     Administrative Assistant:    Vicki Penley
 6
     Law Clerk:                   Peggy Fechtel
 7
     Court Reporter:              Julie A. Wolfer, RDR, CRR
 8
                                  - - -
 9
```

<u>PROCEEDINGS</u>

(2:01 p.m.)

MS. PENLEY: I have Chris Finney, Edward Greim, and Dane Martin for the plaintiffs.

I have Grover Hartt for the federal defendants, and I have Bill King who is calling in in place of Mr. Horwitz; is that correct?

UNIDENTIFIED SPEAKER: Right. So we did join, then.

MR. SERGI: This is Joe Sergi and Chris Belen on behalf of the defendants.

MS. PENLEY: So do we have everyone now?

MR. HARTT: You have everybody of the federal defendants.

UNIDENTIFIED SPEAKER: And for the plaintiffs.

MS. PENLEY: Here in chambers, we have Chief Judge Dlott, we have law clerk --

MS. FECHTEL: This is Peggy Fechtel, the Judge's law clerk. Do we have the individual defendants' attorneys on the line?

MR. GREIM: Your Honor, this is Mr. Greim, just address this to everyone. They may have changed their mind, but I spoke with Mr. Bergeron last week, and he indicated they would probably not be calling in; and I understood him to be speaking for both the line-level and the management employees. So I have not been expecting him to join.

1           MS. FECHTEL:  Presumably that's because they were
2  dismissed from the case?
3           MR. GREIM:  That's what he told me.  That was -- I
4  think that was their thinking.
5           MS. FECHTEL:  Because I think the Court was looking
6  today, and I apologize for speaking myself, speaking as a law
7  clerk, looking for an -- we were looking to see if there was an
8  appeal going to be filed, if you know anything about that; or
9  if an appeal is going to be filed, what that does to the rest
10 of this case.  If you're all agreed, then perhaps there's no
11 problem.  But that's what the Court was looking to find out
12 today.  Apologize for the confusion from the law clerk.
13          MR. GREIM:  Again, this is Mr. Greim.  And I was asked
14 that question actually by the individual capacity defendants,
15 and I told them that, you know, while we may take an appeal at
16 the end, we are not going to -- we don't believe we have a
17 right to appeal at this stage.
18          MR. HARTT:  This is Grover Hartt.  If I can, let me be
19 heard on that general question of appeals for just a moment.
20          THE COURT:  How about let me let my assistant finish
21 the roll, put the roll call on the record, and then we'll get
22 to you, Mr. Hartt.  Thank you.
23          MS. PENLEY:  Okay.  So for the plaintiffs, we have
24 Christopher Finney, Edward Greim, Dane Martin.
25          For defendants, we have Grover Hartt, Joseph Sergi and

1    Christopher Belen, and Bill King is calling in for Mr. Horwitz.
2             In chambers, we have Chief Judge Dlott, law clerk
3    Peggy Fechtel, court reporter Julie Wolfer.
4             If you could identify yourself, please, before you
5    speak for the court reporter.  Thank you.
6             THE COURT:  Okay.  Mr. Hartt, go ahead.
7             MR. HARTT:  This is Grover Hartt.  On the question of
8    appeal, we wanted to advise the Court, as we've advised
9    Mr. Greim last week, that we, the government, are considering
10   whether to take an appeal of the Court's decision on Count 2
11   with regard to the injunctive relief predicated, I guess,
12   really on the Court's adoption of the Z Street decision.  Where
13   we are in that process, as Mr. Greim is aware and perhaps the
14   Court as well, the government did file a notice of appeal in
15   the Z Street decision yesterday.  That notice is of a
16   protective nature because our process is somewhat multilayered
17   and has to culminate with a decision by the Solicitor General.
18   That final decision has not been made yet, so until it is,
19   whether the Z Street appeal is in fact going forward is
20   something that is not certain.
21            Particularly if it should, then it is certainly a lot
22   possible that we will file a notice of appeal in this case
23   because, as I'm sure the Court understands, we just think the Z
24   Street decision is mistaken and respectfully disagree with that
25   decision.

1        I'm hopeful since a lot of the analysis of this issue
2   was done before in the context of the Z Street case, which
3   Mr. Sergi and I are only involved with in a peripheral manner,
4   that a final decision as regards this case would be coming in
5   significantly less than the 60 days of timing we have to
6   appeal.
7        The other thing I can represent to the Court and to
8   the parties is that regardless of whether or what the decision
9   on the issue may be, we do anticipate filing an answer in this
10  case prior to the filing of our notice of appeal, if there is
11  one.
12           THE COURT:  Okay.  I'm just making some notes.
13           Okay.  So in light of what Mr. Hartt said, Mr. Greim,
14  what's your pleasure?
15           MR. GREIM:  Our pleasure, Your Honor, is just to move
16  forward with the case.  We, as Mr. Hartt indicated, we've had
17  some talks already about next steps.  In fact, we had two
18  different calls last week, and we have actually set a date for
19  a sort of a second initial discovery conference.  We actually
20  had one back in September of 2013, but obviously a lot has
21  happened since then.  So we have set August 8th for that, Your
22  Honor, at 10 a.m., we will confer, and then August 22nd is the
23  date on which we'll file a report of that conference.
24           THE COURT:  That's August 22nd you're going to file a
25  report?

```
 1            MR. GREIM:  Right.
 2            THE COURT:  Okay.  I'm sorry.  Go ahead.
 3            MR. GREIM:  And the last thing that we kind of wanted
 4  to do on scheduling was to see if we could go ahead and pin
 5  down a date now for a preliminary pretrial conference.  And I'm
 6  not sure how far out we have to work to get that, but I thought
 7  we should raise it today.
 8            THE COURT:  Hang on.  And my assistant, Vicki, is
 9  going to grab the calendar.
10       (Off-the-record discussion.)
11            THE COURT:  How soon after the preliminary pretrial
12  are you going -- or, yes, are you going to want -- I'm sorry,
13  how soon after the report is filed are you going to want a
14  preliminary pretrial conference?
15            MR. GREIM:  Starting with the plaintiffs, in my mind,
16  we were thinking as early as, you know, the last week of
17  August.  I know that's pretty fast and I kind of, frankly,
18  didn't expect that you would have time that soon.
19            THE COURT:  I'll be in Tuscany at my niece's wedding
20  that week.
21            MR. GREIM:  Okay.  Well, we can just call in and you
22  can --
23            THE COURT:  You can all come, if you'd like.  It's
24  going to be beautiful.
25            MR. GREIM:  Your Honor, I was there for my honeymoon,
```

```
 1   and I would like to go back some day.
 2              THE COURT:  Okay.  It's my first trip there, so I'm
 3   excited.  I'm not even -- I'm not back until the 3rd or the
 4   4th.  The 3rd, I guess, of September.
 5              So if you want to file it, you know, like, the
 6   beginning of September, that's fine, or late August.
 7              What about the government?
 8              I'm sorry, not -- I don't mean file it.  Set up a
 9   date.  Yes, we need to do that, then.
10              MR. HARTT:  This is Grover Hartt, Your Honor.
11              THE COURT:  Yes.
12              MR. HARTT:  In terms of a date for the pretrial
13   conference, in September I have -- I'm the lead counsel in a
14   refund suit involving about 120 million dollars.  We're right
15   now set for the last two weeks of September, and I understand
16   we may be picking up two days the week of the 15th now.  That's
17   still somewhat at the pleasure of the Court.  We also have, of
18   course, our various pretrial activities and things being due as
19   soon as September the 8th.
20              Bottom line is I'm sure I can squeeze in a date
21   sometime roughly the end of August time frame, maybe early
22   September, but that's going to be a very awkward time for me.
23              MR. GREIM:  Your Honor, this is the plaintiffs again,
24   Mr. Greim.  The only reason that we can see to kind of move
25   forward with this is that we think there might be one issue
```

1    that would require, you know, would help us all to have kind of
2    an early order.  We think there will be a need for a protective
3    order of some kind or other to govern discovery, and I just
4    think the sooner we get that issue before you, the better.
5             THE COURT:  Okay.  Well, I'm out of the country from
6    August 23rd to I come back on September the 3rd.
7             MR. GREIM:  Your Honor, we might -- this is Mr. Greim.
8    We might propose September the 5th.  I know that's squeezing
9    right into the gap there between Mr. Hartt's trial prep and
10   your getting back.
11            THE COURT:  Let me take a look at that.
12            How does that sound to you, Mr. Hartt?
13            MR. HARTT:  Your Honor, we're eager to try and, you
14   know, cooperate as far as quickly as we can.  If that's the
15   Court's pleasure, I'm sure we'll manage to find a way to do it.
16            Let me say one more thing, if I may, though, that's
17   partially germane to that.  Just so we're all clear, if we
18   should file the notice of appeal on the Z Street issue in Count
19   2 that I mentioned before, I think our position is that that
20   appeal basically would stay the activity in the case until it's
21   been resolved.
22            THE COURT:  Stays the activity in which case?
23            MR. HARTT:  If we appeal Count 2 --
24            THE COURT:  Okay.
25            MR. HARTT:  -- our theory is that that appeal, that's

```
 1    not the reason for the appeal, but the consequence of the
 2    appeal would be that further development of the case would be
 3    stayed until the Sixth Circuit made a decision.
 4              THE COURT:  Okay.  I can't remember, was Z Street --
 5    is Z Street the District Court or the D.C. Court of Appeals?
 6              MR. HARTT:  It's the D.C. District Court going up
 7    to --
 8              THE COURT:  District Court.  So you'd be in two
 9    different Circuits, then, on the issue.
10              MR. HARTT:  Well, yes.
11              THE COURT:  It's not inconceivable that we could have
12    contrary opinions.
13              MR. HARTT:  Well, I suppose so, Your Honor.  And I
14    suppose it's also possible that if we did appeal in this case,
15    we might get an answer from the Sixth Circuit before we had an
16    answer from the D.C. Circuit.
17              THE COURT:  How quickly does the D.C. Circuit rule?
18    What's their average?
19              MR. HARTT:  Well, they're up to full strength, Your
20    Honor.  I don't know, but I'm guessing they would be moving
21    through more rapidly than before.
22              The thing that makes the D.C. Circuit a little more
23    difficult to predict is that if they get another big case on
24    affordable healthcare, things like that, one or two of those
25    could occupy panel members who have been assigned to Z Street.
```

```
 1    I'm not trying to say --
 2            THE COURT:  No, I understand.
 3            MR. GREIM:  And, Your Honor, this is Mr. Greim.  I
 4    mean, just before we even reach that question, we think it's
 5    the important question of whether there is appellate
 6    jurisdiction, and I think it's likely the Z Street lawyers
 7    would be arguing no.  We might do the same.  And so there could
 8    be a little procedural flurry going on maybe in the courts of
 9    appeals before they take it up on the merits.
10            The other thing I'd throw out there is plaintiffs'
11    position certainly would be that the filing of a notice of
12    appeal would not remove jurisdiction from this Court or operate
13    as a stay on proceedings.  I know we're getting ahead.
14            THE COURT:  No, I contemplated; that's what I thought
15    you'd do.
16            All right.  Let's put something on the calendar, and
17    then if we have to change it, we can do that.
18         (Off-the-record discussion.)
19            THE COURT:  All right.  So let's do the 5th.  Then
20    that looks like the only day to do it.
21            All right.  What time on the 5th, gentlemen?
22    Actually, I've got stuff all morning.  We can rearrange.  Yes,
23    if you need the morning, we can rearrange that.
24            MR. GREIM:  Your Honor, this is Mr. Greim for
25    plaintiffs.  10 o'clock is as good a time as any.
```

```
 1              THE COURT:  Okay.  Does that work for you, Mr. Hartt
 2   and company?
 3              MR. HARTT:  Yes, Your Honor.
 4              THE COURT:  Is this going to be on the phone again?
 5              MR. GREIM:  Your Honor, Mr. Greim.  We would do
 6   whatever you'd prefer.  I mean, if it would be helpful to have
 7   us there, if we all flew in and went back to your one chambers
 8   that one time, we can do that, or we're happy to do it on the
 9   phone as well.
10              MR. HARTT:  Your Honor, for me personally, at least, a
11   telephone would be a big help because of the other things I've
12   got to be worrying about that weekend.  We could, I'm sure,
13   have someone else present on behalf of the government, so we
14   can work that out if the Court wants people to be physically
15   before the Court.
16              THE COURT:  Okay.  Hang on one second.
17       (Off-the-record discussion.)
18              THE COURT:  Counsel, okay, we can do it on the phone,
19   and how about 10 a.m.
20              And I do have a new -- well, I've updated my civil
21   trial procedures in the last couple months, so I would
22   recommend that you take a look at that before the conference.
23   It does say that before the preliminary pretrial in the normal
24   case I would like letters from each side, but I think I know
25   enough about this case that I don't need that.  And the letters
```

1   really pertain to settlement.
2           So we'll do the preliminary pretrial at ten.
3           You're going to have a call-in number, Vicki?
4           MS. PENLEY:  Yes.
5           THE COURT:  There will be a call-in number.
6           Anything else?
7           MS. FECHTEL:  No.
8           MS. PENLEY:  I have a question.
9           THE COURT:  Hang on one second.  Yes.
10          MS. PENLEY:  So just the people, the six or seven
11  people that's on now, will be participating.  Pierre won't be
12  and --
13          MS. FECHTEL:  I assume if a notice of appeal is filed,
14  and Mr. Greim already indicated that he would presumably oppose
15  any sort of stay, that we should keep the date for a status
16  conference, if nothing else, or, you know, keep the date
17  instead of preliminary pretrial if there's any dispute as to
18  whether the case is going forward; so unless the parties agree
19  that it's appealed and stayed, even if the notice of appeal is
20  filed, the date stays set.
21          THE COURT:  That was my intention.
22          MR. HARTT:  That makes sense to us too.
23          THE COURT:  Okay.
24          MR. HARTT:  Grover Hartt.
25          THE COURT:  There was one other thing we needed.

```
 1            MS. PENLEY:  I was going to ask --
 2            THE COURT:  And Mr. Bergeron, et al. won't be
 3   involved; is that correct?
 4            MR. GREIM:  Your Honor, this is Mr. Greim for the
 5   plaintiffs.  I don't believe they will be.
 6            THE COURT:  Okay. Okay. Fine. All right. We'll put
 7   on an order to this effect.
 8            Anything else, counsel?
 9            When is the Z Street time up?
10            MR. HARTT:  Well, the time to file the notice of
11   appeal was up yesterday.
12            THE COURT:  So that's why you filed the appeal.  I
13   thought it should be -- yes, I thought it should be pretty
14   soon.
15            MR. HARTT:  I said it was filed as a protective matter
16   pending decision by the SG.
17            I do have two other matters, when it's convenient.
18            THE COURT:  Okay, Mr. Hartt, go ahead.
19            MR. HARTT:  The first one concerns the date for the
20   filing of our answer.  We had asked for -- we understand that
21   we're to confer.  We had conferred with Mr. Greim yesterday
22   about our request for a 14-day extension to August the 14th,
23   and he responded later in the day that he is agreeable to seven
24   days.
25            THE COURT:  Take 14.  You know, I'm not going to
```

1  quibble about seven days.
2              MR. HARTT:  It would make it a lot easier.
3              THE COURT:  You won.  You won.  August 14th.
4              MR. HARTT:  All right.  That's fine.  We'll keep our
5  meeting on the 8th, though.
6              THE COURT:  I was going to say, listen, gentlemen, I
7  was a practitioner for 20 years and I know in the course of
8  things, especially in the history of this case, that at the end
9  of the day, seven more days are not going to make any
10 difference.
11             Okay.  Next issue.
12             MR. HARTT:  The other matter, Your Honor, is simply a
13 development I wanted to advise the Court of and plaintiffs'
14 counsel.
15             Shortly before our call began today, I received an
16 e-mail message from the man at chief counsel, our contact at
17 the Internal Revenue Service, forwarding to me an approval
18 letter the Service has given me to forward to Mr. Greim, which
19 I'm going to do, for the Americans Against Oppressive Laws.
20 It's one of the two plaintiffs that had pending (c)(4)
21 applications.  This letter which was dated September 16th, and
22 I've got --
23             THE COURT:  I'm sorry, it's dated when?
24             MR. HARTT:  I'm sorry.  July 16th.
25             THE COURT:  The 16th, okay.

```
 1               MR. HARTT:  I'm sorry for the confusion.
 2               THE COURT:  What was the party again?  Who was it for?
 3   Oh, Americans Against Oppressive Laws.  Okay.  I've got them.
 4               MR. HARTT:  Correct.  In any event, we'll forward that
 5   to Mr. Greim, but that basically is it's a form letter granting
 6   their application.  And our view of that would be that that
 7   takes care of the issue that continued to make them a viable
 8   plaintiff under that count.  We still have the other party
 9   which is the Texas Tea Party Patriots, if I've got the name
10   correct.
11               THE COURT:  Texas Patriots Tea Party, I think.
12               MR. HARTT:  Yes.
13               MR. GREIM:  Yes.  It's, Your Honor, the initials ought
14   to be TPTP for the other plaintiffs.  Mr. Greim.
15               THE COURT:  Okay.
16               MR. GREIM:  And if I could, just on what Mr. Hartt
17   said, again, this is Mr. Greim, we are aware that in another
18   case the Service has granted a couple letters to people who
19   are -- who have declaratory and injunctive relief counts, and
20   we are taking a look at the legal effect that has when it's
21   done during the litigation.  But we'll be interested to see the
22   letter and we'll look for that from Mr. Hartt.
23               THE COURT:  Okay.  Anything else, gentlemen?
24               MR. HARTT:  Not for the defendants, Your Honor.
25               THE COURT:  Okay.
```

```
 1           MR. GREIM:  Your Honor, that is all from the
 2   plaintiffs as well.
 3           THE COURT:  Okay.  Well, I guess I'm glad, Mr. Hartt,
 4   I don't have your other case, although I'm not sure.  I might
 5   be willing to take it.
 6           MR. HARTT:  It's pretty complex, Your Honor.
 7           THE COURT:  Where is it, D.C.?
 8           MR. HARTT:  No, it's here in Dallas before Judge
 9   Barbara Lynn.
10           THE COURT:  Okay.  Well, thank you all.  I appreciate
11   your help, and thanks for conferring ahead of time.  I
12   appreciate that.
13           MR. GREIM:  Thanks, Your Honor.
14           THE COURT:  Talk to you soon.  Thank you.  Bye-bye.
15           MR. HARTT:  Bye.
16       (Proceedings concluded at 2:27 p.m.)
17                             - - -
18
19                       C E R T I F I C A T E
20       I, Julie A. Wolfer, the undersigned, do hereby
21   certify that the foregoing is a correct transcript from the
22   record of the proceedings in the above-entitled matter.
23                           s/Julie A. Wolfer
                             Julie A. Wolfer, RDR, CRR
24                           Official Reporter
25
```