**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| NORCAL TEA PARTY PATRIOTS, et al., ) <br> ON BEHALF OF THEMSELVES, ) <br> THEIR MEMBERS, and THE CLASS ) <br> THEY SEEK TO REPRESENT, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> THE INTERNAL REVENUE SERVICE, et al., ) <br> ) <br> Defendants. ) <br> _____ ) | Case No. 1:13-cv-00341 <br><br> Chief Judge Susan J. Dlott |

**UNITED STATES' MOTION FOR PROTECTIVE ORDER TO
PREVENT DISCLOSURE OF NON-PARTY TAX RETURN INFORMATION**

The United States of America, through undersigned counsel, respectfully requests that this Court enter an order preventing disclosure of non-party tax returns and return information to plaintiffs.

**UNITED STATES' MEMORANDUM IN SUPPORT**

During the course of this litigation, and through class discovery, plaintiffs have sought information about third-parties who they argue are potential class members. At the March 3, 2015 Court conference, counsel for the plaintiffs stated that they seek disclosure of the names of the 298 applicants for tax exempt status who plaintiffs believe may be putative class members, the overwhelming majority of whom are not currently plaintiffs in this action. In addition to requesting disclosure of the names of the third party taxpayers, plaintiffs' counsel has stated that they believe that they are further entitled to the application files. This would mean disclosure of the financial information of hundreds of entities not represented by plaintiffs' counsel, some of whom plaintiffs' counsel acknowledges do not fit within their class definition, such as those with

"progressive" or "occupy" in their names.  Because of the expansive nature of the disclosure that plaintiffs seek and the impact that such disclosure would have on third parties who are not currently class members, not currently represented by plaintiffs' counsel, and may not even meet the class definition proposed by plaintiffs, the United States seeks this protective order. Federal law prohibits the United States from disclosing tax payer information absent a specific legal provision permitting such discourse. *See* 26 U.S.C. § 6103.  There is no provision of 26 U.S.C. § 6103 permitting the United States to disclose third party taxpayer information to plaintiffs in this case.   On the contrary, such disclosures would undermine the very confidentiality that the statute is designed to ensure.  Accordingly, the United States requests that the Court enter an order preventing disclosure of non- party tax returns and return information to plaintiffs.

I.	26 U.S.C. § 6103 broadly prohibits the disclosure of taxpayer returns and return information.

Improper disclosure of tax information is a serious matter involving civil and, potentially, criminal liability, under 26 U.S.C. § 7431 and 26 U.S.C. § 7213, respectively.[1] "Section 6103 of the Internal Revenue Code lays down a general rule that 'returns' and 'return information' as defined therein shall be confidential." *Church of Scientology of California v. Internal Revenue Service*, 484 U.S. 9, 10 (1987); *accord Messinger v. United States*, 769 F. Supp. 935, 939 (D. Md. 1991); see 26 U.S.C. § 6103(a) (1994).  More specifically, under this provision of the Internal Revenue Code –

> (a) GENERAL RULE.-- Returns and return information shall be confidential, and except as authorized by this title --
>
> (1) no officer or employee of the United States,
>
>  \*   \*   \*   \*

---

[1] Indeed, in this very case, Count III of plaintiffs' Second Amended Class Action Complaint seeks damages for the alleged unlawful inspections or disclosures of tax return information.

>shall disclose any return or return information obtained by him in any manner in connection with his service as such an officer or an employee or otherwise or under the provisions of this section. For purposes of this subsection, the term "officer or employee" includes a former officer or employee.

26 U.S.C. § 6103(a)(1). Subsection (b) of the statute provides the definitions of "return" and "return information." The statute states "return information" includes:

>a taxpayer's identity, the nature, source, or amount of his income, payments, receipts, deductions, exemptions, credits, assets, liabilities, net worth, tax liability, tax withheld, deficiencies, overassessments, or tax payments, whether the taxpayer's return was, is being, or will be examined or subject to other investigation or processing, or any other data, received by, recorded by, prepared by, furnished to, or collected by the Secretary with respect to a return or with respect to the determination of the existence, or possible existence, of liability (or the amount thereof) of any person under this title for any tax, penalty, interest, fine, forfeiture, or other imposition or offense,* * *.

26 U.S.C. § 6103(b)(2)(a). This subsection "broadly defines 'return information.'" *Snider v. United States*, 438 F.3d 500, 506 (6th Cir. 2006). Plaintiffs seek the names of other applicants for tax-exempt status, whom plaintiffs claim as a part of their putative class, as well as the files related to those other organizations' applications. Because that information has been collected by the Internal Revenue Service in determining whether those organizations are liable to be taxed, it falls squarely within the definition of "return information."

In addition to setting forth the general rule that returns and return information are to be kept confidential, the statute then continues through thirteen subsections to detail the limited conditions and circumstances under which disclosures can be made, as well as the parties who can receive them. 26 U.S.C. § 6103(c)-(o). None of those provisions authorize the disclosures sought by plaintiffs.

3

II.     Disclosure of tax return information in the context of a judicial proceeding is permitted only in limited circumstances, none of which are present here.

As described above, 26 U.S.C. § 6103 prohibits the disclosure of tax return information unless there is a specific provision permitting disclosure.  The two provisions at issue in discovery are subsections (h)(2) and (h)(4) of section 6103.  The former deals with disclosure to the Department of Justice and the latter with disclosures in the context of judicial proceedings.  While both subsections are structured similarly in that each sets forth what are known as the party test, the item test, and the transaction test, there is a significant difference in the language.  This difference makes it clear that the Department of Justice can receive return information that the statute prohibits it from disclosing in a court proceeding.

The party test appears in subsections (h)(2)(A) and (h)(4)(A).  Return information may be disclosed to the Department of Justice employees "personally and directly engaged in, and solely for their use" in court proceedings "but only if…the taxpayer *is or may be* a party to the proceeding" or if the proceeding arose out of or in connection with determining or collecting the taxpayer's liability.  26 U.S.C. §6103(h)(2)(A) (emphasis added).  Return information may be disclosed in court, however, "only…if the taxpayer *is* a party to the proceeding," or if the proceeding arose out of or in connection with determining or collecting the taxpayer's liability.  26 U.S.C. §6103(h)(4)(A)(emphasis added).  Under the party test, therefore, the only return information which can be disclosed in this proceeding is that of the named plaintiffs.

The item test in 26 U.S.C. §6103(h)(4)(B), which permits disclosure of a return "if the treatment of an item reflected on such return is directly related to the resolution of an issue in the proceeding" is also inapplicable.  This would come into play, for example, in the instance of a pass-through entity – a subchapter S corporation or partnership – where the treatment of a deduction by the pass-through entity has a direct relationship with the shareholder's or partner's

4

tax liability.  *See* S. Rep. No. 94-938, at 325 (1976).  There is no comparable relationship between an item on one of the plaintiffs' returns and an item on a putative class member's return.

Likewise, under the transaction test, information may be disclosed in a court proceeding only "if [the taxpayer's] return or return information *directly relates* to a transactional relationship between a person who is a party to the proceeding and the taxpayer which *directly affects* the resolution of an issue in the proceeding."  26 U.S.C. §6103(h)(4)(C)(emphasis added).  An example of this would be disclosing information about a buyer's treatment of an item to determine consistency with the treatment of the same item by its seller.  *See* S. Rep. No. 94-938, at 325 (1976).

In reviewing section 6103, the Court of Federal Claims has found that the legislative history established that Congress intended that two separate requirements be met before returns or return information may be disclosed under subsection 6103(h)(4)(B) or (C).  *Vons Companies, Inc. v. United States*, 51 Fed. Cl. 1, 17 (2001).

> First, in order to qualify as "related information, either an item reflected on a return must be related to the resolution of an issue in the proceeding (the "item test") or there must exist a transactional relationship between a party and the taxpayer (the "transaction test").  And then to be "directly" related, there must be a "direct relationship" between the information and the resolution of an issue in the proceedings. [Citation omitted.]  Critically, for our purposes, these [legislative] committee reports, both by way of explanation and example, attest that neither the "item test" nor the "transaction test" are met when the only link between the taxpayer seeking the information and the third party is that, owing to unrelated tax events, both taxpayers claimed the same tax treatment for a similar item of income, deduction or credit. [Footnote omitted.]

*Id*.  This is the very situation here.  The only link between the plaintiffs here and other section 501(c)(4) applicants is that they all applied for the same tax exempt treatment, and that is not enough to meet the test.  What plaintiffs are attempting here is analogous to what the taxpayer

attempted in *3K Investment Partners v. Commissioner*, 133 T.C. 112 (2009).  There, a partnership had been formed as part of a tax shelter. *Id*. at 113.  The petitioner moved to compel the Internal Revenue Service to produce redacted copies of all the opinion letters it had collected regarding similar shelters, as well as a list of the names and addresses of all law firms and accounting firms of which the Service was aware that had issued opinion letters regarding similar shelters. *Id.*  The Tax Court declined to compel production, holding that the requested materials were all return information under 26 U.S.C. § 6103(b) and were therefore exempt from disclosure. *Id.* at 120-21.  *See also Landmark Legal Foundation v. Internal Revenue Service*, 267 F.3d 1132, 1136-38 (D.C. Cir. 2001)(holding third party requests for audits of tax exempt organizations and the identities of those requestors were return information under 26 U.S.C. §6103(b)(2)).

III. Disclosure of return information to Congress does not alter the analysis.

Plaintiffs' counsel have signaled their view that disclosure of return information to Congress alters the § 6103 analysis. However, there is no support for the proposition that return information, once released to Congress, loses the confidentiality protections of section 6103 and can be disclosed . The only authority in this circuit on subsequent disclosures of lawfully disclosed return information is extremely narrow, holding that once return information enters the public domain through the filing of a tax lien, "it loses its confidentiality and is not protected by Section 6103 if republished by the Internal Revenue Service for tax administration purposes." *Rowley v. United States*, 76 F.3d 796, 801 (6th Cir. 1996).  In so holding, the court of appeals rejected a broader view that return information publicly disclosed in the course of a court proceeding was no longer protected by section 6103, *Lampert v. United States*, 854 F.2d 335, 338 (9th Cir. 1988), as well as narrower views that have found section 6103 provides no exception for subsequent disclosure of return information already in the public domain. *Rodgers*

*v. Hyatt*, 697 F.2d 889, 904-06 (10th Cir. 1983); *Mallas v. United States*, 993 F.2d 1111, 114-15 (4th Cir. 1993); *Johnson v. Sawyer*, 120 F.2d 1307, 1322-24 (5th Cir. 1997). Moreover, 26 U.S.C. § 6103(f), which authorizes disclosures of returns and return information to Congress, does not authorize further disclosures of information received under that provision. *Breuhaus v. Internal Revenue Service*, 1979 WL 1329 (W.D.N.Y. Mar. 13,1979), *aff'd* 609 F.2d 80 (2d Cir. 1979).

IV. The prohibitions of section 6103 cannot be overcome solely through redaction of taxpayer names and other identifying information.

Return information does not lose its confidentiality protection merely by removing identifiers from it. *Church of Scientology of California*, 484 U.S. at 15. Return information can be disclosed, however, if it is reformulated into a statistical format or a compilation where an individual taxpayer's information cannot be associated with, or otherwise identify that taxpayer. *Id.* at 17; *Long v. United States Internal Revenue Service*, 395 Fed. Appx. 472, 474-75 (9th Cir. 2010); 26 U.S.C. § 6103(b)(2). As a result, the return information of third-party applicants for tax-exempt status cannot be made available to plaintiffs merely by removing identifying information.

V. Plaintiffs' reason for disclosure is not authorized by the statute.

Although plaintiffs want this return information in order to identify other potential class members, they cannot simply circumvent the very statute they allege was violated. While section 6103 contains a series of subsections spelling out the limited circumstances under which disclosures can be made, *see* 26 U.S.C. §6103(c)-(o), not one of those provisions allows for disclosure to plaintiffs who are seeking other plaintiffs for a potential class action. Just because it might be easier to get a list of potential plaintiffs from the IRS is not grounds for disregarding the confidentiality provisions of the statute. Congress enacted section 6103 to provide expansive

protection to taxpayer returns and return information. Accordingly, Congress could not have intended that a party could get the return information of other taxpayers, without their consent or knowledge, merely by asserting that they *might* be class members. Indeed, such an argument appears ripe for abuse: the mere allegation that a class exists should not give carte blanche to ransack the private return information of unsuspecting taxpayers.

Moreover, plaintiffs are not without other means of identifying other potential plaintiffs. For example, the website for plaintiff NorCal Tea Party Patriots links to the website SueTheIRS.com, which, in turn, references this action and seeks additional plaintiffs to join it. Although plaintiffs have declined to answer discovery about the nature and extent of their relationship with this other website, they could ask anyone who has responded to the site, or to other solicitations for class members, to provide a waiver under 26 U.S.C. §6103(c), which would allow the United States to release that entity's tax return information to plaintiffs' counsel. By letters dated September 16, 2014 and February 27, 2015, we have provided plaintiffs with proposed language for such waivers. To date, plaintiffs' counsel has not provided the United States with any completed waivers.

## CONCLUSION

The provisions and protections afforded by 26 U.S.C. 6103 of the Internal Revenue Code permeate this case. As the plaintiffs' claims in this case demonstrate, Congress, through section 6103, has mandated the protection of taxpayer return information and given taxpayers legal redress against the United States should an improper disclosure occur. This Court, in its ruling on the United States' Motion to Dismiss, has already indicated the skepticism shared by other courts regarding the viability of plaintiffs' claim for damages for violation of section 6103. *See* Doc. 102 at 22-23; *see also Linchpins of Liberty, et al., v. United States, et al.*, No. 13-777 (RBW), 2014 WL 5395196 at *9 (D.D.C. Oct. 23, 2014)(finding plaintiffs failed to state a claim

because section 6103 prohibits the unauthorized inspection and/or disclosure of return information but does not address how the IRS collects information); *True the Vote, Inc. v. Internal Revenue Service, et al.*, No. 13-734 (RBW), 2014 WL 5395036 at *9-10 (D.D.C. Oct. 23, 2014)(same); *Freedom Path, Inc. v. Lois Lerner, et al.*, No. 3:14-cv-1537-D, 2015 WL 770254 at *14 (N.D. Tex. Feb. 24, 2015)(finding plaintiff's allegations were too threadbare to state a claim because they did not identify what information was allegedly disclosed or inspected, to or by whom, under what circumstances, and how the inspection or disclosure violated section 6103).  And the burden under 26 U.S.C. § 7431 is so fact specific – a plaintiff must show what tax information was disclosed, who disclosed it, the person to whom it was disclosed, and when – that it is not a statute well-suited for a class action.  In light of this, it would be a dangerous precedent to permit these or any other plaintiffs to obtain the return information of third parties, merely to ascertain whether they might possibly be potential plaintiffs.  For this and the reasons detailed above, the United States' motion for protective order should be granted.

DATED: March 6, 2015                              Respectfully submitted,

CAROLINE D. CIRAOLO
Acting Assistant Attorney General
Tax Division

s/ Joseph A. Sergi
JOSEPH A. SERGI (DC 480837)
Senior Litigation Counsel
U.S. Department of Justice, Tax Division
555 4th Street, N.W., JCB 7207
Washington, D.C.  20001
(202) 305-0868; (202) 307-2504 (FAX)
Joseph.A.Sergi@usdoj.gov

JENNIFER D. AUCHTERLONIE (WA 29481)
LAURA C. BECKERMAN (CA 278490)
LAURA M. CONNER (VA 40388)
JEREMY N. HENDON (OR 982490)
MARISSA  R. MILLER (CO 47214)
GERALD A. ROLE (IL 6198922)
Trial Attorneys
U.S. Department of Justice, Tax Division
555 4th Street, N.W.
Washington, D.C.  20001
(202) 514-2000

Of Counsel:
CARTER M. STEWART
United States Attorney
MATTHEW J. HORWITZ (OH 0082381)
Assistant United States Attorney
221 East Fourth Street, Suite 400
Cincinnati, Ohio 45202
(513) 684-3711
Matthew.Horwitz@usdoj.gov

ATTORNEYS FOR THE UNITED STATES

12458211.1

**CERTIFICATE OF SERVICE**

  I hereby certify that on March 6, 2015, I caused the UNITED STATES' MOTION FOR PROTECTIVE ORDER TO PREVENT DISCLOSURE OF NON-PARTY TAX RETURN INFORMATION in the above-captioned matter to be served by filing the same with the United States District Court for the Southern District of Ohio via the Court's CM/ECF system, which will electronically transmit true and correct copies to all counsel of record.

            /s/ Gerald A. Role
            GERALD A. ROLE