IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| NorCal Tea Party Patriots, et al., | : | |
| | : | Case No. 1:13-cv-341 |
| Plaintiffs, | : | |
| | : | Judge Susan J. Dlott |
| v. | : | |
| | : | Order Compelling Discovery |
| The Internal Revenue Service, et al., | : | |
| | : | |
| Defendants. | : | |

This matter is before the Court on the United States' Motion for Protective Order to Prevent Disclosure of Non-Party Tax Return Information (Doc. 141) and Plaintiffs' Motion to Discover the Identity of the Putative Class (Doc. 142).[1]  For the reasons that follow, the Court will deny a protective order and compel limited discovery.

I.  BACKGROUND

This lawsuit was filed by ten Plaintiffs, organizations "comprised of individual citizens who have joined together to exercise their rights to freedom of speech and expression" and who share a philosophy of "dissent from the policies or ideology of the Executive Branch of the United States Government under its current Administration."  (Doc. 114 at PageID 1983.) Plaintiffs refer to themselves, and the members of the class which they seek to represent, as "dissenting groups."  (*Id.*)  Plaintiffs allege that Defendants—the United States,[2] the Internal Revenue Service ("IRS"), and individual IRS officers and employers—subjected the dissenting groups, on the basis of their beliefs, to delays and intrusive scrutiny during the tax-exempt status application process.  (*Id.* at PageID 1983–84.)

---

[1]  Plaintiffs captioned their motion as "Brief in Support of Discovering the Identity of the Putative Class," but it is treated as a motion on the court docket and has been re-captioned here to reflect that fact.

[2]  Plaintiffs substituted the United States of America for the Department of the Treasury as a named Defendant on October 7, 2014.  (Doc. 114 at PageID 1983).

Plaintiffs filed the Second Amended Class Action Complaint on January 23, 2014 and then filed a corrected version on October 7, 2014.  Plaintiffs asserted three substantive causes of action:

> Count One:  Violation of the Privacy Act, 5 U.S.C. § 552;
>
> Count Two:  Violations of the First and Fifth Amendments to the United States Constitution; and
>
> Count Three: Violation of 26 U.S.C. § 6103, a statute which protects the confidentiality of tax return information.

(*Id.* at PageID 2034–48.)  Plaintiffs also sought to certify a class that would include generally "all dissenting groups targeted for additional scrutiny by the IRS from January 20, 2009 through July 15, 2013."  (*Id.* at PageID 2049.)

Defendants moved to dismiss the Second Amended Class Action Complaint.  (Doc. 177.)  In an Order dated July 17, 2014, the Court dismissed all claims alleged against individual IRS officers and employees.  (Doc. 102.)  The Court also dismissed the Privacy Act claim against the United States and the IRS (collectively, "the Government").  The Court allowed the claims against the Government for constitutional violations and violations of § 6103 to go forward.  (*Id.* at PageID 1657, 1678.)

The parties currently are engaging in discovery related to class certification.  As the Court understands the parties' positions to date, Plaintiffs will seek to certify a class consisting largely or exclusively of organizations identified on a list of 298 applicants for tax-exempt status provided by the IRS to the Treasury Inspector General for Tax Administration ("TIGTA").  The current dispute concerns whether the Government can and must produce discovery about the putative class member organizations to Plaintiffs.  The Government contends that it cannot provide discovery obtained from or based upon the putative class member organizations' tax

returns or tax return information because that information is shielded from disclosure by 26 U.S.C. § 6103.

## II.     26 U.S.C. § 6103

Internal Revenue Code § 6103 protects the confidentiality of tax returns and tax return information. 26 U.S.C. § 6103(a). The wrongful disclosure of returns and return information can be punishable as criminally or civilly. 26 U.S.C. §§ 7213, 7431. The terms "return" and "return information" are defined broadly. 26 U.S.C. § 6103(b). A "return" is defined as follows:

> any tax or information return, declaration of estimated tax, or claim for refund required by, or provided for or permitted under, the provisions of this title which is filed with the Secretary by, on behalf of, or with respect to any person, and any amendment or supplement thereto, including supporting schedules, attachments, or lists which are supplemental to, or part of, the return so filed.

26 U.S.C. § 6103(b)(1). "Return information" is defined in relevant part as follows:

> (A) a taxpayer's identity, the nature, source, or amount of his income, payments, receipts, deductions, exemptions, credits, assets, liabilities, net worth, tax liability, tax withheld, deficiencies, overassessments, or tax payments, whether the taxpayer's return was, is being, or will be examined or subject to other investigation or processing, or any other data, received by, recorded by, prepared by, furnished to, or collected by the Secretary with respect to a return or with respect to the determination of the existence, or possible existence, of liability (or the amount thereof) of any person under this title for any tax, penalty, interest, fine, forfeiture, or other imposition, or offense[.]

26 U.S.C. § 6103(b)(2). Pursuant to the Haskell Amendment, the term "return information" does not include "data in a form which cannot be associated with, or otherwise identify, directly or indirectly, a particular taxpayer." *Id.*

Two statutory exceptions to the confidentiality protection contained in § 6103(a) have been relevant to the parties' discovery disputes.

3

A.    **Disclosure to the Department of Justice Exception**

Subsection 6103(h)(2) provides for the disclosure of returns and return information to Department of Justice officials in civil suits as follows:

> In a matter involving tax administration, a return and return information shall be open to inspection by or disclosure to officers and employees of the Department of Justice (including United States attorneys) personally and directly engaged in . . . any proceeding before . . . any Federal or State court, but only if--
>
> (A) the taxpayer is or may be a party to the proceeding, or the proceeding arose out of, or in connection with, determining the taxpayer's civil or criminal liability, or the collection of such civil liability in respect of any tax imposed under this title;
>
> (B) the treatment of an item reflected on such return is or may be related to the resolution of an issue in the proceeding or investigation; or
>
> (C) such return or return information relates or may relate to a transactional relationship between a person who is or may be a party to the proceeding and the taxpayer which affects, or may affect, the resolution of an issue in such proceeding or investigation.

26 U.S.C. § 6103(h)(2); *see also* Internal Revenue Manual 11.3.22.12.1 ("The IRS may disclose returns and return information" to Department of Justice officials engaged in "preparation for a proceeding . . . before . . . any Federal or State court" so long as the "treatment of the item reflected on such return is or may be related to the resolution of an issue in the proceeding or investigation.").

B.    **Disclosure in Judicial and Administrative Tax Proceedings Exception**

Subsection 6103(h)(4) provides a more narrow exception for disclosure of tax returns and return information in judicial and administrative proceedings related to tax administration in certain circumstances:

> A return or return information may be disclosed in a Federal or State judicial or administrative proceeding pertaining to tax administration, but only--
>
> (A) if the taxpayer is a party to the proceeding, or the proceeding arose out of, or in connection with, determining the taxpayer's civil or criminal liability, or the

4

collection of such civil liability, in respect of any tax imposed under this title[—the "party test"];

(B) if the treatment of an item reflected on such return is directly related to the resolution of an issue in the proceeding[—the "item test"];

(C) if such return or return information directly relates to a transactional relationship between a person who is a party to the proceeding and the taxpayer which directly affects the resolution of an issue in the proceeding[—the "transaction test"]; or

(D) to the extent required by order of a court pursuant to section 3500 of title 18, United States Code, or rule 16 of the Federal Rules of Criminal Procedure, such court being authorized in the issuance of such order to give due consideration to congressional policy favoring the confidentiality of returns and return information as set forth in this title.

However, such return or return information shall not be disclosed as provided in subparagraph (A), (B), or (C) if the Secretary determines that such disclosure would identify a confidential informant or seriously impair a civil or criminal tax investigation.

26 U.S.C. § 6103(h)(4).

### III. ANALYSIS

#### A. Discovery Requested

The parties did not succinctly define the scope of their dispute in their written briefs. Plaintiffs stated that the Government has not responded to Plaintiffs' Second through Sixth Requests for Production of Documents ("RFPs") (Doc. 142-1 at PageID 2531–86; Doc. 142 at PageID 2520.) The Government asserted that answering the RFPs would have required them to produce the tax-exempt status application files of the putative class member organizations to Plaintiffs in violation of 26 U.S.C. § 6103(a). (Doc. 141 at PageID 2507.) Plaintiffs denied that they sought the tax-exempt status application files of the putative class member organizations. (Doc. 142 at PageID 2519–20.) Instead, they stated that they sought to obtain the names of the putative class member organizations from "spreadsheets or 'case listings' that were specifically

5

created by the IRS to collect and track these groups." (Doc. 142 at 2520; Doc. 144 at PageID 2616.)

At the oral argument held on March 24, 2015, Plaintiffs narrowed the scope of their requests. They sought responses to three requests for production:

> 56. Please produce all charts, lists, spreadsheets, or indexes of groups who had their Applications for Tax Exemption selected or flagged by the IRS for heightened review based on the Emerging Issues tab of the BOLO.
>
> 63. Please produce the document titled "501c4 Cases for TIGTA(1).xls," which the IRS sent to TIGTA on June 11, 2012.
>
> 64. Please produce the document titled "Advocacy Case Tracking Sheet 06052012.xls," which the IRS sent to TIGTA on June 11, 2012.

(Doc. 142 at PageID 2520.) They also requested that the Government authenticate, or respond that it cannot authenticate, the so-called "USA Today" document referenced as Exhibit B in CM/ECF Doc. 142 and filed at CM/ECF Doc. 142-2 at PageID 2588–99. The Government again objected to the narrowed discovery requests on the basis that responding would require them to violate § 6103(a). Both parties agree that the discovery Plaintiffs seeks qualifies as "return information" pursuant to § 6103(b)(2).

**B.     Application of the "Item Test"**

The Supreme Court has instructed that § 6103(a) "lays down a general rule that 'returns' and 'return information' as defined therein shall be confidential." *Church of Scientology of Cal. v. I.R.S.*, 484 U.S. 9, 10 (1987). The mere redaction of information identifying a particular taxpayer from a return or from return information does not deprive the return or return information of confidentiality protection. *Id*. at 18.

Plaintiffs allege that the information they seek is discoverable pursuant to the "item test" exception contained in § 6103(h)(4)(B). "Section 6103(h)(4)(B) permits the disclosure of third party returns and return information where the item on the third party's return directly relates to

6

the elements for defending or proving the civil cause of action or crime at issue in the tax proceeding but not [for] things such as impeaching a witness' creditability." Chief Counsel Advisory, IRS CCA 201250020, 2012 WL 6217390 (Dec. 14, 2012) (emphasis added).[3] The issue to which to the return or return information relates need not be limited to matters concerning the taxpayer's tax liability despite that suggestion in the legislative history. *See Tavery v. U.S.*, 32 F.3d 1423, 1429–30 (10th Cir. 1994).[4] "Nowhere does *the statute* limit disclosure to instances where taxpayer liability is in issue and the disclosed information relates thereto." *Id.* at 1429–30 (emphasis added). The information to be disclosed also need not be directly related to every issue in a proceeding, but only to one issue. *See Lebaron v. U.S.*, 794 F. Supp. 947, 952 (C.D. Cal. 1992). The item must "affect the resolution or be germane to an element of the claim," but it need not be dispositive of the issue. Chief Counsel Advisory, IRS CCA 201250020. Plaintiffs assert that the spreadsheets and case listings they seek are directly related to the issue of class certification.

The Government responds that the information Plaintiffs seek is not discoverable for two related reasons. First, the Government asserts that § 6103(h)(4)(B) should be strictly construed. The Government asserts that a discoverable "item reflected on such return" by definition must be information provided by the taxpayer and filed with the IRS. *See* 26 U.S.C. § 6103(b)(1). The statute states that "*return and return information* can be disclosed[,]" but only "if the *treatment of an item reflected on such return* is directly related to the resolution of an item in the

---

[3] The advisory opinion includes a reference to 26 U.S.C. § 6110(j)(3) and a disclaimer that the opinion should not be used or cited as precedent. Section 6110 does not contain a subsection (j)(3). However, a different subsection of the statute states that "a written determination may not be used or cited as precedent." 26 U.S.C. § 6110(k)(3). The Court does not cite the advisory opinion as precedent. However, the advisory opinion is cited for its well-reasoned analysis.

[4] A Senate Report stated that "[t]he disclosure of a third party return in a tax proceeding (including the United States Tax Court) will be subject to the same item and transaction tests described above, except that such items and transactions must have a direct relationship to the resolution of an issue of the *taxpayer's liability*." S. Rep. No. 938, 94th Cong., 2d Sess. 326 (1976), *reprinted in* 1976 U.S.Code Cong. & Admin.News 3439, 3755 (emphasis added).

proceeding." 26 U.S.C. § 6103(h)(4)(B) (emphasis added). The Government relies on a 2012 decision by the Federal Circuit in support of its narrow interpretation of § 6103(h)(4)(B). The court stated that § 6103(h)(4)(B) analysis should be focused on "the relevance of the treatment of the item on the return being sought to the issue in the proceeding" and not on "the relevance of the 'return information' sought to the issue in the proceeding." *In re U.S.*, 669 F.3d 1333, 1340 (Fed. Cir. 2012). The Federal Circuit explained that "the phrase 'reflected on such return' is properly understood as referring to what is shown on the face of the return submitted by the taxpayer whose 'return or return information' is being sought." *Id.* at 1339–40. The information Plaintiffs seek falls into the category of "return information" because it is information collected or generated by the IRS. *See* 26 U.S.C. § 6103(b)(1). Applying *In re United States*, the Government asserts that Plaintiffs erred by focusing on whether the return information of the putative class member organizations—as opposed to the treatment of an item reflected on a return—is directly related to an issue in this case.

Second, the Government contends that the IRS's handling of putative class member organizations tax exempt status applications, in fact, is not "directly related" to an issue in the present case. The Federal Circuit in the *In re United States* case addressed a split in other circuit courts of appeal whether the "directly related" requirement is met when a party seeks to discover the tax treatment of similarly situated third parties. 669 F.3d at 1337 (comparing, *inter alia*, *Shell Petroleum, Inc. v. U.S.*, 47 Fed. Cl. 812, 817–19 (2000) (using the Federal Rules of Evidence "as a helpful guide" to broadly construe § 6103(h)(4)(B) to allow discovery of tax treatment of similarly situated third parties), *with Vons Cos., Inc. v. U.S.,* 51 Fed. Cl. 1 (2001) (relying exclusively on legislative history to narrowly construe § 6103(h)(4)(B) to deny discovery for similarly situated third parties)). The Federal Circuit relied on the legislative

8

history to conclude that the "item test" exception should be narrowly interpreted to preclude discovery of a third party's tax return information. *Id.* at 337–39.  "[T]he treatment of an item on a third party's return is not related, never mind directly related, to the resolution of a taxpayer's issue when the only link between the third party and taxpayer is the same tax treatment for a similar item of liability, income, deduction, or credit." *Id.* at 339.  Based on this understanding of the "item test" exception, the Federal Circuit refused to allow a taxpayer, who had been assessed an excise tax based on audit results, to discover the audit results of non-party taxpayer entities who were similarly audited. *Id.* at 1334.  The Government contends that the IRS's treatment of the third party organizations who applied for tax exempt status is not directly related to the treatment of Plaintiffs' applications.

      Not all authorities have interpreted the "item test" in § 6103(h)(4)(B) as narrowly as the Federal Circuit did in *In re United States*.  Instead, they have read the introductory clause of § 6103(h) permitting return or return information to be disclosed into the "item test" of § 6103(h)(4)(B) to permit disclosure when return information is directly related to an issue in the judicial proceeding.  For example, the Tenth Circuit applied the "item test" by asking whether the treatment of an item reflected in return information was related to an issue in the tax administration proceeding.  *See Tavery*, 32 F.3d at 1429–30. The court in *Tavery* found that the Government was permitted to disclose the tax return information of a criminal defendant's wife because her return information was directly related to the issue of whether the criminal defendant was indigent and entitled to have counsel appointed.  *Id.* at 1430.  Similarly, the Court of Federal Claims applied the "item test" to permit discovery after observing that "the requested return information would resolve this tax administration matter." *Confidential Informant 92-95-932X*

9

*v. U.S.*, 45 Fed. Cl. 556, 559 (Fed. Cl. 2000). The courts in both cases analyzed whether return information was directly related to an issue in the judicial proceedings.

Non-judicial authorities also have broadly applied the "item test." The IRS Chief Counsel stated in an advisory opinion that information about "unrelated but similarly situated taxpayers" could be disclosed pursuant to the "item test" if it "directly relate[s] to proving an issue in the specific case in question." Chief Counsel Advisory, IRS CCA 201250020. The IRS Chief Counsel further suggested that "directly related" standard can be satisfied by items on return information, not simply by items on a return itself. "[E]ven though the documents in this case are not items from a tax return, there is other return information, such as the extrinsic evidence in the documents, that may provide pattern evidence that satisfies the 'item test' if directly related to the resolution of an issue in the proceeding." *Id.* The IRS Chief Counsel also instructed in a published reference guide that disclosure of return information was authorized "*where the item on the third party's return or return information* directly relates to the elements for defending or proving the civil cause of action or crime at issue in the tax proceeding." (Disclosure & Privacy Law Reference Guide, IRS Chief Counsel, Proc. & Admin., (Rev. 10-2012), Doc. 144-1 at PageID 2733 (emphasis added).)[5] Similarly, a leading treatise states that documents constituting third party return information can satisfy the "item test" if the documents directly relate to an element to be proven in the case. 14 Mertens Law of Fed. Income Tax'n § 50:87.

Finally, *In re United States*, and the *Vons Companies* decision upon which it relies, are distinguishable in material respect because they are not putative class actions. Those decisions do not address the application of the "item test" exception when the return information of third

---

[5] The Court is aware that the Disclosure & Privacy Guide advises its readers to use the guide for reference only and not to cite the guide as authority for a legal position. (Doc. 144-1 at 2628.) However, the Court finds the analysis in the guide to be instructive.

parties might directly relate to the issue of whether those third parties can be joined as class members in a class action.

The Court concludes that the return information sought is directly related to the issue of class certification in this federal court proceeding. The names of the putative class member organizations and their control dates— the date which the putative class member organizations submitted their applications for tax exempt status to the IRS—are directly related to the issue of class certification. Plaintiffs seek the return information of the putative class members to prove to the Court that the Federal Rule of Civil Procedure 23(a) and 23(b) requirements such as typicality, commonality, and whether the IRS acted on a grounds that applied generally to the putative class are satisfied.

**IV. CONCLUSION**

For the foregoing reasons, the Government's Motion for a Protective Order (Doc. 141) is **DENIED** and Plaintiffs' Motion to Discover (Doc. 142) is **GRANTED**. The Court orders the Government to respond to requests for production 56, 63, and 64. The Court further orders the Government to authenticate, or respond that it is unable to authenticate, the so-called "USA Today" document referenced as Exhibit B in CM/ECF Doc. 142.

IT IS SO ORDERED.

                                                   ____s/Susan J. Dlott_____
                                                   Judge Susan J. Dlott
                                                   United States District Court