# Exhibit B – Proposed Direct Mail

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO

# NOTICE OF PENDENCY OF CLASS ACTION LAWSUIT

*A court authorized this notice. This is not a solicitation from a lawyer.*

A Court has allowed, or "certified," a class action against the IRS. The IRS's records show that you may be a member of the class. This notice explains your legal rights and options that you may exercise before the Court holds a trial to determine the merits of the claims. The Honorable Judge Susan J. Dlott of the United States District Court for the Southern District of Ohio is overseeing this class action. The lawsuit is known as *NorCal Tea Party Patriots v. Internal Revenue Service,* Civil Action No. 1:13-cv-00341.

## WHO'S AFFECTED?

You are a "class member," and your rights may be affected, if you fall within the following description:

> All entities that, at any time from February 1, 2010 to June 30, 2013, filed an Application for Recognition of Tax Exemption with the IRS under 26 U.S.C. §§ 501(c)(3) or 501(c)(4) and had their application flagged by the IRS as an "Advocacy" case using the criteria: (a) "Tea Party," "Patriots" or "9/12 Project"; (b) government spending, government debt or taxes; (c) education of the public by advocacy or lobbying to "make America a better place to live"; or (d) criticism of how the country is being run.



## WHAT'S THIS ABOUT?

This lawsuit claims that the IRS unlawfully discriminated and retaliated against certain groups in the course of processing their Applications for Tax-Exemption under 26 U.S.C. §§ 501(c)(3) or 501(c)(4). On behalf of the class, the lawsuit claims that the IRS violated the taxpayer privacy statute, 26 U.S.C. § 6103, by repeatedly inspecting class members' tax information without a lawful tax administration purpose, as required. The taxpayer privacy statute provides a taxpayer $1,000.00 in damages per unlawful inspection. The IRS denies liability and has asserted defenses to the action. The Court has not determined the merits of Plaintiffs' claims.

## WHAT ARE YOUR OPTIONS?

You have the choice to stay in the class or exclude yourself from the class. By doing nothing, you stay in the class and keep the possibility of getting money from the IRS through a trial or settlement. However, you will lose your right to sue the IRS separately at your own expense. The Court has appointed lawyers to represent the class, so you do not need to hire your own lawyer if you stay in the class. Nonetheless, you may still hire a lawyer at your own expense to enter an appearance for you, if you so choose.

If you don't want any payments obtained from this lawsuit and you don't want to be legally represented by it, you must exclude yourself. You will keep your right to sue the IRS separately at your own expense about the same claims in this lawsuit. You may exclude yourself by sending written notice with your name, address, and a statement that you wish to be excluded from the class to: United States District Court, c/o Class Action Notice, P.O. Box 90425, Alexandria, Virginia 22309. Your exclusion must be postmarked by **[35 days from date of Notice**] to be effective.

## ANY QUESTIONS?

Please call the court-appointed Class Counsel for this lawsuit, Graves Garrett, LLC, at (816) 256-3181. Communications with class counsel are privileged and will be kept strictly confidential.



**1-816-256-3181**    www.gravesgarrett.com/IRSClassAction

# ADDITIONAL INFORMATION

## 1. What is a class action and who is involved?

In a class action lawsuit, one or more people called "Class Representatives" sue on behalf of other people who have similar claims. The people together are a "Class" or "Class Members." The entities that sued—and all Class Members like them—are called the Plaintiffs. The entity they sued (in this case, the Internal Revenue Service and the federal government) is called the Defendant(s). One court resolves the issues for everyone in the Class, except for those entities who chose to exclude themselves from the Class.

## 2. Why is this lawsuit a class action?

The Court decided that this lawsuit can be a class action and move towards a trial because it meets the requirements of Federal Rule of Civil Procedure 23, which governs class actions in federal courts. Specifically, the Court found that:

- There are more than 200 groups who were flagged by the IRS for increased scrutiny based on certain criteria challenged by Plaintiffs;
- There are common questions of law and fact presented by the class action;
- The Class Representatives will fairly and adequately represent the Class's interests;
- Common questions of law and fact are more important than questions that affect only individuals; and
- This class action will be more efficient than having many individual lawsuits.

More information about why the Court is allowing this lawsuit to be a class action is provided in the Court's Order Certifying the Class, which is available at www.gravesgarrett.com/IRSClassAction.

## 3. What happens if I do nothing at all?

You don't have to do anything now if you want to keep the possibility of getting money or benefits from this lawsuit. By doing nothing, you are staying in the Class and will be entitled to your share of any money or benefits obtained through trial or settlement. Keep in mind that if you do nothing now, regardless of whether the Plaintiffs win or lose at trial, you will not be able to sue, or continue to sue, the IRS about the same legal claims that are the subject of this lawsuit. You will also be legally bound by orders the Court issues and judgments the Court makes in this class action.

## 4. Why would I ask to be excluded?

If you exclude yourself from the Class—which is sometimes called "opting-out"—you won't get any money or benefits from this lawsuit even if Plaintiffs obtain them as a result of trial or settlement. However, you may then be able to sue or continue to sue the IRS for the same claims asserted in this lawsuit and you will not be legally bound by the Court's judgments in this class action. If you exclude yourself and start your own lawsuit against the IRS, you'll have to hire and pay your own lawyer for that lawsuit, and you'll have to prove your claims. Your claims may also be subject to a statute of limitations.

## 5. How and when will the Court decide who is right?

Unless the case is resolved by a settlement or otherwise, Class Counsel will have to prove the Plaintiffs' claims at trial. During the trial, which is not yet set, the judge will hear all of the evidence and reach a decision about whether the Plaintiffs or Defendants are right about the claims in the lawsuit. There is no guarantee that the Plaintiffs will win or that they will get any money for the Class. You do not need to attend the trial.

## 6. How will my entity's information be impacted by this lawsuit?

If you do nothing, your entity's IRS application file, portions of which may already be public, will be produced to Plaintiff's counsel, and Plaintiffs' counsel may have a greater ability to discover IRS internal records about your entity's application, including the IRS's conduct in reviewing the file. If you ask to be excluded, Plaintiffs' counsel may or will still discover the IRS's records about your entity's application file.

## 7. Are more details available?

Yes. The website, www.gravesgarrett.com/IRSClassAction, contains additional information, including links to the Court's Order Certifying the Class and the parties' briefing on the Motion for Class Certification. You may also speak to Class Counsel by calling (816) 256-3181 or by writing to Graves Garrett, LLC, c/o IRS Class Action, 1100 Main Street, Ste. 2700, Kansas City, MO 64105.

# Exhibit B – Long Form Notice

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO

# NOTICE OF PENDENCY OF CLASS ACTION LAWSUIT

*A court authorized this notice. This is not a solicitation from a lawyer.*

- A group of non-profit organizations have sued the Internal Revenue Service, alleging that it violated the law while processing their Applications for Tax-Exemption under 26 U.S.C. §§ 501(c)(3) or 501(c)(4).

- A court has allowed, or "certified," a class action against the IRS for a "Principal Class" defined as:

    All entities that, at any time from February 1, 2010 to June 30, 2013, filed an Application for Recognition of Tax Exemption with the IRS under 26 U.S.C. §§ 501(c)(3) or 501(c)(4) and had their application flagged by the IRS as an "Advocacy" case using the criteria: (a) "Tea Party," "Patriots" or "9/12 Project"; (b) government spending, government debt or taxes; (c) education of the public by advocacy or lobbying to "make America a better place to live"; or (d) criticism of how the country is being run.

- It also certified an "Unnecessary Requests" Subclass defined as:

    All entities included in the Principal Class that, at any time from January 1, 2010 to June 31, 2013, provided information in response to one or more of the following requests for information by the IRS: (a) The names of any donors; (b) A list of all issues that are important to the entity and an indication of its position regarding such issues; (c) Information about the roles of non-member participants in activities by the entity and the types of conversations and discussions had by members and participants during the activity; (d) Whether any officer, director, or member of the entity has run or will run for public office; (e) The political affiliation of any officer, director, member, speaker, or candidates supported or other questions regarding any relationship with identified political parties; (f) Information regarding the employment of any officer, director, or members other than by the entity, including but not limited to the number of hours worked; or (g) Information regarding the activities of other entities beyond solely the relationship between the applicant and such other entities (the "Unnecessary Requests"). Excluded from the Unnecessary Requests Subclass are any entities that properly execute and file a request for exclusion from the Unnecessary Requests Subclass.

- The Court has not decided whether the IRS did anything wrong. There is no money available now, and no guarantee there will be. However, your legal rights are affected, and you have a choice to make now:

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS LAWSUIT ||
|---|---|
| **DO NOTHING** | By doing nothing, your entity keeps the possibility of getting money or benefits that may come from a trial or settlement. But, you give up any rights to sue the IRS separately about the same legal claims in this lawsuit. |
| **ASK TO BE EXCLUDED** | If your entity asks to be excluded and money or benefits are later awarded, your entity won't share in those. But, your entity keeps any rights to sue the IRS separately, at your own expense, about the same legal claims in this lawsuit. |

- Your options are explained in this notice. To ask to be excluded, you must act before **[35 days from Notice]**.

- Lawyers must prove the claims against the IRS at trial. If money or benefits are obtained from the IRS, you will be notified about how to ask for a share.

- *Any questions? Read on or call Class Counsel at 1-816-256-3181.*

# WHAT THIS NOTICE CONTAINS

# WHAT THIS NOTICE CONTAINS

**BASIC INFORMATION** ..................................................................................................................2

    1. What is this notice?
    2. What is this lawsuit about?
    3. What is a class action and who is involved?
    4. Why is this lawsuit a class action?

**THE CLAIMS IN THE LAWSUIT** ...................................................................................................3

    5. What does the lawsuit assert?
    6. How does the IRS answer?
    7. Has the Court decided who is right?
    8. What are the Plaintiffs asking for?
    9. Is there any money available now?

**WHO IS IN THE CLASS** ..............................................................................................................3

    10. Am I part of this Class?
    11. What is the Subclass?
    12. Does the status of my Application for Tax-Exemption matter?
    13  I'm still not sure if I am included.

**YOUR RIGHTS AND OPTIONS** .....................................................................................................5

    14. What happens if I do nothing at all?
    15. Why would I ask to be excluded?
    16. How will my entity's information be impacted by this lawsuit?
    17. How do I ask the Court to exclude me from the Class?

**THE LAWYERS REPRESENTING YOU** ........................................................................................6

    18. Do I have a lawyer in this case?
    19. Should I get my own lawyer?
    20. How will the lawyers be paid?

**THE TRIAL** ...............................................................................................................................6

    21. How and when will the Court decide who is right?
    22. Do I have to come to the trial?
    23. Will I get money after the trial?

**GETTING MORE INFORMATION** ................................................................................................7

    24. Are more details available?

13695177.1

## BASIC INFORMATION

### 1. What is this notice?

This notice explains that the Court has allowed, or "certified," a class action lawsuit that may affect you. You have legal rights and options that you may exercise before the Court holds a trial. The trial is to decide whether the claims being made against the IRS, on your behalf, are correct. Judge Susan J. Dlott of the United States District Court for the Southern District of Ohio is overseeing this class action. This lawsuit is known as *NorCal Tea Party Patriots v. Internal Revenue Service,* Civil Action No. 1:13-cv-00341.

### 2. What is this lawsuit about?

This lawsuit is about whether the IRS unlawfully discriminated and retaliated against certain groups in the course of processing their Applications for Tax-Exemption under 26 U.S.C. §§ 501(c)(3) or 501(c)(4). For purposes of this class action, this lawsuit is also about whether the IRS violated the taxpayer privacy statute, 26 U.S.C. § 6103, by repeatedly inspecting class members' tax information without a lawful tax administration purpose, as required.

### 3. What is a class action and who is involved?

In a class action lawsuit, one or more people called "Class Representatives" (in this case NorCal Tea Party Patriots, South Dakota Citizens for Liberty, Inc., Americans Against Oppressive Laws, Inc., Texas Patriots Tea Party, and San Angelo Tea Party) have sued on behalf of other people who have similar claims. The people together are a "Class" or "Class Members." The organizations that sued—and all the Class Members like them—are called the Plaintiffs. They sued the IRS and the federal government, which are called the Defendants. One court resolves the issues for everyone in the Class—except for those people who choose to exclude themselves.

### 4. Why is this lawsuit a class action?

The Court decided that this lawsuit can be a class action and move towards a trial because it meets the requirements of Federal Rule of Civil Procedure 23, which governs class actions in federal courts. Specifically, the Court found that:

- There are more than 200 groups who were flagged by the IRS for increased scrutiny based on certain criteria challenged by Plaintiffs;
- There are common questions of law and fact presented by the class action;
- The Class Representatives will fairly and adequately represent the Class's interests;
- The common questions of law and fact are more important than questions that affect only individuals; and
- This class action will be more efficient than having many individual lawsuits.

More information about why the Court is allowing this lawsuit to be a class action is provided in the Court's Order Certifying the Class, which is available at www.gravesgarrett.com/IRSClassAction.

## THE CLAIMS IN THE LAWSUIT

**5. What does the lawsuit complain about?**

In the lawsuit, the Plaintiffs say that the IRS discriminated and retaliated against certain groups in the course of processing their Applications for Tax-Exemption under 26 U.S.C. §§ 501(c)(3) or 501(c)(4). They also say that the IRS repeatedly inspected class members' tax information without a lawful tax administration purpose, as required.

**6. How does the IRS answer?**

The IRS denies that it did anything wrong. It specifically answers that the inspections were lawful because they occurred in the ordinary course of processing applications by IRS employees whose job duties required the inspections. The IRS also responds that IRS employees believed they were acting lawfully when they inspected the tax information.

**7. Has the Court decided who is right?**

The Court hasn't decided whether the Plaintiffs or the IRS are correct. By establishing the Class and issuing this Notice, the Court is not suggesting that the Plaintiffs will win or lose this case. The Plaintiffs must prove their claims at trial.

**8. What are the Plaintiffs asking for?**

The Plaintiffs want the Court to order the IRS to halt its practices alleged to be unlawful. On behalf of the Class, the Plaintiffs want the IRS to pay damages for each unlawful inspection by the IRS, which can include statutory damages of $1,000.00 per inspection, to Class Members.

**9. Is there any money available now?**

No money or benefits are available now because the Court has not yet decided whether the IRS did anything wrong, and the two sides have not settled the case. There is no guarantee that money or benefits ever will be obtained. If they are, you will be notified about how to ask for a share.

## WHO IS IN THE CLASS

### 10. Am I part of this Class?

Judge Dlott decided that all entities are Class Members if they filed an Application for Recognition of Tax Exemption with the IRS under 26 U.S.C. §§ 501(c)(3) or 501(c)(4) at any time between February 1, 2010 and June 30, 2013 and had their application flagged by the IRS as an "Advocacy" case using the criteria:

> (a) "Tea Party," "Patriots" or "9/12 Project";
> (b) government spending, government debt or taxes;
> (c) education of the public by advocacy or lobbying to "make America a better place to live"; or
> (d) criticism of how the country is being run.

### 11. What is the Subclass?

If you are included in the Class identified in Question 10, you may also fall within the "Unnecessary Requests" subclass. You are a member of this subclass if, at any time from January 1, 2010 to June 30, 2013, you provided information in response to one or more of the Unnecessary Requests, as identified previously.

### 12. Does the status of my Application for Tax-Exemption matter?

No. Under the unlawful inspection claims asserted on behalf of the class, it does not matter whether or not you have a received a determination of your tax-exempt status. Similarly, if your Application for Tax-Exemption is still pending, you may be entitled to money if the Plaintiffs prevail at trial.

### 13. I'm still not sure if I am included.

If you are still not sure whether you are included, you can get free help by calling or writing to the lawyers in this case, at the phone number or address listed under Question 24.

## YOUR RIGHTS AND OPTIONS

You have to decide whether to stay in the Class or ask to be excluded before the trial, and you have to decide this now.

### 14. What happens if I do nothing at all?

You don't have to do anything now if you want to keep the possibility of getting money or benefits from this lawsuit. By doing nothing, you are staying in the Class and will be entitled to your share of any money or benefits obtained through trial or settlement. Keep in mind that if you do nothing now, regardless of whether the Plaintiffs win or lose at trial, you will not be able to sue, or continue to sue, the IRS about the same legal claims that are the subject of this lawsuit. Plaintiffs may also have greater access to the IRS's records about your application. You will also be legally bound by orders the Court issues and judgments the Court makes in this class action.

### 15. Why would I ask to be excluded?

If you exclude yourself from the Class—which is sometimes called "opting-out"—you won't get any money or benefits from this lawsuit even if Plaintiffs obtain them as a result of trial or settlement. However, you may then be able to sue or continue to sue the IRS for the same claims asserted in this lawsuit and you will not be legally bound by the Court's judgments in this class action. If you exclude yourself and start your own lawsuit against the IRS, you'll have to hire and pay your own lawyer for that lawsuit, and you'll have to prove your claims. Your claims may also be subject to a statute of limitations.

### 16. How will my entity's information be impacted by this lawsuit?

If you do nothing, your entity's IRS application file, portions of which may already be public, will be produced to Plaintiff's counsel, and Plaintiffs' counsel may have a greater ability to discover IRS internal records about your entity's application, including the IRS's conduct in reviewing the file. If you ask to be excluded, Plaintiffs' counsel may or will still discover the IRS's records about your entity's application file.

### 17. How do I ask for the Court to exclude me from the Class?

To ask to be excluded, you must send an "Exclusion Request" in the form of a letter sent by mail, stating that you want to be excluded from *NorCal v. IRS*. Be sure to include your name and address, and sign the letter. You must mail your Exclusion Request postmarked by [**35 days from date of Notice**] to: United States District Court, c/o Class Action Notice, P.O. Box 90425, Alexandria, Virginia 22309.

## THE LAWYERS REPRESENTING YOU

### 18. Do I have a lawyer in this case?

Yes. The Court decided that the law firms of Graves Garrett, LLC, Langdon Law, LLC, Finney Law Firm, LLC, and Randles & Splittgerber, LLP are qualified to represent you and all Class Members. Together the law firms are called "Class Counsel." They are experienced in handling class actions. More information about these law firms, their practices, and their lawyers' experience is available at www.gravesgarrett.com, www.langdonlaw.com, www.finneylawfirm.com, and www.randleslaw.com.

### 19. Should I get my own lawyer?

You do not need to hire your own lawyer because Class Counsel is working on your behalf. But, if you want your own lawyer, you will have to pay that lawyer. For example, you can ask him or her to appear in Court for you if you want someone other than Class Counsel to speak for you.

### 20. How will the lawyers be paid?

If Class Counsel get money or benefits for the Class, they may ask the Court for fees and expenses. You won't have to pay these fees and expenses. If the Court grants Class Counsels' request, the fees and expenses would be either deducted from any money obtained for the Class or paid separately by the IRS.

## THE TRIAL

### 21. How and when will the Court decide who is right?

As long as the case isn't resolved by a settlement or otherwise, Class Counsel will have to prove the Plaintiffs' claims at a trial. During the trial, a Jury or the Judge will hear all of the evidence to help them reach a decision about whether the Plaintiffs or Defendant are right about the claims in the lawsuit. There is no guarantee that the Plaintiffs will win, or that they will get any money for the Class.

### 22. Do I have to come to the trial?

You do not need to attend the trial. Class Counsel will present the case for the Plaintiffs, and the IRS will present the defenses. You or your own lawyer are welcome to come at your own expense.

### 23. Will I get money after the trial?

If the Plaintiffs obtain money or benefits as a result of the trial or a settlement, you will be notified about how to participate. We do not know how long this will take.

## GETTING MORE INFORMATION

**24. Are more details available?**

Review the links on the website www.gravesgarrett.com/IRSClassAction, which provide additional information and documentation about the case. You may also speak to one of the lawyers by calling 1-816-256-3181, or by writing to Graves Garrett, LLC, c/o Class Action against the IRS, 1100 Main Street, Suite 2700, Kansas City, Missouri 64105.