# IN THE UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF OHIO, WESTERN DIVISION

| | |
|---|---|
| NORCAL TEA PARTY PATRIOTS, et al., ) <br> ON BEHALF OF THEMSELVES, ) <br> THEIR MEMBERS, and THE CLASS ) <br> THEY REPRESENT, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> THE INTERNAL REVENUE SERVICE, et al., ) <br> ) <br> Defendants. ) <br> _____ ) | Case No. 1:13-cv-00341 <br><br> Judge Susan J. Dlott |

## PLAINTIFFS' RESPONSE TO NOTICE OF COMPLIANCE
## BY THE UNITED STATES INTERNAL REVENUE SERVICE

Plaintiffs reluctantly respond to the IRS's "Notice of Compliance" (Doc. #258) and "Supplemental Notice" (Doc. #260). Plaintiffs seek no action from the Court and regret the necessity of this filing, but the IRS's recitations were materially incorrect.

The IRS's "supplemental production" of more than 1,072 responsive documents demonstrates that its representations in its initial "Notice of Compliance" were not accurate. On Monday, March 28, the IRS produced only 15 PDF files of "representative samples" of the spreadsheets at issue. When Plaintiffs raised concerns, the IRS claimed that its only obligation was to un-redact these 15 previously-produced samples. The IRS would now have the Court understand that, by changing course at the last moment to produce 1,072 native-format documents and meet the deadline ordered by this Court, it accommodated new and burdensome demands. The parties' previous filings demonstrate that this is incorrect.

On April 1, 2015, this Court ordered the IRS to respond to Plaintiffs' Request for Production No. 56, which sought "all charts, lists, spreadsheets, or indexes of groups who had

their Applications for Tax Exemption selected or flagged by the IRS for heightened review based on the Emerging Issues tab of the BOLO." On April 16, 2015, two weeks *after* receiving this Court's ruling, the IRS amended its original response to report that it was producing 15 redacted PDF copies of "representative samples." It claimed these were "the versions of the documents that capture the information as it changed over time," and not mere duplicates, which the IRS claimed numbered in the hundreds. The IRS never asserted in its amended objection, and never argued to this Court on rehearing (Doc. #151), that were Plaintiffs ultimately to prevail, the IRS's production should be *limited* to the "samples" it had chosen.[1] Yet as recently as Monday, the IRS maintained that its late-interposed "amendment" had dramatically narrowed the scope of the underlying dispute, this Court's orders, the Sixth Circuit decision, and, by extension, its current obligations. The IRS's "Notices" omit all of this, casting Plaintiffs as unreasonable.

Moreover, the IRS's production yesterday morning of 1,072 native-format documents—a 24-hour turn-around on a production the IRS had initially claimed was burdensome and would only yield duplicates of the 15 "representative samples"—raises questions about its earlier representations. A cursory comparison between the 1,072 native files and the 15 so-called "representative samples" in their un-redacted form shows that many new lists of targeted groups are not mere "duplicates" of the 15 "representative samples." Instead, they are entirely different types of lists of the targeted groups that are responsive to RFP 56.[2] Yet the IRS had apparently planned only to disclose these original responsive lists as "duplicates" at some future time.

---

[1] This position would have yielded a quick objection from Plaintiffs. Plaintiffs' requests incorporate the preservation of metadata, which is essential to showing who had authored and edited each spreadsheet, and when, so that they could be pieced together as snapshots of the process. A production limited to mere PDFs of 15 allegedly "representative samples," scrubbed of metadata, would not have sufficed.

[2] This does not include the many produced documents that Plaintiffs did not request under RFP 56. Some are relevant to the case; some are not.

2

In sum, it was only Plaintiffs' immediate review of the files and prompt objection that caused the IRS's timely production of responsive lists within the 7-day window ordered by this Court (Doc. # 243). Plaintiffs should not have been required to expend such efforts to obtain the IRS's compliance with the orders of this Court and the Sixth Circuit. And while Plaintiffs seek only to push into merits discovery and have no intention of answering all unsolicited IRS notices, which typically do not merit a response, this was a special case. The IRS mischaracterized the facts by suggesting that its conduct was nothing more than the beneficent accommodation of unreasonable demands. Plaintiffs were left with no choice but to file this response (expending yet additional time and effort) to correct the record. The parties recently had a productive call on related matters, and Plaintiffs hope and expect that these are the last filings of this kind.

Dated: March 31, 2016

Respectfully submitted,

**GRAVES GARRETT, LLC**

*/s/ Edward D. Greim*
Edward D. Greim (*pro hac vice*)
Todd P. Graves (*pro hac vice*)
Dane C. Martin (*pro hac vice*)
1100 Main Street, Suite 2700
Kansas City, MO 64105
Telephone: (816) 256-3181
Fax: (816) 256-5958
edgreim@gravesgarrett.com
tgraves@gravesgarrett.com
dmartin@gravesgarrett.com

Christopher P. Finney (OH Bar No. 0038998)
FINNEY LAW FIRM LLC
2623 Erie Avenue
Cincinnati, OH 45208
Telephone: (513) 533-2980
Fax: (513) 533-2990
Chris@finneylawfirm.com

>David R. Langdon (OH Bar No. 0067046)
>*Trial Attorney*
>Joshua B. Bolinger (OH Bar No. 0079594)
>LANGDON LAW, LLC
>8913 Cincinnati-Dayton Road
>West Chester, OH 45069
>Telephone: (513) 577-7380
>Fax: (513) 577-7383
>dlangdon@langdonlaw.com
>jbolinger@langdonlaw.com
>
>Bill Randles (*pro hac vice*)
>Bev Randles (*pro hac vice*)
>RANDLES & SPLITTGERBER, LLP
>N. Cypress Avenue
>Kansas City, MO 64119
>Telephone: (816) 820-1973
>bill@billrandles.com
>bev@billrandles.com
>
>***Counsel for Plaintiffs***

### Certificate of Service

The undersigned attorney hereby certifies that, on March 31, 2016, the foregoing document was served the Court's CM/ECF electronic notification system to all counsel of record.

> */s/ Edward D. Greim*
> Attorney for Plaintiffs