# IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| NORCAL TEA PARTY PATRIOTS, et al., ) <br> ON BEHALF OF THEMSELVES, ) <br> THEIR MEMBERS, and THE CLASS ) <br> THEY REPRESENT, ) <br>    ) <br> Plaintiffs, ) <br>    ) <br> v. ) <br>    ) <br> THE INTERNAL REVENUE SERVICE, et al., ) <br>    ) <br> Defendants. ) <br> _____ ) | Case No. 1:13-cv-00341 <br><br> Judge Michael R. Barrett |

**JOINT MOTION FOR RELIEF FROM REQUIREMENT THAT REPRESENTATIVES WITH FULL SETTLEMENT AUTHORITY ATTEND MEDIATION**

The parties respectfully request relief from the requirement that they have representatives with full settlement authority attend the mediation in this case. The order referring this case to District Judge Michael H. Watson for mediation required that such a representative attend for each party "[u]nless prior arrangements have been discussed with the Court." Order Referring for Settlement Conference, ECF No. 347. The United States requests the Court to allow the Department of Justice trial attorneys assigned to this case—with authority to negotiate and recommend a settlement to the appropriate official—to attend in person along with a representative from the Internal Revenue Service, and to have the Chief of the Civil Trial Section, Southern Region, available by telephone. Plaintiffs request the Court to allow class counsel to attend in person, and to have class representatives available by telephone. In support of this motion, the parties submit the following memorandum of law.

**MEMORANDUM**

Mediation in this matter is scheduled to be held before Judge Watson in Columbus, Ohio beginning July 24, 2017. Counsel for both parties have conferred and neither party opposes the relief sought in this joint motion by the other party. The parties' respective positions are stated more fully below.

## I. THE UNITED STATES' STATEMENT IN SUPPORT OF THIS MOTION

The sole subject of this mediation is the class action claim from Count III of Plaintiffs' Second Amended Class Action Complaint seeking damages under 26 U.S.C. § 7431 for unlawful inspections in violation of 26 U.S.C. § 6103. Under the Court's Mediation Order, both parties are to have a representative with full settlement authority attend the mediation before Judge Watson. Although the Department of Justice Trial Team representing the United States in this matter have the authority to negotiate a settlement to recommend to the appropriate official, they cannot unilaterally commit the government to a settlement. Furthermore, because of the amount potentially at issue in this case, the United States is unable to identify the official with full settlement authority until the terms of a compromise are proposed; Plaintiffs' offer, if accepted, however, would require approval by the Associate Attorney General.

The United States fully supports efforts to mediate this case to a mutually acceptable resolution. The practicalities of, and legal limits on, litigation handled by the Department of Justice (DOJ), however, make it extremely difficult to comply fully with the requirement that an official with full settlement authority attend the mediation. First, although the DOJ Trial Team can engage most effectively in settlement discussions and mediation efforts, the federal statutory and regulatory scheme governing the DOJ does not vest trial attorneys with full settlement authority. Second, it is not practicable for the officials who do possess full settlement authority to

personally attend all mediation conferences. Third, attendance of trial attorneys at mediation conferences, who can promptly confer with appropriate officials, constitutes an effective and swift procedure to achieve the goals of mediation. For these reasons, the United States urges the Court to excuse the United States from the requirement that an official with full settlement authority attend the mediation.

### A. Federal Law Governing the Department of Justice Does Not Invest Trial Attorneys with Full Settlement Authority

In cases arising under the Internal Revenue Code, the Attorney General "or his delegate" may compromise cases after they have been referred to the Department of Justice by the Secretary of Treasury. 26 U.S.C. § 7122(a). The Attorney General has delegated limited settlement authority to the Assistant Attorneys General in charge of the various litigating divisions. See 28 C.F.R. § 0.160. Under certain circumstances, settlement authority may be delegated to an official below the level of the Assistant Attorney General for the particular litigation divisions.

Given the amount sought by Plaintiffs in this case, however, full settlement authority in this case may rest with persons outside the Tax Division. *See* 28 C.F.R. § 0.160; Tax Division Directive No. 139.[1] In addition, because this case has been classified as "Standard" by the Chief Counsel to the IRS, the Department of Justice is required to request the Service's recommendation before it can formally accept an offer.

---

[1] If the United States' concession were greater than $4 million, the Deputy Attorney General or the Associate Attorney General would have settlement authority. *See* 28 C.F.R. § 0.160(a)(3), (b); *id.* § 0.161.

3

The Department of Justice's policy of concentrating settlement authority serves a number of important public-policy goals. It fosters uniformity of settlements, an important consideration given the Department's nationwide docket of cases. It also promotes fairness of settlements to both litigants and to the government. By affording a high-level review of the settlement recommendations by trial attorneys, the process ensures a thorough analysis of all settlement proposals, including such considerations as litigation risks, and an opportunity to assess the proposed settlement outside the context of a heated negotiation.

Indeed, the United States Court of Appeals for the Fifth Circuit has held that the policies underlying the concentration of settlement authority should not be disregarded by federal district courts. *See In re Stone*, 986 F.2d 898 (5th Cir. 1993). *Stone* involved twelve consolidated petitions for mandamus, all arising from one district court which had incorporated into its routine pretrial orders a requirement that settlement conferences be held and that each party either personally attend or send a representative with full settlement authority. *Id*. at 900. The government argued that the district court lacked the authority to dictate to the Executive Branch which officials it should send to represent it at settlement conferences. While the Fifth Circuit stated that the district court did possess an inherent power to manage the settlement process, which might, in unusual circumstances, include the power to order participation by specific officials having settlement authority, it went on to hold that the district court had abused its discretion by ordering that the government send someone with full settlement authority for routine cases. *Id*. at 903–05.

The court also observed that the government is in "a special category" as a litigant. *Stone*, 985 F.2d at 904. Not only does the government appear as a party in far more federal court cases than any other litigant, but the Executive Branch has special constitutional duties that no private

4

litigant shares. *Id*. Accordingly, the government can legitimately structure its litigation procedures so as to ensure that decision making on policy issues is centralized, that positions taken are consistent, and that policy decisions are made by officials with political accountability. *Id*. The Fifth Circuit chastised the district court for requiring the government to forego these interests in routine cases, in which the operation of normal government settlement procedures would cause only an "insignificant interference with the operation of the courts." *Id*. Instead, the court held that a district court should consider "less drastic steps" before ordering the Executive Branch to override its normal procedures. *Id*. at 905.

Likewise, in 2012, the U.S. Court of Appeals for the Ninth Circuit issued a writ of mandamus directing the district court to vacate an order requiring that a government official with full settlement authority personally attend a routine settlement conference in a tax action. *United States v. U.S. Dist. Court for the N. Mar. I.*, 694 F.3d 1051, 1059 (9th Cir. 2012). The Ninth Circuit closely followed the Fifth Circuit's reasoning in *Stone*, holding (over the United States' objection) that the district court has authority to compel the federal government's attendance at settlement conferences, but had abused its discretion. *Id*. The Ninth Circuit observed: "[T]he federal government, though not independent of the court's authority, is also not like any other litigant. The Department of Justice in general and its Tax Division in particular are responsible for a very large number of cases. . . . For [the official with full settlement authority] to prepare for and appear at all settlement conferences for all of those cases would be highly impractical, if not physically impossible." *Id*. (citation omitted). Moreover, the court noted that centralizing settlement authority serves the several salutary purposes the Fifth Circuit highlighted, namely, the promotion of uniform decisions on tax controversies, the effective implementation of policy goals, and the promotion of political accountability. *Id*. at 1059–60.

### B. It Is Not Practicable for Government Officials with Full Settlement Authority to Personally Attend All Mediation Conferences

It would create an undue hardship on the United States to require high-ranking Department of Justice officials to routinely attend court-ordered settlement conferences. Indeed, Congress recognized the impracticality of personal attendance at mediation by Department of Justice officials with full settlement authority in the Judicial Improvements Act of 1990 and in its amendments to Federal Rule of Civil Procedure 16. The Judicial Improvements Act authorizes district courts to adopt "civil justice expense and delay reduction plan[s]," which may include a requirement that "representatives of the parties with authority to bind them in settlement discussions be present or available by telephone during any settlement conference." 28 U.S.C. § 473(b)(5). However, the Act goes on to provide that "[n]othing in [such] plan relating to the settlement authority provisions of this section shall alter or conflict with the authority of the Attorney General to conduct litigation on behalf of the United States, *or any delegation of the Attorney General*." *Id.* § 473(c) (emphasis added).

The Senate Report in this statute's legislative history recognizes the importance of maintaining the established limits of delegation within the Department of Justice: "[T]hose district courts that choose to adopt [the settlement authority requirement] should account for the unique situation of the Department of Justice. The Department does not delegate broad settlement authority to trial counsel but instead reserves that authority to senior officials in the United States Attorneys' Offices or in the litigating divisions in Washington." S. Rep. No. 416, 101st Cong., 2d Sess. 58, reprinted in 1990 U.S. Code Cong. & Adm. News 6802, 6848. The Senate Report also recognizes the practical consequences of the limited delegation on the

6

Department as a litigant: "Clearly, the Department cannot realistically send officials with full settlement authority to each settlement conference." *Id.*

Moreover, the committee that wrote the revisions to Federal Rule of Civil Procedure 16 that took effect on December 1, 1993, reaffirmed that federal trial courts must account for the government's special status when promulgating orders concerning pre-trial conferences. After the 1993 amendments, Rule 16 contained the following sentence: "If appropriate, the court may require that a party or its representative be present *or reasonably available by telephone* in order to consider possible settlement of the dispute." Fed. R. Civ. P. 16(c) (flush) (1993) (emphasis added).[2] The drafting committee notes on this revision reemphasize the need to accommodate the unique concerns of the Government as a litigant:

> The sentence refers to participation by a party or its representative. Whether this would be the individual party, an officer of a corporate party, a representative from an insurance carrier, or someone else would depend on the circumstances. Particularly in litigation in which *governmental agencies* or large amounts of money are involved, there may be no one with on-the-spot settlement authority, and *the most that should be expected is access to a person who would have a major role in submitting a recommendation to the body or board with ultimate decision-making responsibility*. The selection of the appropriate representative should ordinarily be left to the party and its counsel.

Amendments to Fed. R. Civ. P., 146 F.R.D. 401, 605 (1993) (emphasis added). This committee note makes it clear that the committee and the Supreme Court are fully aware of the unique role of the federal government in litigation and the practical problems that would ensue if the government were subject to the same settlement authority requirements as a private party.

---

[2] The language of Rule 16 has since been modified, but not its import: "If appropriate, the court may require that a party or its representative be present *or reasonably available by other means* to consider possible settlement." Fed. R. Civ. P. 16(c)(1) (2015) (emphasis added).

*C. Attendance of Trial Attorneys at Mediation Conferences and Subsequent Recommendations to Appropriate Officials Constitute an Effective and Swift Procedure to Achieve the Goals of Mediation*

As noted earlier, the United States supports appropriate settlement discussions and mediation conferences, and it is the Attorney General's policy to encourage alternative dispute resolution where appropriate. Moreover, the United States fully understands the related goal of encouraging parties to move from their original positions by having present representatives with full settlement authority. Here, however, the goal of meaningful settlement discussions can best be achieved by the attendance of the trial team, as they are most familiar with the case and in the best position to negotiate on the government's behalf. Trial attorneys routinely discuss settlement options with opposing counsel, field written settlement offers distilled from these talks, and submit written recommendations to their supervisors. Given the trial team's familiarity with this case, its recommendation with respect to a settlement will be given great weight, even though they lack the ultimate authority to formally accept settlement offers. In addition, the trial team will be able to contact DOJ officials in the chain of command who possess settlement authority. Should it be necessary, the trial team will make best efforts to contact the Associate Attorney General.

## II. PLAINTIFFS' STATEMENT IN SUPPORT OF THIS MOTION

Plaintiffs share the desire of the United States to mediate this case to an acceptable resolution. Plaintiffs emphasize that this is not a routine case, and believe the parties' agreement regarding the availability and authority of decision-makers at the mediation reflects the special circumstances of this matter. At bottom, it is a public interest litigation that involves significant questions of law and public policy. It is also a question of national importance, affecting groups from coast to coast, which led the certification of a nationwide class. Reflecting this, the Class

Representatives are groups whose membership hails from Northern California; San Angelo, Texas; part of the Dallas-Fort Worth metro area; South Dakota; and Florida. Each Class Representative has designated an individual contact who lives within the geographic reach of the Class Representative's membership, who is commonly an officer of the Class Representative, and who serves as a liaison for sharing information about the case and approving (and, at times, signing) various filings, positions, and strategies.

Since the filing of this matter in May 2013, Class Representatives and Class Counsel have been resourceful in communicating by individual phone calls and group conference calls, and even, at times, electronic mail, to make important decisions in the litigation of this case. The Class Representatives and Class Counsel have already used these methods to confer regarding damages claims in discovery, mediation positions, and the positions taken in and specific content of Plaintiffs' offer letter. And in the coming days, Class Representatives and Class Counsel will continue to confer in advance of the mediation; as part of that ongoing process, they will continue to discuss and be informed by the United States' own settlement offer and its continued disclosures in discovery (except for the two deposition transcripts the Court has prohibited Counsel from sharing with their clients). During those discussions, Class Counsel would seek to obtain specific settlement authority in advance of the mediation.

To the extent additional authority becomes necessary in the mediation, or as it becomes necessary or expedient to share or receive new information, views, or unanticipated proposals, Class Counsel and the Class Representatives propose that their prior system for communicating and making key decisions in the case be continued for the mediation: the five Class Representatives will agree to be available by telephone, both individually or in teleconference. Given the cost and difficulty of obtaining the presence of each of the individual entity-

representatives for the five Class Representatives in Ohio, the Plaintiffs respectfully suggest that their current means of communication and decision-making are more than sufficient for ensuring that the mediation is productive. They therefore request that this Court enter an order allowing Class Counsel's trial team to attend in person, while the Class Representatives will be available by phone for individual calls and teleconferences.

### III.  CONCLUSION

For the foregoing reasons, the parties request the Court to relieve them of the requirement that representatives with full settlement authority attend the mediation scheduled for July 24, 2017, before U.S. District Judge Michael H. Watson. The United States respectfully requests the Court to allow the Department of Justice trial team to attend in person along with a representative from the IRS, and to have the Chief of the Civil Trial Section, Southern Region, available by telephone. Plaintiffs request the Court to allow class counsel to attend in person, and to have class representatives available by telephone.

DATED:  July 14, 2017                                     Respectfully submitted,

                                              GRAVES GARRETT, LLC
                                               s/ *Eddie Greim*
                                              Edward D. Greim (*pro hac vice*)
                                              Todd P. Graves (*pro hac vice*)
                                              Dane C. Martin (*pro hac vice*)
                                              1100 Main Street, Suite 2700
                                              Kansas City, MO 64105
                                              Telephone: (816) 256-3181
                                              Fax: (816) 256-5958
                                              edgreim@gravesgarrett.com
                                              tgraves@gravesgarrett.com
                                              dmartin@gravesgarrett.com

                                              Christopher P. Finney (OH Bar No. 0038998)
                                              FINNEY LAW FIRM LLC
                                              2623 Erie Avenue

Cincinnati, OH 45208
Telephone: (513) 533-2980
Fax: (513) 533-2990
Chris@finneylawfirm.com

David R. Langon (OH Bar No. 0067046)
Joshua B. Bolinger (OH Bar No. 0079594)
LANGDON LAW, LLC
8913 Cincinnati-Dayton Road
West Chester, OH 45069
Telephone: (513) 577-7380
Fax: (513) 577-7383
dlangdon@langdonlaw.com
jbolinger@langdonlaw.com

Bill Randles (*pro hac vice*)
Bev Randles (*pro hac vice*)
BILL & BEV RANDLES LAW GROUP, LLP
N. Cypress Avenue
Kansas City, MO 64119
Telephone: (816) 820-1973
bill@billrandles.com
bev@billrandles.com

*Counsel for Plaintiffs*

and

DAVID A. HUBBERT
Acting Assistant Attorney General
U.S. Department of Justice, Tax Division

 s/ *Joseph A. Sergi*
JOSEPH A. SERGI (DC 480837)
Senior Litigation Counsel
U.S. Department of Justice, Tax Division
555 4th Street, N.W., JCB 7207
Washington, D.C. 20001
(202) 305-0868; (202) 307-2504 (FAX)
Joseph.A.Sergi@usdoj.gov

LAURA C. BECKERMAN (CA 278490)
LAURA M. CONNER (VA 40388)
STEVEN M. DEAN (DC 1020497)
JOSEPH R. GANAHL (MD)

JEREMY N. HENDON (OR 982490)
Trial Attorneys
U.S. Department of Justice, Tax Division
555 4th Street, N.W.
Washington, D.C.  20001
(202) 514-2000

Of Counsel:

BENJAMIN C. GLASSMAN
Acting United States Attorney
MATTHEW J. HORWITZ (OH 0082381)
Assistant United States Attorney
221 East Fourth Street, Suite 400
Cincinnati, Ohio 45202
(513) 684-3711
Matthew.Horwitz@usdoj.gov

*Counsel for the United States*