# Exhibit A

## IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF OHIO, WESTERN DIVISION

| | |
|---|---|
| NORCAL TEA PARTY PATRIOTS, et al., ) <br> ON BEHALF OF THEMSELVES, ) <br> THEIR MEMBERS, and THE CLASS ) <br> THEY REPRESENT, ) <br> ) <br>     Plaintiffs, ) <br> ) <br>     v. ) <br> ) <br> THE INTERNAL REVENUE SERVICE, et al., ) <br> ) <br>     Defendants. ) <br> _____) | Case No. 1:13-cv-00341 <br><br> Judge Michael R. Barrett |

## SETTLEMENT AGREEMENT

This Settlement Agreement (the "Settlement Agreement") is made by and among the Representative Plaintiffs, on behalf of themselves and the Class, and the United States, subject to and conditioned upon approval by the Court of its terms and conditions.

**I.      Recitals**

1.1.    On May 20, 2013, Plaintiff NorCal Tea Party Patriots ("NorCal") commenced a putative class action against the United States styled *NorCal Tea Party Patriots, et al. v. The Internal Revenue Service, et al.*, in the United States District Court for the Southern District of Ohio, Western Division, Case No. 1:13-cv-00341 (the "Action").

1.2.    On August 5, 2013, NorCal filed the First Amended Class Action Complaint, adding Faith and Freedom Coalition of Ohio, Simi Valley Moorpark Tea Party, Tampa 9-12 Project, South Dakota Citizens for Liberty, Inc., Texas Patriots Tea Party, Americans Against Oppressive Laws, Inc., San Angelo Tea Party, Prescott Tea Party, and the Texas Public Policy Foundation as Plaintiffs. Plaintiffs filed their Second Amended Class Action Complaint on December 9, 2013.

1.3.    In their Second Amended Class Action Complaint, Plaintiffs asserted claims against the United States and its employees for: (1) damages for violations of the Privacy Act of 1974 (Count I); (2) damages under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), against the individual defendants for alleged violations of their rights under the First and Fifth Amendments to the United States Constitution (Count II); (3) declaratory relief that the Internal Revenue Service and the Treasury Department violated Plaintiffs' rights under the First and Fifth Amendments, and an injunction to prevent further unauthorized actions (also in Count II); (4) violations of 26 U.S.C. § 6103, which relate to unauthorized inspections of tax returns or tax return information (Count III); and (5) certification of a class (Count IV).

1.4.    The United States and the Individual Defendants moved for dismissal of the lawsuit. On July 17, 2014, the Court granted in part and denied in part the motions. The Court dismissed Count I and dismissed Count II with respect to the Individual Defendants. The Court allowed Count II to proceed against the United States as to Plaintiffs whose applications remained pending, and allowed Counts III and IV to proceed.

1.5.    From August 2014 through October 2015, the parties conducted discovery pertaining to class certification. On August 3, 2015, Plaintiffs NorCal, SD Citizens for Liberty, AAOL, TPTP, and San Angelo Tea Party (collectively, the "Representative Plaintiffs") filed a motion seeking class certification for claims of alleged violations of 26 U.S.C. § 6103, relating to unauthorized inspections of tax returns or tax return information in Count III. The Court granted that motion on January 12, 2016, certifying a Principal Class defined as:

> All entities that, at any time from February 1, 2010 to June 30, 2013, filed an Application for Recognition of Tax Exemption with the IRS under 26 U.S.C.

§§ 501(c)(3) or 501(c)(4) and had their application flagged by the IRS as an "Advocacy" case using the criteria:

(a)    A reference in the case file to "Tea Party," "Patriots," or "9/12 Project";
(b)    A reference in the case file to government spending, government debt, or taxes;
(c)    A reference in the case file to education of the public by advocacy or lobbying to "make America a better place to live"; or
(d)    A statement in the case file criticizing how the country is being run.

Excluded from the Principal Class are any entities that properly execute and file a request for exclusion from the Principal Class.

The Court also certified a subclass identified as the Unnecessary Requests Subclass.

1.6.    After certification of the Principal Class, notice was sent to putative class members who were given the ability to opt out. After the opt-out period, there were 428 class members.

1.7.    Also after certification, the Representative Plaintiffs conducted discovery pertaining to the merits of the claims and defenses. Throughout the course of discovery, Class Counsel (defined below) conducted 31 depositions of current and former IRS employees and reviewed tens of thousands of pages of documents and written discovery produced by the United States.

1.8.    Unrelated to the Class claims, on November 4, 2016, the Court issued a preliminary injunction against the United States requiring the IRS to process Plaintiff Texas Patriots Tea Party's pending Application for Tax-Exemption in the ordinary course. The Court found that TPTP had made a "strong showing of a likelihood of success on the merits" regarding its First Amendment claim for viewpoint discrimination. On September 6, 2017, the IRS approved TPTP's application, recognizing it as a tax-exempt entity retroactive to September 1, 2010.

1.9.    Class Counsel have conducted a thorough examination and investigation into the factual and legal issues presented in this Action. Representative Plaintiffs and Class Counsel have evaluated the settlement terms and conditions (the "Settlement") against the risks and costs of further litigation and have concluded that the terms and conditions of the Settlement are fair, reasonable, and adequate, and that this Settlement is in the best interests of the Principal Class. In so doing, Representative Plaintiffs and Class Counsel have considered and evaluated the numerous risks of continued litigation, including but not limited to: (a) the additional expense and time necessary to prosecute the Action through trial and any subsequent appeals; (b) the uncertain nature of the outcome at trial and the possibility of an appeal by either side following the trial; (c) the possibility that the United States might prevail on a dispositive motion challenging all of Representative Plaintiffs' claims prior to trial; and (d) the risk of obtaining less benefits at trial than are being made available to the Principal Class under the terms of this Settlement Agreement.

1.10.    The United States considers it desirable to resolve the Action on the terms and conditions of the Settlement stated in the Settlement Agreement.

1.11.    Representative Plaintiffs and the United States, along with Class Counsel and Defendant's Counsel, negotiated and reached this Settlement after extensive investigation and discovery of the underlying facts and law, extensive litigation of disputed issues, and extensive and vigorous arm's-length negotiations. The Parties agree that the terms of this Settlement Agreement are fair, reasonable, and adequate and that entry of this Settlement Agreement is in the best interest of the Parties and the public.

1.12.    This Settlement Agreement requires the United States to pay the sum of $3,500,000.00 in full and final settlement of all claims, including attorneys' fees and costs. This

4

$3,500,000.00 will be used to establish a Settlement Fund (defined below) from which all disbursements under this Settlement Agreement shall be made. The United States is not obligated to provide any funding in excess of the $3,500,000.00 payment used to establish the Settlement Fund.

1.13.   In consideration of the covenants and agreements set forth herein, and of the releases and dismissals of claims as described below, the receipt and sufficiency of which is acknowledged, the United States and the Representative Plaintiffs, on behalf of themselves and the Principal Class, agree to the Settlement described herein, subject to approval by the Court, under the following terms and conditions.

1.14.   The execution of this Settlement Agreement does not constitute any admission of liability by the Defendants under state or federal law, whether or not such claims have been pled in the instant action.

## II.   Definitions

As used in this Settlement Agreement and the attached exhibits (which are integral to this Settlement Agreement and are incorporated by reference in their entirety), the terms and phrases below have the following meanings, unless a section or subsection of this Settlement Agreement or its exhibits provides otherwise. Unless otherwise indicated, all defined terms include the plural as well as the singular.

2.1.   "Claim" means a claim that has been submitted by a Class Member to the Settlement Administrator pursuant to the terms of this Settlement Agreement and in accordance with the instructions in the Claim Form.

5

2.2.     "Claim Determination Date" means twenty-eight (28) calendar days after the Claim Submission Deadline or ten (10) calendar days after the Final Settlement Approval Date, whichever occurs later.

2.3.     "Claim Form" means the document to be submitted by Class Members who want to receive monetary benefits pursuant to this Settlement Agreement. The Claim Form will be available online at the Settlement Website and will be substantially the same as Exhibit A.

2.4.     "Claim Payment Deadline" means thirty (30) calendar days after the Claim Determination Date or the date the Settlement Fund is funded, whichever is later, and is the date by which the Settlement Administrator will pay or fulfill all valid and approved Claims in accordance with the terms of this Settlement Agreement.

2.5.     "Claim Submission Deadline" means the final date and time by which a Claim Form must be postmarked or received by the Settlement Administrator in order for a Class Member to be eligible for any of the monetary benefits that are to be paid or provided from the Settlement Fund, as contemplated in this Settlement Agreement. The Claim Submission Deadline shall be set by the Court and shall be at least forty-five (45) calendar days following the Notice Date. If a Class Member's Claim Form is not postmarked or received by the Settlement Administrator on or before the Claim Submission Deadline, the Claim will be denied as invalid, subject to the cure provision described in section 3.7. The Claim Submission Deadline shall be clearly set forth in the order granting Preliminary Approval, in the Notice, and the Claim Form.

2.6.     "Claimant" means a Class Member who submits a Claim pursuant to the terms of this Settlement Agreement and in accordance with the instructions in the Claim Form.

2.7.     "Class Counsel" means the law firms of Graves Garrett, LLC, Langdon Law, LLC, Finney Law Firm, LLC, and Randles & Splittgerber, LLP.

6

2.8. "Class Notice" means the notice provided to Class Members as described in the Notice Plan.

2.9. "Court" means the United States District Court for the Southern District of Ohio, Western Division.

2.10. "Defendant's Counsel" means the United States Department of Justice.

2.11. "Escrow Account" means the interest-bearing escrow account that will be established as set forth in paragraph 3.4, below, and into which the United States will make a deposit of funds that are required by this Settlement Agreement and from which the Settlement Administrator will make payments as required by this Settlement Agreement.

2.12. "Fee and Expense Award" means the amount awarded to Class Counsel or the Third Party Funder by the Court for attorneys' fees, costs, and expenses concerning Class Counsel's work on behalf of Representative Plaintiffs and the Class relating to the Action, including but not limited to activities related to the Settlement and Settlement Agreement, which will be paid from the Settlement Fund. This amount does not include Notice and Other Administrative Costs.

2.13. "Final Order and Judgment" means the final order and final judgment entered by the Court approving this Settlement Agreement as binding upon the Parties and the Class Members, setting and awarding the amounts for the Fee and Expense Award and Incentive Awards pursuant to Section IV, and dismissing the Action with prejudice. The Final Order and Judgment will constitute a final judgment within the meaning and for purposes of Rule 54 of the Federal Rules of Civil Procedure.

2.14. "Final Settlement Approval or "Final Settlement Approval Date" means the date that is seventy (70) calendar days after the Court's entry of the Final Order and Judgment

7

without any appeal being taken, or, if an appeal or request for review has been taken, the date on which the Final Order and Judgment has been affirmed by the court of last resort to which an appeal or request for review has been taken and such affirmance is no longer subject to further appeal or review, or the date of denial or review after exhaustion of all appellate remedies.

2.15.    "Incentive Awards" means any incentive awards approved by the Court, as set forth in Paragraph 4.2, after application by any or all of the Representative Plaintiffs, that are payable from the Settlement Fund to one or more Representative Plaintiffs in recognition of the time and effort each of them has expended in pursuing this Action and in fulfilling their respective obligations and responsibilities as class representatives in this Action, and of the benefits conferred on all Class Members by the Settlement, as provided by this Settlement Agreement.

2.16.    "Long Form Notice" means the Court-approved "Notice of Class Action Settlement" to be published and communicated per the Notice Plan, attached as Exhibit B.

2.17.    "Notice and Other Administrative Costs" means all costs and expenses actually incurred by the Settlement Administrator relating to: (a) publication of Class Notice and handling of the notification duties imposed by Fed. R. Civ. P. 23, in accordance with the Notice Plan; (b) establishment of the Settlement Website; (c) establishment, handling, and administration of the Escrow Account; (d) processing, review, payment, and handling of all Claims; (e) all other activities relating to the administration of the Settlement, as set forth in this Settlement Agreement, which costs and expenses have been estimated by the Settlement Administrator to be KCC, LLC. All Notice and Other Administrative Costs will be paid as described in paragraph 5.6.

8

2.18. "Notice Date" means the date upon which Direct Mail Notice and Website Notice are disseminated as described in Section 5.4(a)-(c), below. For purposes of the Notice Date, dissemination occurs on the date of mailing or e-mailing or when the website is made publicly available.

2.19. "Notice Plan" means the plan to disseminate notice to the Principal Class Members, as described in Section V below.

2.20. "Parties" means Plaintiffs NorCal Tea Party Patriots, South Dakota Citizens for Liberty, Inc., Texas Patriots Tea Party, Americans Against Oppressive Laws, Inc., and San Angelo Tea Party and Defendant the United States of America.

2.21. "Preliminary Approval" means that the Court has entered an order preliminarily approving the terms and conditions of the Settlement as set forth in this Settlement Agreement, including the manner of providing the Class Notice to the Principal Class.

2.22. "Preliminary Approval Date" means the date on which the Court enters an order granting Preliminary Approval.

2.23. "Principal Class" or "Class" means:

All entities that, at any time from February 1, 2010 to June 30, 2013, filed an Application for Recognition of Tax Exemption with the IRS under 26 U.S.C. §§ 501(c)(3) or 501(c)(4) and had their application flagged by the IRS as an "Advocacy" case using the criteria:

(a)     A reference in the case file to "Tea Party," "Patriots," or "9/12 Project";
(b)     A reference in the case file to government spending, government debt, or taxes;
(c)     A reference in the case file to education of the public by advocacy or lobbying to "make America a better place to live"; or
(d)     A statement in the case file criticizing how the country is being run.

Excluded from the Principal Class are any entities that properly execute and file a request for exclusion from the Principal Class.

9

The Court also certified an Unnecessary Requests Subclass that is subsumed within the Principal Class.

2.24. "Principal Class Member" or "Class Member" means an entity that is a member of the Principal Class.

2.25. "Released Persons" means the United States of America.

2.26. "Representative Plaintiffs" means Plaintiffs NorCal Tea Party Patriots, South Dakota Citizens for Liberty, Inc., Texas Patriots Tea Party, Americans Against Oppressive Laws, Inc., and San Angelo Tea Party.

2.27. "Settlement Administrator" means KCC, LLC, and its successors, assigns, agents and subcontractors, or any other entity approved by the Court.

2.28. "Settlement Agreement" or "Agreement" means this Settlement Agreement, including all exhibits referenced herein.

2.29. "Settlement Fund" means the total value of the three million five hundred thousand dollars ($3,500,000.00) of monetary benefits that the United States will provide for payment of Claims to the Principal Class as part of the Settlement.

2.30. "Settlement Website" means a website created, operated, and maintained by the Settlement Administrator solely for purposes of making available to the Principal Class the documents, information, and claims submissions process referenced in Sections III and V below.

2.31. "Short Form Notice" means the Court-approved "Short Form Notice" for distribution to the Principal Class, in substantially the same form as Exhibit C.

2.32. "Third Party Funder" means The Hancock Committee for the States DBA Citizens for Self Governance, a recognized 501(c)(3) non-profit organization that has paid for attorneys' fees and expenses arising from the Action on behalf of the Principal Class.

10

### III.    Settlement Consideration

3.1.    <u>Monetary Benefits to the Principal Class</u>. Contingent upon the Court's final approval of the Settlement, the United States will pay three million five hundred thousand dollars ($3,500,000.00) in cash for use in paying: (a) valid and approved Claims submitted by the Principal Class Members; (b) the Notice and Other Administrative Costs; (c) the Fee and Expense Award; and (d) the Incentive Awards.

3.2.    <u>Establishment of the Escrow Account</u>. Within five (5) business days after the Preliminary Approval Date, the Escrow Account will be established by the Settlement Administrator, into which the United States will deposit the Settlement Funds that are required by this Settlement Agreement, and from which the Settlement Administrator will make payments required by this Settlement Agreement. The United States will deposit the Settlement Fund into the Escrow Account by wire transfer, and Class Counsel or the Settlement Administrator will provide all necessary Escrow Account information and wire transfer instructions to the United States. The Escrow Account will be held in trust, and maintained and administered at all times by the Settlement Administrator, but the Escrow Account shall at all times remain under the ultimate jurisdiction and control of the Court.

3.3.    <u>Schedule for Funding of Escrow Account</u>. Counsel from the Department of Justice will submit the necessary request for payment to fund the Escrow Account to the Department of the Treasury within fourteen (14) calendar days after the Final Approval Date. The Department of Treasury will deposit the funds directly into the Escrow Account. In the event the Settlement Agreement is terminated by Court disapproval, any remaining balance in the Escrow Account, including accrued interest, will be returned to the United States.

11

3.4.    <u>Claims Process</u>. Each Principal Class Member will be eligible to file a Claim that will, if valid, entitle that Principal Class Member to a cash payment from the Settlement Fund. Claims will be paid from the Escrow Account on or before the Claim Payment Deadline, but only after payment of all Notice and Other Administrative Costs, the Fee and Expense Award, and the Incentive Awards. Checks issued by the Settlement Administrator will be valid for one hundred eighty (180) calendar days from their issue date.

3.5.    <u>Pro-rata Adjustment of Benefits</u>. The respective total dollar value of valid and approved Claims will be determined on a pro-rata basis, the amount of which depends on: (a) the Settlement Funds remaining after subtraction of the Notice and Other Administrative Costs, the Fee and Expense Award, and the Incentive Awards; and (b) the number of valid and approved Claims submitted by Principal Class Members. The Principal Class Members that submit a valid and approved Claim will receive an equal amount of monetary benefits from the Settlement Fund.

3.6.    <u>Proof of Claim</u>. A maximum of one Claim, submitted on a single Claim Form, may be submitted by each Principal Class Member. A Claimant must provide in the Claim Form, under penalty of perjury: (a) the Principal Class Member name and contact information, including address and phone number; (b) the name and contact information, including address and phone number, of the individual submitting the Claim on behalf of the Principal Class Member; (c) verification that the individual submitting the Claim is duly authorized by the Principal Class Member to submit the Claim; and (d) verification that the Claimant is a member of the Principal Class; and (e) verification that the Principal Class Member is an organization in good standing in any State of the United States, the District of Columbia, or a United States territory or exists for purposes of winding up its affairs.

12

3.7.     Review of Claims. The Settlement Administrator will be responsible for reviewing all Claims to determine their validity. The Settlement Administrator will reject any Claim Form that does not comply in any material respect with the instructions on the Claim Form or the terms of this Settlement Agreement, or that is submitted after the Claim Submission Deadline. If the Settlement Administrator rejects a Claim submitted before the Claim Submission Deadline, it will provide notice to the Class Member and provide the reason(s) for such rejection within fourteen (14) days after the Claims Submission Deadline. The Class Member may seek to cure any defect in the Claim, but must do so within twenty-eight (28) days after the Claim Submission Deadline, unless otherwise approved by the Settlement Administrator or the Court. If the Class Member with a rejected Claim fails to cure within the required time, the claim shall be rejected.

3.8.     Timely Deposit—Uncleared Checks. Those Claimants who submitted valid Claims and whose cash payment checks have not cleared the Escrow Account within two hundred and ten (210) calendar days after issuance will be ineligible to receive a cash payment pursuant to this Settlement Agreement, and the United States will have no further obligation to make any payment pursuant to this Settlement Agreement or otherwise to such Claimants. All unpaid funds from uncleared checks will be distributed to the Representative Plaintiffs.

3.9.     Treasury Offset Program. The terms of this Settlement Agreement shall not affect the United States' ability to pursue an administrative offset against a Claimant under the Debt Collection Improvement Act of 1996, as codified at 31 U.S.C. § 3716 and administered through the Treasury Offset Program ("TOP"). The United States will make payment to the Escrow Account as set forth in Section 3.3, but will subtract from its payment the amount of debt owed by the Claimant(s) subject to an offset, not to exceed the pro-rata share of Settlement funds owed

13

to those Claimant(s) under the Settlement Agreement. Under no circumstances shall any effort by the United States to obtain an administrative offset alter the timing or amount of the pro-rata settlement funds to be paid to Claimants not subject to a claim for offset. The United States shall provide written notice of TOP offset pursuant to 31 U.S.C. § 3716. Counsel for the United States shall provide to Class Counsel and the Settlement Administrator the names of entities with administrative offsets to be applied no less than fourteen (14) calendar days prior to the Claim Payment Deadline. Claimants consent to the disclosure of any TOP information to the Class Counsel and the Settlement Administrator. In the event any funds withheld from the Escrow Account for purposes of an administrative offset are not in fact used to offset the debt of the Claimant, the funds withheld by the United States shall be returned to the Escrow Account and paid to the respective Claimant in accordance with the Settlement Agreement.

## IV.    Fee and Expense Award and Incentive Awards

4.1.    Fee and Expense Award. Class Counsel and/or the Third Party Funder will petition the Court for an award of attorneys' fees, costs, and expenses to be paid from the Settlement Fund by the Settlement Administrator to the Third Party Funder. As soon as practical after the Final Settlement Approval Date, and to the extent approved and ordered by the Court, the Fee and Expense Award will be paid to the Third Party Funder by the Settlement Administrator by wire transfer from the Escrow Account.

4.2.    Incentive Awards. Class Counsel will petition the Court for an award of incentive payments for the Representative Plaintiffs to be paid out of the Settlement Fund. The United States agrees that it will not object to a petition by Class Counsel to the Court seeking an award of such incentive payments not to exceed ten thousand dollars ($10,000.00) for each of the Representative Plaintiffs. After the Final Settlement Approval Date, and to the extent approved

14

and ordered by the Court, the Incentive Awards will be paid to each of the Representative Plaintiffs from the Escrow Account.

4.3.    Schedule for Petition for Fee and Expense Award and Incentive Awards. Class Counsel and/or the Third Party Funder will petition the Court for an award of attorneys' fees, costs, and expenses. Class Counsel will petition the Court for an award of incentive payments for the Representative Plaintiffs to be paid out of the Settlement Fund. All petitions will be filed on or before five (5) calendar days after the Preliminary Approval Date.

**V.      Notice to Class and Administration of Settlement**

5.1.    Class Notice. The Class Notice shall conform to all applicable requirements of the Federal Rules of Civil Procedure and any other applicable law, and shall otherwise be in the manner and form agreed upon by the Representative Plaintiffs and the United States, and as approved by the Court.

5.2.    General Notice Terms. The Class Notice will:

a.      Inform Principal Class Members that, if they do not exclude themselves from the Settlement Class, they may be eligible to receive the relief to be provided under the proposed Settlement as set forth in this Settlement Agreement;

b.      Contain a short, plain statement of the procedural background of the Action, the certification of the Principal Class, and the terms and conditions of the Settlement;

c.      Describe the Settlement outlined in this Settlement Agreement;

d.      Explain the impact of the Settlement on any existing litigation, arbitration, or other proceeding; and

15

    e.  State that any relief to the Principal Class Members is contingent on the Court's final approval of the Settlement.

  5.3. <u>Notice of Exclusion and Objection Rights</u>. The Class Notice will inform Principal Class Members of their rights to exclude themselves from the Settlement or to object to the Settlement, as described in paragraph 6.3 below.

  5.4. <u>Manner of Providing Class Notice</u>. The Claims Administrator will issue Class Notice no later than five (5) calendar days after filing of the Petition for Fee and Expense Award and Incentive Awards with the Court. Class Notice will be issued in the following manner, if approved by the Court:

    a.  **Direct Mail Notice**. The Principal Class Members will be sent copies of the Long Form Notice, the Short Form Notice, Petition for Fee and Expense Award and Incentive Awards, and the Claim Form by First Class U.S. Mail to their last known address. If a Principal Class Member has more than one known address, the Direct Mail Notice will be provided to the two most recently known addresses for the Principal Class Member. If no address is known for the Principal Class Member, but an address is available for one or more of its board members, members of its executive management, or authorized attorneys, the Direct Mail Notice will be provided to the last known addresses to two of the highest ranking members of its executive management or, if no addresses for members of executive management are known, to any two authorized attorneys or board members.

  b. **Website Notice**. The Principal Class Members will have access to the Settlement Website. The Settlement Website will contain links to the Long Form Notice, the

16

Short Form Notice, Petition for Fee and Expense Award and Incentive Award, the Claim Form in electronic and printable formats, the following pleadings and filings from the Action: the Settlement Agreement, the Second Amended Class Action Complaint, the Answer to the Second Amended Class Action Complaint, the Court's Order on the Motions to Dismiss, the Court's Order Certifying the Principal Class, the Court's Order Granting the Preliminary Injunction in Count II that is unrelated to the class claims, the United States' Motion for Summary Judgment, the Representative Plaintiffs' Opposition to the Motion for Summary Judgment, and any future filings. The Settlement Website will be available to the public no later than five (5) calendar days after Preliminary Approval and will be maintained by the Settlement Administrator until the Claim Payment Deadline.

5.5. **National Press Release**. In addition to the methods outlined in 5.4, Class Counsel will also distribute the Short Form Notice to national media outlets, including the Associated Press, the Wall Street Journal, the New York Times, and hundreds of other major publications.

5.6.    Responsibilities of Settlement Administrator. The Settlement Administrator shall, under the supervision of the Court, administer the relief provided by this Settlement Agreement by processing Claim Forms in a rational, responsive, cost-effective, and timely manner. The Settlement Administrator shall maintain reasonably detailed records of its activities under this Settlement Agreement. The Settlement Administrator shall maintain all such records as are required by applicable law in accordance with its normal business practices and such records will be made available to Class Counsel and Defendant's Counsel upon request. The Settlement Administrator shall also provide reports and other information to the Court as the Court may

17

require. The Settlement Administrator shall provide Class Counsel and Defendant's Counsel with information concerning Notice, administration, and implementation of the Settlement Agreement. Should the Court request, the Parties, in conjunction with the Settlement Administrator, shall submit a timely report to the Court summarizing the work performed by the Settlement Administrator.

The Settlement Administrator also is responsible for other tasks, including: (a) arranging for distribution of the Direct Mail Notice to the Principal Class Members; (b) answering all inquiries from Principal Class Members and/or forwarding such inquiries to Class Counsel or their designee; (c) receiving and maintaining on behalf of the Court and the Parties and Principal Class Members correspondence regarding requests for exclusion from the Settlement; (d) establishing the Settlement Website that posts the Class Notice and other notices, Claim Forms, and other related document; (e) receiving, reviewing, approving, and otherwise processing Claims and distributing cash payments to Claimants; (f) issuing payments pursuant to Court approval for the Fee and Expense Award and the Incentive Awards; (g) holding in trust, maintaining, and accounting for the deposits into and payments from the Escrow Account; (h) communicating with and reporting to Class Counsel and Defendant's Counsel; (i) provide copies of claims, opt out requests, and objections to Class Counsel and Defendant's Counsel as soon as practicable. If the Settlement Administrator receives any forms or other requests after the Claim Submission Deadline, the Settlement Administrator shall promptly provide copies thereof to Class Counsel and Defendant's Counsel; (j) make all required tax filings; and (k) otherwise assisting with implementation and administration of the terms of the Settlement Agreement. The Settlement Administrator will issue monthly invoices for all Notice and Other Administrative Costs incurred, which will become due after the Final Settlement Approval Date and will be paid

18

from the Escrow Account once funded. In the event the Settlement is not approved by the Court, Plaintiffs and Defendant will share equally the burden of paying the Notice and Other Administrative Costs incurred and invoiced by the Settlement Administrator.

5.7. <u>Performance Standards of Settlement Administrator</u>. The Settlement Administrator will abide by the following performance standards:

      a. The Settlement Administrator will accurately and objectively describe, and will train and instruct its employees and agents to accurately and objectively describe, the provisions of this Settlement Agreement in communications with Principal Class Members;

      b. The Settlement Administrator will provide prompt, accurate, and objective responses to inquiries from Class Counsel or their designee or Defendant's Counsel, and will periodically report to Class Counsel and Defendant's Counsel on claims, objectors, and other matters concerning the administration of the Settlement.

## VI. Class Settlement Procedures

6.1. <u>Settlement Approval</u>. Within thirty (30) calendar days after the signing of this Settlement Agreement, Representative Plaintiffs shall move the Court for an order preliminarily approving the terms and conditions of this Settlement Agreement as fair, reasonable, and adequate and in the best interest of the Principal Class, re-affirming its certification of the Principal Class, approving notice to the Principal Class in accordance with the Notice Plan, and setting a hearing to consider final approval of the Settlement and any objections thereto. Representative Plaintiffs will provide a draft of all papers supporting the motion for preliminary

19

approval to counsel for the United States at least ten (10) calendar days before the Motion is filed or due to be filed.

6.2.    <u>Final Order Approving Settlement and Judgment</u>. On or before fourteen (14) calendar days prior to the final approval hearing, Representative Plaintiffs will move the Court for entry of a Final Order and Judgment, granting final approval of this Settlement and holding this Settlement Agreement to be fair, reasonable, and adequate and in the best interests of the Principal Class Members, and binding (as of the Final Settlement Approval Date) on all Principal Class Members who have not excluded themselves as provided below, and ordering that the Settlement relief to be provided as set forth in this Settlement Agreement, ordering the releases as set forth in Section VII below to be effective on the Final Settlement Approval Date, and entering final judgment dismissing the Action. The Parties will request that the Court set a date certain that is ninety (90) calendar days after the Notice Date, or the next available date on the Court's calendar thereafter, for a hearing on whether the Settlement should be granted final approval, whether the Final Order and Judgment should be entered, and whether attorneys' fees, costs, and expenses, and incentive awards should be granted.

6.3.    <u>Exclusions and Objections</u>. The Class Notice will advise all Principal Class Members of their right: (a) to be excluded from the Settlement; and (b) to object to the Settlement. If any Principal Class Member wishes to be excluded from the Settlement, it must mail a valid opt-out notice, as described in the Class Notice, within thirty-five (35) calendar days after the Notice Date. Any Principal Class Member that timely elects to opt out of the Settlement will not be permitted to object to the Settlement. Persons falling within the definition of the Principal Class who validly and timely request exclusion from the Settlement effected by this Settlement Agreement, pursuant to the procedures set forth this Agreement, will not be Principal

Class Members, will not be bound by this Settlement Agreement, and will not be eligible to make a claim for any benefit under the terms of this Settlement Agreement. No more than ten (10) calendar days after the deadline to submit objections or request exclusion from the Settlement, the Settlement Administrator will prepare a report identifying the persons who have excluded themselves in a valid and timely manner from the Principal Class (the "Opt-Outs"), and provide such report to Class Counsel, Defendant's Counsel, and the Court.

If any Principal Class Member wishes to object to the Settlement and/or to be heard, it will have thirty-five (35) calendar days from the Notice Date to file with the Court a written notice of objection and/or request to be heard. Such written notice must include: (a) the Principal Class Member's name and contact information, including address and phone number; (b) the name and contact information, including address and phone number, of the attorney submitting the notice of objection on behalf of the Principal Class Member; (c) verification that the individual submitting the notice of objection is duly authorized by the Principal Class Member to submit the notice; (d) verification that the Principal Class Member is an organization in good standing in any State of the United States, the District of Columbia, or a United States territory or exists for purposes of winding up its affairs; (e) the specific grounds for each objection asserted, with any legal support, papers, briefs, or evidence the entity wishes to bring to the Court's attention; and (f) a statement indicating whether the Principal Class Member intends to appear at the hearing to consider final approval of the Settlement through counsel. The written notice of objection must be filed with the Court by a lawyer and mailed to each of the following three addresses, postmarked by thirty-five (35) calendar days from the Notice Date:

| COURT | CLASS COUNSEL | UNITED STATES COUNSEL |
|---|---|---|
| Office of the Clerk<br>United States District Court<br>Southern District of Ohio<br>Potter Stewart U.S.<br>Courthouse, Room 103<br>100 E. Fifth Street<br>Cincinnati, Ohio 45202 | Edward D. Greim<br>Dane C. Martin<br>Graves Garrett, LLC<br>1100 Main Street, Suite 2700<br>Kansas City, MO 64105 | Joseph A. Sergi<br>U.S. Department of Justice,<br>Tax Division<br>555 4th Street, N.W.<br>Washington, D.C. 20001 |

Any Principal Class Member wishing to appear at the hearing to consider final approval of the Settlement, it must appear through counsel. Any Principal Class Member who does not appear through counsel and who does not challenge or comment upon the fairness and adequacy of this Class Settlement Agreement or Class Counsel's petition for attorneys' fees and expenses shall waive and forfeit any and all rights to appear separately or object. To ask for permission to speak at the Fairness Hearing, an entity must retain counsel and have that counsel send a letter to the Court stating that it is the entity's "Notice of Intention to Appear" in *NorCal Tea Party Patriots v. Internal Revenue Service,* Civil Action No. 1:13-cv-00341 and telling the Court that the entity plans to attend the Fairness Hearing through counsel and would like permission to speak during the Hearing. The entity's Notice of Intention to Appear must be filed with the Court and mailed with a postmark no later than thirty-five (35) calendar days from the Notice Date to the Clerk of the Court, Class Counsel, and United States Counsel. The Notice of Intention to Appear letter must be sent by counsel for the entity and identify the Class Member whom he or she represents. Counsel for the entity cannot speak at the Fairness Hearing if the entity does not timely file its objections or if it otherwise excludes itself from the Class.

All members of the Principal Class shall be bound by all the terms of this Class Settlement Agreement and by all proceedings, orders and judgments in this Action. Even if a Class Member objects to the proposed Settlement, it may submit the Claim Form in order to

22

share in the benefits of the proposed Settlement, if the Settlement is granted final approval by the Court.

6.4     Responses to Written Objections. On or before thirty (30) calendar days prior to the final approval hearing, the parties may file with the Court a response to any written objections.

6.5     Inducement to Object. Neither Party nor their counsel nor the Third Party Funder shall encourage any member of the Settlement Class to file any objection. The Parties will request that the Court, in connection with Preliminary Approval, continue its stay of the Action except to the extent necessary to effectuate this Settlement Agreement and to receive briefing and resolve the pending Motions to Seal by Former Individual Defendants Lois Lerner and Holly Paz, unless and until this Agreement is terminated pursuant to its terms and conditions.

6.6.    Effect if Settlement Not Approved. This Settlement Agreement was entered into only for purposes of settlement, subject to and without waiver of the Parties' respective rights. In the event that the Court fails to enter the order granting Preliminary Approval or fails to grant Final Approval, or in the event the Final Settlement Approval Date does not occur, Class Counsel and Defendant's Counsel will endeavor, consistent with the Settlement Agreement, to cure any defect identified by the Court. In the event that the Settlement Agreement is terminated for any reason, Final Approval does not occur for any reason, or the Final Settlement Approval Date does not occur, then no term or condition of the Settlement Agreement, or any draft thereof, or any discussion, negotiation, documentation or other part or aspect of the Parties' settlement discussions will have any effect, nor will any such matter be admissible in evidence for any purpose in the Action, or in any other proceeding, and the Parties will be restored to their respective positions immediately preceding execution of this Settlement Agreement.

23

6.7. <u>Not Effective Until Signed</u>. The Settlement Agreement will have no effect, unless and until this Settlement Agreement is fully executed by all Parties.

**VII. Releases**

7.1. <u>Release by Principal Class Members</u>. Effective as of the Final Settlement Approval Date, each Principal Class Member (except any such person who has filed a proper and timely request for exclusion) shall release and forever discharge, and shall be forever barred from asserting, instituting, or maintaining against any or all of the Released Persons, any and all existing claims, demands, actions, causes of action, lawsuits, arbitrations, damages, or liabilities of any nature whatsoever, known or unknown, whether legal, equitable, or otherwise, arising from or relating to the United States' processing of Applications for Tax Exemption by the Principal Class Members through the date of Final Settlement Approval (collectively, the "Released Claims").

7.2. <u>Effectuation of the Settlement</u>. None of the above releases includes releases of claims or otherwise affects rights to enforce the terms of the Settlement.

7.3. <u>Dismissal of Action</u>. In connection with the issuance of an order granting final approval of this Class Settlement Agreement, the Parties shall present the Court with a final order of dismissal with prejudice of the action and request immediate entry of that order.

**VIII. Continued Certification of the Principal Class**

8.1. The Parties agree that the Principal Class will continue to be certified and proceed as a class action under Federal Rule of Civil Procedure 23, with a Principal Class consisting of all Principal Class Members, and with the named Plaintiffs as Representative Plaintiffs and Plaintiffs' Counsel as the Class Counsel for the Principal Class Members.

**IX.**   **Miscellaneous Provisions**

9.1.   <u>Reasonable Efforts</u>. Subject to the other terms and conditions of this Settlement Agreement, the Parties and their respective counsel will use reasonable efforts to cause the Court to give Preliminary Approval to this Settlement Agreement as promptly as practical, to take all steps contemplated by this Settlement Agreement that are necessary to effectuate the Settlement on the stated terms and conditions, and to obtain Final Approval of this Settlement Agreement and achieve a Final Settlement Approval Date.

9.2.   <u>Change of Time Periods</u>. The time periods or dates described in this Settlement Agreement with respect to the giving of notices and hearings are subject to approval and change by the Court or by the written agreement of Class Counsel and Defendant's Counsel, with notice to Principal Class Members via the Settlement Website. The Parties reserve the right, by agreement and subject to the Court's approval, to grant any reasonable extension of time that might be needed to carry out any of the provisions of this Settlement Agreement.

9.3.   <u>Time for Compliance</u>. If the date for performance of any act required by or under this Settlement Agreement falls on a Saturday, Sunday, or court holiday, that act may be performed on the next business day with the same effect as if it had been performed on the day or within the period of time specified by or under this Settlement Agreement.

9.4.   <u>Governing Law</u>. This Settlement Agreement is intended to and will be governed by federal law without giving effect to principles of conflicts of law.

9.5.   <u>Entire Agreement</u>. The terms and conditions set forth in this Settlement Agreement constitute the complete and exclusive statement of the agreement between the Parties relating to the subject matter of this Settlement Agreement, superseding all previous understandings, and may not be contradicted by evidence of any prior or contemporaneous

25

agreement. The Parties further intend that this Settlement Agreement constitutes the complete and exclusive statement of its terms as between the Parties.

9.6.     Advice of Counsel. The determination of the terms and the drafting of this Settlement Agreement have been by mutual agreement after negotiation, with consideration by and participation of all Parties and their counsel.

9.7.     Binding Agreement. This Settlement Agreement shall be binding upon and inure to the benefit of the respective successors and assigns of the Parties, the Principal Class Members, and the Released Persons.

9.8.     No Waiver. The waiver by any Party of any provision or breach of this Settlement Agreement shall not be deemed a waiver of any other provision or breach of this Settlement Agreement.

9.9.     Execution in Counterparts. This Settlement Agreement shall become effective upon its execution by all of the undersigned. The Parties may execute this Settlement Agreement in counterparts, and execution of counterparts shall have the same force and effect as if all Parties had signed the same instrument. The Parties further agree that signatures provided by .pdf or other electronic transmission shall have the same force and effect as original signatures.

9.10.    Modification or Amendment. The Settlement Agreement may be amended or modified only by a written instrument signed by or on behalf of all parties or their respective successors-in-interest.

9.11.    Enforcement of Settlement Agreement. The Court will have and retain exclusive jurisdiction at all times to enforce, interpret, and implement this Settlement Agreement and all aspects of the Settlement, and the terms of any orders and judgments entered pursuant to this Settlement Agreement.

IN WITNESS HEREOF the undersigned, being duly authorized and intending to be legally bound hereby, have caused this Settlement Agreement to be executed on the dates shown below and agree that it shall take effect on the date it is executed by all of the undersigned.

**APPROVED AND AGREED:**

Representative Plaintiffs

Dated: _Feb 27_____, 2018     _Ginny Rapini – Coordinator_
                                 NorCal Tea Party Patriots

Dated: _____, 2018     _____
                                   Texas Patriots Tea Party

Dated: _____, 2018     _____
                                   Americans Against Oppressive Laws

Dated: _____, 2018     _____
                                   South Dakota Citizens for Liberty

Dated: _____, 2018     _____
                                   San Angelo Tea Party

**APPROVED AND AGREED:**

The United States of America

Dated: _____, 2018     _____
                                   Travis A. Greaves
                                   Deputy Assistant Attorney General
                                   Tax Division
                                   United States Department of Justice

27

*FAX 016-877-0863*

IN WITNESS HEREOF the undersigned, being duly authorized and intending to be legally bound hereby, have caused this Settlement Agreement to be executed on the dates shown below and agree that it shall take effect on the date it is executed by all of the undersigned.

**APPROVED AND AGREED:**

Representative Plaintiffs

Dated: _____, 2018

_____
NorCal Tea Party Patriots

Dated: _Feb 28,_____, 2018

_____
Texas Patriots Tea Party

Dated: _____, 2018

_____
Americans Against Oppressive Laws

Dated: _____, 2018

_____
South Dakota Citizens for Liberty

Dated: _____, 2018

_____
San Angelo Tea Party

**APPROVED AND AGREED:**

The United States of America

Dated: _____, 2018

_____
Travis A. Greaves
Deputy Assistant Attorney General
Tax Division
United States Department of Justice

27

IN WITNESS HEREOF the undersigned, being duly authorized and intending to be legally bound hereby, have caused this Settlement Agreement to be executed on the dates shown below and agree that it shall take effect on the date it is executed by all of the undersigned.

**APPROVED AND AGREED:**

Representative Plaintiffs

Dated: _____, 2018

_____
NorCal Tea Party Patriots

Dated: _____, 2018

_____
Texas Patriots Tea Party

Dated: _2/28/_____, 2018

*Harold R Nyloos*
_____
Americans Against Oppressive Laws

Dated: _____, 2018

_____
South Dakota Citizens for Liberty

Dated: _____, 2018

_____
San Angelo Tea Party

**APPROVED AND AGREED:**

The United States of America

Dated: _____, 2018

_____
Travis A. Greaves
Deputy Assistant Attorney General
Tax Division
United States Department of Justice

27

IN WITNESS HEREOF the undersigned, being duly authorized and intending to be legally bound hereby, have caused this Settlement Agreement to be executed on the dates shown below and agree that it shall take effect on the date it is executed by all of the undersigned.

**APPROVED AND AGREED:**

Representative Plaintiffs

Dated: _____, 2018

_____
NorCal Tea Party Patriots

Dated: _____, 2018

_____
Texas Patriots Tea Party

Dated: _____, 2018

_____
Americans Against Oppressive Laws

Dated: *March 4*, 2018

_____
South Dakota Citizens for Liberty

Dated: _____, 2018

_____
San Angelo Tea Party

**APPROVED AND AGREED:**

The United States of America

Dated: _____, 2018

_____
Travis A. Greaves
Deputy Assistant Attorney General
Tax Division
United States Department of Justice

27

IN WITNESS HEREOF the undersigned, being duly authorized and intending to be legally bound hereby, have caused this Settlement Agreement to be executed on the dates shown below and agree that it shall take effect on the date it is executed by all of the undersigned.

**APPROVED AND AGREED:**

Representative Plaintiffs

Dated: _____, 2018

_____
NorCal Tea Party Patriots

Dated: _____, 2018

_____
Texas Patriots Tea Party

Dated: _____, 2018

_____
Americans Against Oppressive Laws

Dated: _____, 2018

_____
South Dakota Citizens for Liberty

Dated: _March 2_____, 2018

_Lyleann McClellan Shea_____
San Angelo Tea Party

**APPROVED AND AGREED:**

The United States of America

Dated: _____, 2018

_____
Travis A. Greaves
Deputy Assistant Attorney General
Tax Division
United States Department of Justice

27

IN WITNESS HEREOF the undersigned, being duly authorized and intending to be legally bound hereby, have caused this Settlement Agreement to be executed on the dates shown below and agree that it shall take effect on the date it is executed by all of the undersigned.

**APPROVED AND AGREED:**

Representative Plaintiffs

Dated: _____, 2018

_____
NorCal Tea Party Patriots

Dated: _____, 2018

_____
Texas Patriots Tea Party

Dated: _____, 2018

_____
Americans Against Oppressive Laws

Dated: _____, 2018

_____
South Dakota Citizens for Liberty

Dated: _____, 2018

_____
San Angelo Tea Party

**APPROVED AND AGREED:**

The United States of America

Dated: _February 28_, 2018

_____
Travis A. Greaves
Deputy Assistant Attorney General
Tax Division
United States Department of Justice

27

# Exhibit A

IRS Settlement
[ADDRESS]
[ADDRESS]

**IMPORTANT LEGAL MATERIALS**

| CLAIM FORM |
| :---: |

*In re: NorCal v IRS, Civil Action Number 1:13-cv-00341*

To make a claim, your entity must fully complete the online claim form on the Settlement Website at: [INSERT WEBSITE] and submit it by [INSERT CLAIM SUBMISSION DEADLINE]. Alternatively, your entity may fully complete this paper form and mail it, postmarked no later than [INSERT CLAIM SUBMISSION DEADLINE], to the Claims Administrator at:

> Norcal v. IRS Settlement
> [ADDRESS]
> [ADDRESS]

Only Class Members may make a claim for a cash payment. Each Class Member may only submit one (1) claim. The actual amount available for each Class Member will not be determined until after [INSERT CLAIM SUBMISSION DEADLINE] and may not be determined until after the Settlement is granted final approval by the Court.

*Please read all of the following instructions carefully before filling out the Claim Form.*

1. Please review the Notice of Class Action Settlement (the "Notice") that was mailed to you with this form and that also is available at [INSERT WEBSITE] before you complete your Claim Form. If you or your entity does not have access to a computer and you need another copy of the Notice, call [INSERT NUMBER] to have the Notice sent to you.

2. Type or print legibly in black ink.

3. Complete Part A ("Class Member") by filling in the name, current mailing address, daytime telephone number with area code, and e-mail address of the organization submitting the Claim.

4. Complete Part B ("Authorized Representative") by filling in the name, current mailing address, daytime telephone number with area code, and e-mail address of the individual submitting the Claim on behalf of the Class Member.

5. Complete Part C ("Confirmations") by confirming whether you are authorized to submit a Claim on behalf of the Class Member and whether the Class Member is an organization in good standing or exists for purposes of winding up its affairs.

6. Complete Part D ("Signature").

7. Keep a copy of your completed Claim Form for your records. If your claim is rejected for any reason, the Claims Administrator will notify you of the rejection and the reasons for such rejection. You may attempt to cure any reason for the rejection, but must do so by [INSERT CLAIM SUBMISSION DEADLINE] unless otherwise approved by the Settlement Administrator or the Court.

## Part A: Class Member

*Please provide the following information regarding the organization submitting the Claim:*

Entity Name: _____EIN: _____

Street Address: _____

City: _____ State: _____ Zip Code: _____

## Part B: Authorized Representative

*Please provide the following information regarding the individual submitting the Claim on behalf of the Class Member:*

Name of Authorized Representative: _____

Street Address: _____

City: _____ State: _____ Zip Code: _____

Daytime Phone Number: (_____) _____ - _____

Email Address: _____

## Part C: Confirmations

☐    By checking this box, I affirm under penalty of perjury that I am authorized by the Class Member identified above to submit this Claim on its behalf.

☐    By checking this box, I affirm under penalty of perjury that the Class Member identified above is an organization in good standing in a State of the United States, the District of Columbia, or a United States territory or exists for purposes of winding up its affairs.

## Part D: Signature

I certify under penalty of perjury that the information stated in this Claim Form is, to the best of my knowledge, true and correct.

Signature: _____ Dated: _____ / _____ / _____

# Exhibit B

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO

# NOTICE OF CLASS ACTION SETTLEMENT



*A court authorized this notice. This is not a solicitation from a lawyer.*

▪ Please read this Notice carefully. Your legal rights are affected whether you act or do not act.

  ▪ A proposed Settlement has been reached in a class action lawsuit that claims that the Internal Revenue Service ("IRS") violated the taxpayer privacy statute, 26 U.S.C. § 6103 by inspecting class members' tax return information without a valid tax administration purpose in the course of processing their Applications for Tax-Exemption under 26 U.S.C. §§ 501(c)(3) or 501(c)(4). The court in charge of this lawsuit has granted preliminary approval of the proposed Settlement, but still has to decide whether to grant final approval.

▪ Your entity may be eligible to participate in the proposed Settlement if it is finally approved and if you are a member of the Class.

▪ Those entities eligible to participate in the proposed Settlement may be able to receive a portion of the $3,500,000.00 fund made available under the proposed Settlement. The amount entities may be eligible to receive will be based on the number of valid and timely claims submitted and the deduction of certain fees and costs as approved by the Court.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS LAWSUIT | |
|---|---|
| SUBMIT A CLAIM FORM | The only way to get payment. |
| EXCLUDE YOUR ENTITY | Get no payment. Your entity will retain any right it may have to sue the IRS separately about the claims involved in this case. |
| OBJECT | Write to the Court explaining why your entity doesn't like the Settlement. Your entity must remain in the class to object. |
| DO NOTHING | Your entity will not get a share of the proposed Settlement benefits, will give up its right to object to the Settlement, and will give up any right it may have to sue the IRS |

QUESTIONS? CALL [**TELEPHONE NUMBER**] TOLL FREE OR VISIT [**SETTLEMENT WEBSITE**]

| | separately about the claims involved in this case. |
|---|---|

- These rights and options—**and the deadlines to exercise them**—are explained in this notice.

- The Court in charge of this case still has to decide whether to finally approve the settlement. Payments will be made if the Court approves the settlement and after any appeals are resolved. Please be patient.

# WHAT THIS NOTICE CONTAINS

BASIC INFORMATION ....................................................................................................1

WHO IS INCLUDED IN THE SETTLEMENT ....................................................................3

EXCLUDING YOUR ENTITY FROM THE PROPOSED SETTLEMENT ...........................5

THE LAWYERS REPRESENTING YOUR ENTITY............................................................6

OBJECTING TO THE PROPOSED SETTLEMENT ...........................................................7

THE COURT'S FAIRNESS HEARING .............................................................................8

THE COURT WILL HOLD A FAIRNESS HEARING TO DECIDE WHETHER TO GRANT
FINAL APPROVAL TO THE PROPOSED SETTLEMENT. YOUR ENTITY MAY ATTEND
THE FAIRNESS HEARING THROUGH YOUR OWN COUNSEL AT YOUR OWN COST, BUT
IT DOES NOT HAVE TO DO SO.......................................................................................8

GETTING MORE INFORMATION ...................................................................................9

## BASIC INFORMATION

**1. Why was this notice issued?**

Your entity meets the definition of the Class certified by the Court, which is defined as:

> All entities that, at any time from February 1, 2010 to June 30, 2013, filed an Application for Recognition of Tax Exemption with the IRS under 26 U.S.C. §§ 501(c)(3) or 501(c)(4) and had their application flagged by the IRS as an "Advocacy" case using the criteria:
> (a) "Tea Party," "Patriots" or "9/12 Project";
> (b) government spending, government debt or taxes;
> (c) education of the public by advocacy or lobbying to "make America a better place to live"; or
> (d) criticism of how the country is being run.

The Court also certified an Unnecessary Requests Subclass, which is defined as:

> All entities included in the Principal Class that, at any time from January 1, 2010 to June 30, 2013, provided information in response to one or more of the following requests for information by the IRS:
> (a) The names of any donors;
> (b) A list of all issues that are important to the entity and an indication of its position regarding such issues;

1

(c) Information about the roles of non-member participants in activities by the entity and the types of conversations and discussions had by members and participants during the activity;

(d) Whether any officer, director, or member of the entity has run or will run for public office;

(e) The political affiliation of any officer, director, member, speaker, or candidates supported or other questions regarding any relationship with identified political parties;

(f) Information regarding the employment of any officer, director, or members other than by the entity, including but not limited to the number of hours worked; or

(g) Information regarding the activities of other entities beyond solely the relationship between the applicant and such other entities.

The Court sent you this notice because your entity has a right to know about the proposed Settlement of this class action lawsuit and about its options before the Court decides whether to approve the Settlement. If the Court approves the Settlement after any objections and appeals are resolved, an administrator appointed by the Court will make the payments that the Settlement provides. Your entity will be informed of the progress of the Settlement.

This notice explains the lawsuit, the Settlement, your entity's legal rights and options, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of this case is the United States District Court for the Southern District of Ohio (the "Court"), and the case is known as *NorCal Tea Party Patriots v. Internal Revenue Service,* Civil Action No. 1:13-cv-00341. The entities who sued, called Plaintiffs or the Class Representatives, are NorCal Tea Party Patriots, South Dakota Citizens for Liberty, Inc., Americans Against Oppressive Laws, Inc., Texas Patriots Tea Party, and San Angelo Tea Party. The entity they sued, called the Defendant, is the United States of America. Sometimes the Plaintiffs and Defendant are referred to in this Notice collectively as the "Parties" or individually as "Party."

## 2. What is this lawsuit about?

This lawsuit is about whether the IRS discriminated and retaliated against certain groups in the course of processing their Applications for Tax-Exemption under 26 U.S.C. §§ 501(c)(3) or 501(c)(4). For purposes of this class action, this lawsuit is also about whether the IRS violated the taxpayer privacy statute, 26 U.S.C. § 6103, by repeatedly inspecting class members' tax information without a lawful tax administration purpose.

## 3. Why is this a class action?

In a class action, one or more people called "Class Representatives" (in this case NorCal Tea Party Patriots, South Dakota Citizens for Liberty, Inc., Americans Against Oppressive Laws, Inc., Texas Patriots Tea Party, and San Angelo Tea Party) have sued on behalf of other groups that have similar claims. The groups together are a "Class" or "Class Members." One court resolves the issues for everyone in the Class, except for those groups that choose to exclude

themselves from the Class. U.S. District Judge Michael R. Barrett is in charge of this class action.

| 4. Why is there a proposed Settlement? |

The Parties have reached a Settlement to resolve this matter without the expense and uncertainty of trial. The Court has not decided in favor of either Party, and there has been no trial. If the Court grants final approval of the proposed Settlement, the class members in this lawsuit may receive the Settlement benefits described in this Notice, if they are eligible according to the requirements of this Settlement. The Class Representatives and the Class Counsel (described more specifically in Question 16) believe that the proposed Settlement is in the best interests of the Class.

## WHO IS INCLUDED IN THE SETTLEMENT

| 5. Is my entity part of this Settlement Class? |

To participate in the Settlement, if it is granted final approval by the Court, your entity must be a member of the Class. The Class is defined as:

> All entities that, at any time from February 1, 2010 to June 30, 2013, filed an Application for Recognition of Tax Exemption with the IRS under 26 U.S.C. §§ 501(c)(3) or 501(c)(4) and had their application flagged by the IRS as an "Advocacy" case using the criteria:
> (a) "Tea Party," "Patriots" or "9/12 Project";
> (b) government spending, government debt or taxes;
> (c) education of the public by advocacy or lobbying to "make America a better place to live"; or
> (d) criticism of how the country is being run.

The Principal Class is comprised of the following entities:

> [INSERT AGREED LIST OF CLASS MEMBERS]

| 6. Are there exceptions to being included? |

The proposed Settlement does not include:
- Any entity that does not meet the class definition;
- Any entity that excludes itself from the Class (*see* Question 12); and
- The judge presiding over the class action lawsuit, the Court staff, and their immediate families.

| 7. What if I am still not sure if my entity is *included*? |

If your entity is not sure whether it is a Class Member, or has any other questions about the proposed Settlement, visit the website, [INSERT WEBSITE], or call the toll free number,

3

[INSERT NUMBER]. You may also send questions to the Settlement Administrator at [INSERT ADDRESS].

# THE SETTLEMENT BENEFITS

**8.    What does the proposed Settlement provide?**

The proposed Settlement, if finally approved, provides benefits to Class Members in the form of monetary relief. The Defendant will pay three million five hundred thousand dollars ($3,500,000.00), which will be used to pay valid claims on a pro-rata basis. The amount of monetary relief your entity may receive is based on the number of valid Claims and deductions of settlement administrator costs, attorneys' fees and expenses, and incentive awards, as approved by the Court.

Each Class Member may only submit one (1) claim. The actual amount available for each Class Member will not be determined until after the Claim Submission Deadline and may not be determined until after the Settlement is granted final approval by the Court.

# HOW TO GET A CASH PAYMENT

**9.    How can my entity get a cash payment?**

If your entity is a Class Member and it wants to participate in this proposed Settlement, it must properly and timely submit a completed Claim Form. The Claim Form is included with this Notice and is also available online from the Settlement website, [INSERT WEBSITE]. Read the instructions carefully and fill out the form completely.

The Claim Form can be submitted online or by mail. If your entity chooses to submit online, it must do so by the Claim Submission Deadline. If your entity chooses to submit a hard copy by mail, the Claim Form must be postmarked by Claim Submission Deadline and mailed to:

[Settlement Administrator]

c/o In re: NorCal v IRS, Civil Action Number 1:13-cv-00341

P.O. Box _____

[ADDRESS]

Your entity must fully complete the Claim Form and submit it by the deadline in order to receive benefits under the proposed Settlement.

**10. When will my entity get the cash payment?**

Settlement benefits will be distributed if the Court grants final approval of the proposed Settlement and after any appeals are resolved. The Court will hold a Fairness Hearing on [INSERT DATE], to decide whether to grant final approval of the proposed Settlement. If the Court grants final approval, there may be appeals. We do not know how much time it could take to resolve any appeals that may be filed. If the Court does not grant final approval of the

proposed Settlement or if the proposed Settlement is not approved in any appeal that may be brought, your entity will not receive any cash payment. Please check the Settlement website for updates on the progress of the Settlement.

## 11. What happens if my entity does nothing at all?

If your entity does nothing, it will <u>not</u> receive a cash payment from this proposed Settlement, and your entity will not be able to sue the United States on the basis of the legal and factual issues involved in this lawsuit or otherwise released by the Settlement Agreement and the Court's Final Judgment and Order. Your entity must submit a valid, timely, and complete Claim Form in order to receive benefits from the proposed Settlement, or your entity must exclude itself from the proposed Settlement in order to sue the United States on the basis of the legal and factual issues involved in this lawsuit or that are released by the Settlement Agreement and the Court's Final Judgment and Order.

# EXCLUDING YOUR ENTITY FROM THE PROPOSED SETTLEMENT

If your entity does not want to participate in this proposed Settlement or receive the benefits provided by this Settlement, but it wants to keep the right to sue the United States on its own concerning the legal and factual issues involved in this case, then it must take steps to exclude itself or "opt out" of the Class, as described in this Notice and the Settlement Agreement, which was filed with the Court and is available on the Settlement website, [INSERT WEBSITE]. All Class Members who do not properly and timely exclude themselves from the Class will be bound by the terms of the Settlement Agreement, the releases set forth in the Settlement Agreement, and the Court's Final Judgment and Order, if the Court grants final approval of the proposed Settlement.

## 12. How can my entity get out of – or exclude itself from – the proposed Settlement?

Your entity can exclude itself from the Class and the proposed Settlement by mailing a letter, postmarked no later than [INSERT DATE], to the Settlement Administrator at the following address:

[Settlement Administrator]
c/o In re: NorCal v IRS, Civil Action Number 1:13-cv-00341
P.O. Box _____
[ADDRESS]

The letter must state that your entity wants to be excluded from the Class in *NorCal Tea Party Patriots v. Internal Revenue Service,* Civil Action No. 1:13-cv-00341, and must include: (a) the entity's name and contact information; (b) the name and contact information, including address and phone number, of the individual submitting the request for exclusion on behalf of the Class Member; and (c) verification that the individual submitting the Claim is authorized by the Class Member to submit the request for exclusion. The letter must be signed by an authorized representative of the Class Member requesting exclusion.

If your entity asks to be excluded from the Class, it will not be eligible to receive any benefits of the proposed Settlement, and it cannot object to the proposed Settlement. If your entity does not include the required information or does not mail the letter within the deadline, the Class Member will remain a Class Member and will not be able to sue the United States on the basis of the legal and factual issues involved in this case or that are released by the Settlement Agreement and the Court's Final Judgment and Order.

### 13. What is my entity giving up if it stays in the Class?

If the Court grants final approval to the proposed Settlement, and unless your entity excludes itself, it cannot sue, continue to sue, or be part of any other lawsuit against the United States concerning the legal and factual issues involved in this case. It also means that all of the Court's orders will be legally binding on the entity.

### 14. If my entity excludes itself, can it still get a cash payment from the settlement?

No. If your entity excludes itself, then do not submit a Claim Form to ask for a cash payment. If your entity requests exclusion from the Class, then:

- It will not be eligible for a cash payment under the proposed Settlement;
- It will not be allowed to object to the terms of the proposed Settlement; and
- It will not be bound by any subsequent rulings entered in this case if the proposed Settlement is finally approved.

However, it may sue, continue to sue, or be part of a different lawsuit against the United States involving the claims in this case, subject to any other applicable legal requirements or limitations.

## THE LAWYERS REPRESENTING YOUR ENTITY

### 15. Does my entity have a lawyer in this case?

Yes. The Court decided that the law firms of Graves Garrett, LLC, Langdon Law, LLC, Finney Law Firm, LLC, and Randles & Splittgerber, LLP are qualified to represent your entity and all Class Members. They are experienced in handling class actions and claims involving constitutional law and statutory provisions. The Court has appointed those firms as counsel for the Class, called "Class Counsel." More information about these law firms, their practices, and their lawyers' experience is available at www.gravesgarrett.com, www.langdonlaw.com, www.finneylawfirm.com, and www.randleslaw.com.

### 16. Should it get its own lawyer?

Your entity does not need to hire its own lawyer because Class Counsel is working on its behalf. But, if your entity wants its own lawyer, it will have to pay that lawyer. For example, your entity can retain a lawyer to appear in Court for it if it wants someone other than Class Counsel to speak for it. If you intend to object to the proposed settlement, as described below, you will need to retain your own counsel.

## 17. How will the lawyers be paid?

Class Counsel has prosecuted this lawsuit against the Government for more than four years. This litigation was made possible by a third-party funder, Citizens for Self-Governance ("CSG"), which has paid the attorneys' fees and expenses incurred in the lawsuit on behalf of the Class. Class Counsel has asked the Court to reimburse CSG for a portion of the attorneys' fees and expenses that it has expended in prosecuting this case and obtaining the Settlement benefits for the Class. Any reimbursement approved by the Court will be deducted from the Settlement Fund prior to the pro-rata disbursement for the Class Members (see Question No. 8). The application for reimbursement of attorneys' fees and expenses has been mailed to all Class Members and is posted on the Settlement Website, [INSERT WEBSITE].

# OBJECTING TO THE PROPOSED SETTLEMENT

## 18. How does my entity object to the proposed Settlement?

As a Class Member, your entity has the right to file written comments or objections with the Court if there is something about the proposed Settlement that it does not like. If your entity objects, it has the right to appear at the Court's Fairness Hearing, but it must do so through its own counsel hired at its own expense. The entity's counsel may tell the Court why the Class Member objects to the proposed Settlement.

To object to the proposed Settlement, your entity's lawyer must file written objections with the Court by [INSERT DATE], and mailed to each of the following three addresses, postmarked by [INSERT DATE]:

| COURT | CLASS COUNSEL | UNITED STATES COUNSEL |
|---|---|---|
| Office of the Clerk United States District Court Southern District of Ohio Potter Stewart U.S. Courthouse, Room 103 100 E. Fifth Street Cincinnati, Ohio 45202 | Edward D. Greim Dane C. Martin Graves Garrett, LLC 1100 Main Street, Suite 2700 Kansas City, MO 64105 | Joseph A. Sergi U.S. Department of Justice, Tax Division 555 4th Street, N.W. Washington, D.C. 20001 |

The written objections must include: (a) the Class Member's name and contact information, including address and phone number; (b) the name and contact information, including address and phone number, of the individual submitting the notice of objection on behalf of the Class Member; (c) verification that the individual submitting the notice of objection is duly authorized by the Class Member to submit the notice; (d) verification that the Class Member is an organization in good standing in any State of the United States, the District of Columbia, or a United States territory or exists for purposes of winding up its affairs; (e) the specific grounds for each objection asserted, with any legal support, papers, briefs, or evidence the person wishes to bring to the Court's attention; and (f) a statement indicating whether the Class Member intends to appear at the hearing to consider final approval of the Settlement through counsel. The written

notice of objection must be filed with the Court by a lawyer. Any Class Member wishing to appear at the hearing to consider final approval of the Settlement must appear through a lawyer.

Even if your entity objects to the proposed Settlement, you may submit the Claim Form in order to share in the benefits of the proposed Settlement, if it is granted final approval by the Court.

**19. What is the difference between objecting and asking to be excluded?**

Objecting is telling the Court that your entity does not like something about the proposed Settlement. You can object only if your entity stays in the Class. Excluding your entity from the Class is telling the Court that it does not want to be part of the Class or participate in the proposed Settlement. If your entity excludes itself, it has no basis to object because the case no longer affects it.

# THE COURT'S FAIRNESS HEARING

The Court will hold a Fairness Hearing to decide whether to grant final approval to the proposed Settlement. Your entity may attend the Fairness Hearing through your own counsel at your own cost, but it does not have to do so.

**20. When and where will the Court decide whether to approve the proposed Settlement?**

The Court will hold a Fairness Hearing at [INSERT TIME AND DATE] at the United States District Court for the Southern District of Ohio in Cincinnati, 100 E. Fifth Street, Cincinnati, Ohio 45202. Because the Fairness Hearing may be moved to a different date or time without additional individual notice, please routinely check the Settlement Website, [INSERT WEBSITE], for updates.

At the Fairness Hearing, the Court will consider whether the proposed Settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. The Court may also decide how much to reimburse CSG and/or Class Counsel for attorneys' fees and expenses and whether to pay the Class Representatives incentive awards for prosecuting the case on behalf of the Class. The Parties have agreed that Class Counsel may request from the Court incentive awards for the Class Representatives in the amount of up to $10,000 for each of the Class Representatives to compensate them for their time and efforts over more than four years to prosecute this lawsuit. During or after the Fairness Hearing, the Court will decide whether to grant final approval of the proposed Settlement. We do not know how long it will take for the Court to make these decisions.

**21. Does my entity have to come to the Fairness Hearing?**

No. Class Counsel will represent the interests of all Class Members who have not excluded themselves from the Class, and will answer questions the Court may have, at the Fairness Hearing. However, your entity is welcome to hire a lawyer at its own expense to attend. If your entity sends an objection through counsel, counsel does not have to come to the Court to talk about it. As long as counsel for your entity properly and timely mailed its objection, the Court will consider it.

Please note that the Court has the right to change the date and/or time of the Fairness Hearing without further notice. If counsel for your entity is planning on attending the Fairness Hearing, he or she should confirm the date and time before going to the Court.

**22. May my entity speak at the Fairness Hearing?**

Yes, your entity may ask the Court for permission to speak at the Fairness Hearing, but only through your own counsel and only if your entity has timely and properly filed a written objection. To ask for permission to speak at the Fairness Hearing, your entity must retain counsel and have that counsel send a letter to the Court saying that it is your entity's "Notice of Intention to Appear" in *NorCal Tea Party Patriots v. Internal Revenue Service,* Civil Action No. 1:13-cv-00341 and telling the Court that your entity plans to attend the Fairness Hearing through counsel and would like permission to speak during the Hearing. Your Notice of Intention to Appear must be filed with the Court and mailed with a postmark no later than [INSERT DATE] to the Clerk of the Court, Class Counsel, and United States Counsel, at the following addresses:

| COURT | CLASS COUNSEL | UNITED STATES COUNSEL |
|---|---|---|
| Office of the Clerk United States District Court Southern District of Ohio Potter Stewart U.S. Courthouse, Room 103 100 E. Fifth Street Cincinnati, Ohio 45202 | Edward D. Greim Dane C. Martin Graves Garrett, LLC 1100 Main Street, Suite 2700 Kansas City, MO 64105 | Joseph A. Sergi U.S. Department of Justice, Tax Division 555 4th Street, N.W. Washington, D.C. 20001 |

The Notice of Intention to Appear letter must be sent by counsel for the entity and identify the Class Member whom he or she represents. Counsel for your entity cannot speak at the Fairness Hearing if your entity does not timely file your objections or if it otherwise excludes itself from the Class.

# GETTING MORE INFORMATION

**23. Are more details available?**

This Notice provides a summary of the proposed Settlement. More details are available at the Settlement website, [INSERT WEBSTE] where you will find the Notice of Class Action Settlement, the Settlement Agreement, the Amended Petition filed by Class Counsel, the Claim Form, and the Court's Order Granting Preliminary Approval of the Class Action Settlement. Updates regarding the case will be posted on the Settlement website. You may also write with questions to Settlement Administrator at IRS Settlement, P.O. Box [INSERT ADDRESS].

# Exhibit C

In re: NorCal Tea Party Patriot *v.* IRS Settlement
[ADDRESS]

**First Class United States Mail**

[ORGANIZATION'S NAME]
[Address]
[City, State, Zip Code]

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO

# NOTICE OF CLASS ACTION SETTLEMENT

*A court authorized this notice. This is not a solicitation from a lawyer.*

A proposed nationwide Settlement has been reached in a class action lawsuit against the United States. This notice explains your legal rights and options that you may exercise before the Court holds a hearing on [INSERT DATE] to determine whether the proposed Settlement is fair, reasonable, and adequate (the "Fairness Hearing"). The Honorable Michael R. Barrett of the United States District Court for the Southern District of Ohio is overseeing this class action. The lawsuit is known as *NorCal Tea Party Patriots v. Internal Revenue Service,* Civil Action No. 1:13-cv-00341.

## WHO'S AFFECTED?

You are a "Class Member," and your rights may be affected, if you fall within the following description:

All entities who, at any time between February 1, 2010 to June 30, 2013, filed an Application for Recognition of Tax Exemption with the IRS under 26 U.S.C. §§ 501(c)(3) or 501(c)(4) and had their application flagged by the IRS as an "Advocacy" case because their application made reference to: (a) "Tea Party," "Patriots" or "9/12 Project"; (b) government spending, government debt or taxes; (c) education of the public by advocacy or lobbying to "make America a better place to live"; or (d) criticism of how the country is being run.



## WHAT'S THIS ABOUT?

The lawsuit claims that the IRS discriminated and retaliated against certain groups while processing their Applications for Tax-Exemption under 26 U.S.C. §§ 501(c)(3) or 501(c)(4). On behalf of the class, the lawsuit further claims that, the IRS violated the taxpayer privacy statute, 26 U.S.C. § 6103 by inspecting class members' tax return information without a valid tax administration purpose. The federal statute provides $1,000.00 in damages per unlawful inspection. The Parties have not held a trial on Plaintiffs' claims.

## WHO IS INCLUDED IN THIS SETTLEMENT?

All Class Members may elect to be included in the settlement.

## WHAT DOES THE SETTLEMENT PROVIDE?

A Cash Settlement Fund of three million five hundred thousand dollars ($3,500,000.00) has been established to pay: (1) monetary benefits to Class Members; (2) the costs of notice and administration; (3) attorneys' fees and expenses; and (4) incentive award payments to the Class Representatives, as authorized by the Court. The petition for fee and expense award and incentive awards has been mailed to all Class Members and is posted to the Settlement Website.

## WHAT ARE YOUR OPTIONS?

Your entity has four options. Each option carries with it unique consequences that will affect its legal rights. First, it may submit a Claim Form online or by mail to Settlement Administrator, P.O. Box _____, c/o In re: NorCal v IRS, Civil Action Number 1:13-cv-00341 by [INSERT DATE]. Submitting a Claim Form is the only way to receive a share of the proposed Settlement benefits. Second, it may choose to exclude itself from the proposed Settlement. By choosing to exclude itself, your entity will not get a share of the proposed Settlement benefits, but it will retain any right it may have to sue the United States separately about the claims involved in this case. Third, it has the right to retain counsel and Object or Comment on the proposed Settlement. It may choose to Object or

Comment by having counsel write to the court in charge of this case and explaining why it does not like the proposed Settlement. Your entity must remain in the Class to comment in support of or in opposition to the proposed Settlement. If your entity files an objection, it may also hire counsel to speak in Court at the Fairness Hearing. Fourth, your entity may do nothing. By doing nothing, your entity will <u>not</u> get a share of the proposed Settlement benefits, will give up its right to object to the proposed Settlement, and will give up its rights to sue the United States separately about the claims involved in this case. The Court has appointed lawyers to represent the Class, so your entity does not need to hire its own lawyer to represent it. Nonetheless, your entity may still hire a lawyer at its own expense to enter an appearance and represent your entity at the Fairness Hearing, if your entity so chooses.

Even if your entity objects to the proposed Settlement, you may submit the Claim Form in order to share in the benefits of the proposed Settlement, if it is granted final approval by the Court.

If your entity doesn't want any benefits from the proposed Settlement and retain any rights to sue the United States separately, it must exclude itself. Your entity will keep any rights to sue the United States separately at its own expense about the same claims in this lawsuit. Your entity may exclude itself by sending written notice with its name, address, and a statement that it wishes to be excluded from the proposed Settlement to the Settlement Administrator, P.O. Box _____, c/o In re: NorCal v IRS, Civil Action Number 1:13-cv-00341. Your entity's exclusion must be postmarked by [INSERT DATE] to be effective.

### ANY QUESTIONS?

More details are available at the Settlement website, [INSERT WEBSITE], where you will find the Notice of Class Action Settlement, the Settlement Agreement, the Amended Petition filed by Class Counsel, the Claim Form, and the Court's Order Granting Preliminary Approval of the Class Action Settlement. Updates regarding the case will be posted on the Settlement website. You may also write with questions to Settlement Administrator, P.O. Box _____, c/o In re: NorCal v IRS, Civil Action Number 1:13-cv-00341, or call 1-###-###-####.

**[INSERT NUMBER]**          **[INSERT WEBSITE]**