**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF OHIO, WESTERN DIVISION**

| | |
|---|---|
| NORCAL TEA PARTY PATRIOTS, et al., )<br>ON BEHALF OF THEMSELVES, )<br>THEIR MEMBERS, and THE CLASS )<br>THEY REPRESENT, )<br>    ) <br>    Plaintiffs, )<br>    )<br>    v. )<br>    )<br>THE INTERNAL REVENUE SERVICE, et al., )<br>    )<br>    Defendants. )<br>_____ ) | Case No. 1:13-cv-00341<br><br>Judge Michael R. Barrett |

**AMENDED ORDER GRANTING PPRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT AND DIRECTING DISSEMINATION OF NOTICE TO CLASS**

This matter comes before the Court on Plaintiffs' Motion for Preliminary Approval of Class Action Settlement ("Motion for Preliminary Approval") submitted to the Court. The Court has carefully reviewed and considered the Motion for Preliminary Approval, the Settlement Agreement ("Agreement"), and the exhibits attached to the Motion for Preliminary Approval and the Agreement and finds that preliminary approval of the Settlement should be **GRANTED**.

**IT IS THEREFORE ORDERED** that:

**Preliminary Approval of Settlement**

1. The Court has conducted a preliminary assessment of the record and has made a preliminary determination that the proposed Settlement set forth in the Agreement is fair,

reasonable, adequate, and in the best interests of the Class under Rule 23 of the Federal Rules of Procedure and applicable case law.[1]

2. In evaluating the fairness of the proposed Settlement, the Court has considered whether the proposed Settlement is the product of arm's-length negotiations. The Court has also considered: (1) the risk of fraud or collusion; (2) the complexity, expense, and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest. *See Int'l Union, United Auto, Aerospace, & Implement Workers of Am. v. General Motors Corp.*, 497 F.3d 615, 632 (6th Cir. 2007). The Court finds that factors (1)-(5) and (7) favor granting preliminary approval and sending notice of the Settlement to the Class, which will allow the Court to fully consider factor (6).

3. The Court specifically finds that the Settlement is not the product of fraud or collusion, but rather is a fair and reasonable compromise resulting from arm's-length negotiations between adverse parties represented by experienced counsel. This Action presents complex factual and legal issues that would require lengthy and expensive litigation, trial, and appellate proceedings. The Settlement provides immediate, certain, and substantial benefits to the Class, eliminating the uncertainty and expense inherent with continued litigation and trial. Plaintiffs and Class Counsel fully support the Settlement based on their evaluation of this Action over more than four years of litigation and the significant discovery they have conducted. Lastly, the public interest supports resolution of complex class actions, such as this Action, through settlement. Accordingly, the Court preliminarily approves the Settlement and directs that

---

[1] Capitalized terms used herein shall have the meanings ascribed to such terms in the Agreement, which is incorporated herein and made a part of this Order, unless otherwise identified in this Order.

members of the Class whose claims would be settled, compromised, dismissed, or released under the Agreement should be given notice and an opportunity to be heard.

### The Settlement Administrator

4. The Court approves the designation of KCC, LLC, as the Court-appointed Settlement Administrator for the Settlement.

### Form and Content of Class Notice and Method of Dissemination

5. The Court finds that the Class Notice proposed by the Parties, as described in Section 5 of the Agreement and including the Long Form Notice in Exhibit B and the Short Form Notice in Exhibit C, is reasonably calculated under the circumstances to apprise interested individuals of the Settlement and afford them an opportunity to exercise all options available to them.

6. The Court finds that the Class Notice fairly and adequately: (a) describes the terms and effect of the Settlement; (b) notifies the Class that the Court will exclude all Class Members that request exclusion by a specified date; (c) advises Class Members that a judgment in the case will bind all Class Members who do not properly request exclusion; (d) advises Class Members who do not request exclusion that they may hire counsel to comment on or object to the Settlement, if desired; (e) notifies the Class of the time and place of the final approval hearing; and (f) notifies Class Members that Class Counsel will seek reimbursement of litigation expenses, an award of attorneys' fees, and incentive awards for the class representatives. For these reasons, the Court approves the form and content of the Class Notice. The Court authorizes the Parties to make minor revisions to the Class Notice as they may jointly deem necessary or appropriate, without necessity of further Court action or approval.

7. The Court also finds that the proposed method of dissemination outlined in the Agreement satisfies due process by providing the best notice practicable under the circumstances. Plaintiffs propose to provide Direct Mail Notice to each Class Member, maintain a Settlement Website throughout the duration of the claims period, maintain a toll-free telephone number, and issue a press release containing the Short Form Notice to hundreds of major publications. The Court directs the Parties and the Settlement Administrator to disseminate the Class Notice and Claim form as provided in the Agreement no later than **April 14, 2018** ("Notice Date").

### Reaffirmation of Class Certification

8. The Court reaffirms its January 12, 2016, decision certifying a Principal Class under Count III (the "Class"). The circumstances warrant continued treatment of this case as a class action. Although the Court certified an Unnecessary Requests Subclass, continued recognition of a subclass is unnecessary for purposes of administering the Settlement and distributing benefits afforded by the Settlement.

### Procedure for Settlement Class Members to Participate in the Settlement

9. The Court approves the Claim Form attached to the Agreement as Exhibit A, which will be published on the Settlement Website. To be eligible to receive a monetary benefit under the Settlement Fund, Class Members must complete and timely submit a Claim. All Claims must be postmarked or received by the Settlement Administrator, as directed in the Claim Form, on or before **May 29, 2018** ("Claim Submission Deadline"). The Settlement Administrator will reject any completed Claim Form that does not comply in any material respect with the instructions on the Claim Form or the terms of this Settlement Agreement, or that is submitted after the Claim Submission Deadline. If the Settlement Administrator rejects a Claim submitted

before the Claim Submission Deadline, it will provide notice to the Class Member and provide the reason for the rejection within fourteen (14) calendar days after the Claims Submission Deadline. The Class Member may seek to cure any defect in the Claim, but must do so within twenty-eight (28) days after the Claim Submission Deadline, unless otherwise approved by the Settlement Administrator of the Court. If the Class Member with a rejected Claim fails to cure within the required time, the claim shall be rejected.

## Procedure for Requesting Exclusion from the Settlement

10. All Class Members that wish to exclude themselves from the Class must request exclusion within the time and manner set forth in the Class Notice, including filing the written request for exclusion and mailing a copy of that written request to counsel for the Parties at the address set forth in the Class Notice. The request for exclusion must be postmarked on or before **May 21, 2018**. Unless the Court orders otherwise, no request for exclusion will be valid unless it is made within the time and in the manner set forth in the Class Notice. Entities that have properly excluded themselves from the Settlement: (a) will not participate in any distribution of the Settlement Fund benefits; (b) will not be bound by the terms of the Agreement or any judgment entered in this matter, including the associated releases; and (c) will not be able to object to the Settlement.

11. Class Members that do not exclude themselves from the Settlement will be bound by all determinations and judgments in the Action regarding the Settlement, and will be bound by all terms of the Settlement if it is finally approved by the Court.

## Objections to the Settlement

12. Any Class Member may appear through counsel and show cause why the Settlement should or should not be approved based on the fairness, reasonableness, or adequacy

of the Settlement, the requests for payment of litigation expenses, attorneys' fees, or incentive awards, or any other objection or submission that the Class Member may wish to bring to the attention of the Court. Any Class Member may enter an appearance in the Action through counsel at its own expense.

13. Any Class Member that desires to object to the Settlement, including the requested attorneys' fees and expenses or the incentive wards to the class representatives, must timely file with the Court a written notice of objection. A valid and proper objection or submission must be filed with the Court no later than **May 21, 2018** ("Objection Deadline"). In addition to filing it with this Court, copies of the objection or submission must be delivered or mailed to the Parties' counsel at the address listed in the Class Notice, postmarked by no later than the Objection Deadline. The Parties may respond to any objection or submission regarding the Settlement, application for attorneys' fees and reimbursement of expenses, or the incentive awards to class representatives, so long as the response is filed and served no later than **June 11, 2018**.

14. A valid and proper objection or submission must include: (a) the Class Member's name and contact information, including address and phone number; (b) the name and contact information, including address and phone number, of the attorney submitting the notice of objection on behalf of the Class Member; (c) verification that the attorney submitting the notice of objection is duly authorized by the Class Member to submit the notice; (d) verification that the Class Member is an organization in good standing in any State of the United States, the District of Columbia, or a United States territory or, if not in good standing, is winding up its affairs, including by submitting a Claim and collecting monies from this lawsuit; and (e) the specific

grounds for each objection asserted, with any legal support, papers, briefs, or evidence the Class Member wishes to bring to the Court's attention.

15. Any Class Member that does not make an objection or submission in the manner provided will be deemed to have waived any objection and will forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the Settlement, the requests for litigation expenses, attorneys' fees, or incentive awards, or any other objection or submission that the Class Member may wish to bring to the attention of the Court.

### Final Approval of the Settlement

16. A fairness hearing is scheduled for **July 10, 2018**, before the Court at 2:30 p.m. before the Honorable Michael R. Barrett at the Potter Stewart U.S. Courthouse, 100 East Fifth Street, Cincinnati, Ohio 45202. Plaintiffs must submit any motion for final approval of the class action settlement by no later than fourteen (14) calendar days prior to the final approval hearing.

17. At the fairness hearing, the Court will consider: (a) whether the proposed Settlement should be approved by the Court as a fair, reasonable, and adequate settlement; (b) whether the notice to the Class was sufficient under the circumstances; (c) whether a judgment should be entered according to the terms of the Agreement, providing monetary benefits to the Class and dismissing the Action with prejudice; (d) whether the applications for litigation expenses, attorneys' fees, and incentive awards to the class representatives should be approved.

18. Class Members need not attend the fairness hearing. However, any Class Member that files and serves a written submission or objection and that wishes to be heard may appear at the fairness hearing through counsel to show cause why the Settlement should or should not be approved, or to object to any aspect of the fairness, reasonableness, or adequacy of the

Agreement, including the requested attorneys' fees and expenses or the incentive awards to the class representatives.

19. The Court reserves the right to adjourn the date of the fairness hearing and to reconvene such hearing at a later date and time with further notice provided to the Class via the Settlement Website.

### Application for Attorneys' Fees, Costs and Expenses, and Incentive Awards

20. Class Counsel or the Third Party Funder must file and serve any application for an award of reasonable attorneys' fees, costs and expenses, and requests for incentive awards to the class representatives, by no later than **April 9, 2018**. The Court will consider any application for reasonable attorneys' fees, costs and expenses, and incentive awards separately from the fairness, reasonableness, and adequacy of the Settlement. At or following the fairness hearing, the Court will rule on any such application for attorneys' fees, costs and expenses, and incentive awards, and if it grants such application, will determine and award an amount for reasonable attorneys' fees, costs and expenses, and incentive awards to the class representatives.

21. Within five (5) calendar days after filing of any application for an award of attorneys' fees, costs and expenses, and requests for incentive award, Plaintiffs or the Settlement Administrator must provide additional notice for the application by providing direct mail notice to the Class and by posting the filings to the Settlement Website.

### Termination of the Settlement

22. If this Court does not approve the Settlement or the Agreement is otherwise terminated in accordance with its terms, this Order will become null and void, *ab initio*, and will be without prejudice to the rights of the Parties, which will be restored to their respective positions prior to entering the proposed Settlement.

**Use of Order**

23. Neither this Order, nor any terms or provisions of the Agreement, will be admissible as evidence to establish liability against the Parties in any pending or future litigation involving any of the parties.

24. Class Counsel and counsel for Defendants are hereby authorized to utilize all reasonable procedures in connection with the administration of the Settlement that are not materially inconsistent with this Order or the terms of the Agreement.

25. Except as otherwise agreed by the Parties, or for any actions necessary to effectuate the Settlement or this Order or to litigate the pending Motions to Seal by Former Individual Defendants Lois Lerner and Holly Paz, all discovery, pretrial deadlines, and pretrial proceedings in this Action are stayed and suspended until further order of the Court. Pending final approval, no Class Member may commence, continue, or prosecute against any Party any action or proceeding in any court or tribunal asserting any of the claims or causes of action that are to be released upon final approval of the Agreement. Upon final approval, all class members who have not filed a timely notice of exclusion will be forever barred from asserting any of the matters, claims, or causes of action released under the Agreement, and any such Class Members will be deemed to have forever released any and all such claims and causes of action as provided for in the Agreement.

**IT IS SO ORDERED.**

Date: April 6, 2018                                     */s/ Michael R. Barrett*
                                                        Hon. Michael R. Barrett
                                                        U.S. District Judge