# Exhibit B

**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF OHIO, WESTERN DIVISION**

| | |
|---|---|
| NORCAL TEA PARTY PATRIOTS, et al., ) <br> ON BEHALF OF THEMSELVES, ) <br> THEIR MEMBERS, and THE CLASS ) <br> THEY REPRESENT, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> THE INTERNAL REVENUE SERVICE, et al., ) <br> ) <br> Defendants. ) <br> _____) | Case No. 1:13-cv-00341 |

**DECLARATION OF EDWARD D. GREIM IN SUPPORT OF MOTION FOR
AWARD OF ATTORNEYS' FEES, EXPENSES, AND INCENTIVE AWARDS**

**Edward D. Greim**, being duly sworn, states and declares that:

1. I am a partner at Graves Garrett, LLC in Kansas City, Missouri and am a licensed attorney in good standing to practice law in the State of Missouri. I am also admitted *pro hac vice* in the United States District Court for the Southern District of Ohio.

2. I have been actively involved in the litigation of this class action since its inception, including as counsel for Plaintiffs prior to class certification and as Class Counsel after class certification. I have been and remain personally responsible for managing the legal services that have been rendered in this case on behalf of Plaintiffs NorCal Tea Party Patriots, *et al.* I have personal knowledge of the matters set forth herein.

**Summary of the Litigation, Settlement Negotiations, and Settlement**

3. In May 2013, NorCal Tea Party Patriots filed this putative class action against the IRS in the United States District Court for the Southern District of Ohio. Shortly thereafter, additional named plaintiffs joined in the lawsuit, including South Dakota Citizens for Liberty,

Inc., Americans Against Oppressive Laws, Inc., Texas Patriots Tea Party, and San Angelo Tea Party (collectively, "Plaintiffs" or "Class Representatives").

4. Plaintiffs retained my firm and its attorneys, as well as David R. Langdon, Bill Randles, and Christopher Finney, to serve as their counsel in this litigation. Graves Garrett is a firm experienced in complex commercial and class action litigation. In addition, co-counsel David Langdon, Christopher Finney, and Bill Randles have substantial experience litigating complex cases, including matters involving constitutional and statutory law.

5. My firm and David Langdon, Bill Randles, and Christopher Finney have litigated this matter from its earliest stages through class certification, after which they have served as Class Counsel appointed by the Court.

6. At the same time the Court appointed Class Counsel, it also appointed Plaintiffs as Class Representatives for the certified Principal Class and Unnecessary Requests Subclass (collectively, the "Class").

7. In the more than four years of litigation in this lawsuit, the docket reflects Class Counsel's substantial work in this matter, including more than 400 entries such as:

- Filing of the putative class action lawsuit on May 20, 2013 (Doc. #1);
- Filing amended class action complaints on August 5, 2013, and December 9, 2013 (Docs. ## 79 & 63);
- Opposing four motions to dismiss filed by the IRS and the Individual Defendants (Docs. ##73, 77, 78, & 79);
- Initial disclosures, case management plans, and discovery plans (Docs. ##30, 109, & 110);
- Briefing on the Motion for Class Certification, including responding to IRS supplemental authority (Docs. ##193, 199, & 220);
- Development and execution of a Notice Plan upon certification of the Class (Doc. #235)

- Motions to Seal and Requests for Protective Orders (Docs. ##137, 139, 191, 231, 279, 283, 304, & 330);

- Opposing two separate Motions for Summary Judgment and associated briefing (Docs. ##212, 233, 244, 364, 372, & 375);

- A Motion to Strike an impertinent filing by the IRS (Doc. #214)

- Briefing on the Motion for Preliminary Injunction, including subsequent litigation about the IRS's post-injunction development letter (Docs. ##237, 263, 301, & 358);

- Opposing Motions for Protective Order filed by IRS agents asserting qualified immunity (Docs. ##279, 283);

- Opposing efforts by Lois Lerner and Holly Paz to seal their transcripts from the public record (Docs. ##339, 395, & 398);

- Court-ordered Mediation and other efforts to resolve the matter (Docs. ##347, 348, & 351); and

- Seeking Court approval and related documentation of the Settlement. (Doc. #414).

8. In addition, throughout this litigation, the Class Representatives have had active and meaningful involvement. The Class Representatives contributed to and authorized the initial pleadings, reviewed and commented upon court filings and discovery responses, and otherwise stayed apprised of Class Counsel's litigation efforts. The Class Representatives were each deposed in this matter for a total of ten depositions, requiring substantial expenditures of time and resources to travel to the deposition, prepare for the deposition, conduct the deposition, and review the transcripts. Furthermore, Class Representatives were directly involved in settlement negotiations with the Government, including numerous calls with Class Counsel prior to, during, and after the mediation, as well as throughout subsequent negotiations and eventual agreement.

9. Each Class Representative has been instrumental to the successful resolution of this case.

10. After reaching agreement in principle with the Government, the parties have engaged in additional, extensive negotiations over the specific terms of the Settlement and the

3

documentation of the same in a written agreement. A copy of that Settlement Agreement is attached as Exhibit A to Plaintiffs' Memorandum in Support of their Motion for Preliminary Approval (Doc. #414). Class Counsel continue to be engaged in efforts to finalize and effectuate the proposed Settlement.

## Attorneys' Fees and Expenses Incurred

11. Class Counsel have prosecuted this class action lawsuit for more than four years. Throughout that time, the attorneys' fees incurred by Class Counsel to litigate this matter have been paid by the third party funder, Citizens for Self-Governance ("CSG") on an hourly basis. CSG has also paid for all litigation expenses incurred by Plaintiffs and Class Counsel.

12. The amount of attorneys' fees incurred in this matter to date totals $3,589,915.20. The amount of litigation expenses incurred in this matter totals $231,802.63, which consists of expenditures for travel, meals, lodging, photocopying, long-distance telephone calls, computer legal research, postage, courier service, mediation, exhibits, documents scanning, and deposition expenses.

13. These fees and litigation expenses were necessary to the successful prosecution of this class action, and to date CSG has not received any reimbursement for its payment of these fees and expenses on behalf of the Class. Accordingly, Class Counsel respectfully request that CSG be reimbursed for $1.75 million in attorneys' fees it paid. In addition, Class Counsel seeks reimbursement of $231,802.63 of litigation expenses paid by CSG.

14. In my professional judgment, the requested reimbursement of fees and expenses is reasonable and should be approved.

15. For class actions, it is my belief and understanding, based on my experience as a litigator of class actions and other complex cases, that courts typically award class counsel of up

to fifty percent (50%) of the total amount of the common fund created by a class settlement. *See* 5 William B. Rubenstein, *Newberg on Class Actions* § 15:83 (5th ed.) ("Usually, 50% of the fund is the upper limit on a reasonable fee award from any common fund, in order to assure that fees do not consume a disproportionate part of the recovery obtained for the class, though somewhat larger percentages are not unprecedented."); *see also Camden I Condominium Ass'n, Inc. v. Dunkle*, 946 F.2d 768, 774-75 (11th Cir. 1991) (recognizing a fee of up to 50% of the fund as reasonable); *In re Broadwing, Inc. ERISA Litig.*, 252 F.R.D. 369, 380 (S.D. Ohio 2006) ("Attorneys fees awards typically range from 20 to 50 percent of the common fund."); *Brotherton v. Cleveland*, 141 F.Supp.2d 907, 910-11 (S.D. Ohio 2001) (same); *In re Telectronics Pacing Sys, Inc.*, 137 F.Supp.2d 1029 (S.D. Ohio 2001) ("[T]he range of reasonableness . . . has been designated as between twenty to fifty percent of the common fund in several cases."); *Miller v. CEVA Logistics USA, Inc.*, No. 13-cv-01321, 2015 WL 4730176, at *8 (E.D. Cal. Aug. 10, 2015) ("[C]ase law surveys suggest that 50% is the upper limit, with 30-50% commonly being awarded in cases in which the common fund is relatively small [at less than $10 million].").

16.    As discussed in detail in the Memorandum in Support of the Motion for Award of Fees, Expenses, and Incentive Awards, the Settlement achieved in this case provides $3,500,000.00 in monetary benefits to the Class and other valuable non-monetary benefits. This outcome was made possible by CSG's payment of attorneys' fees and litigation expenses. Given the circumstances of this litigation, including more than four hard-fought years of litigation to achieve this outcome, the requested reimbursement of $1.75 million to CSG is reasonable and should be approved.

17. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on April 9, 2018

Edward D. Greim

6