**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF OHIO, WESTERN DIVISION**

| | | |
|---|---|---|
| NORCAL TEA PARTY PATRIOTS, et al., | ) | |
| ON BEHALF OF THEMSELVES, | ) | |
| THEIR MEMBERS, and THE CLASS | ) | |
| THEY REPRESENT, | ) | |
| | ) | Case No. 1:13-cv-00341 |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | Judge Michael R. Barrett |
| THE INTERNAL REVENUE SERVICE, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT

This matter comes before the Court on Plaintiffs' Motion for Final Approval of Class Action Settlement ("Motion for Final Approval") (Doc. 421).  The Court has carefully reviewed and considered the Motion for Final Approval and the Settlement Agreement ("Agreement"), along with their associated exhibits, as well as the arguments of the parties during the July 10, 2018 Fairness Hearing (Doc. 424); and finds that Settlement is fair, reasonable, and adequate. Accordingly, final approval of the Settlement is **GRANTED**.  The parties are directed to implement the terms of the Settlement as provided in the Settlement Agreement, consistent with this Order.

IT IS THEREFORE ORDERED that:

## I.      Final Certification of the Class

1.      The Court reaffirms its January 12, 2016, decision that the standards for class certification under Rule 23 of the Federal Rules of Civil Procedure and applicable case law have

been met for a class under Count III (the "Class"). Accordingly, the Court grants final certification of the Class, which is defined as follows:

> All entities that, at any time from February 1, 2010 to June 30, 2013, filed an Application for Recognition of Tax Exemption with the IRS under 26 U.S.C. §§ 501(c)(3) or 501(c)(4) and had their application flagged by the IRS as an "Advocacy" case using the criteria:
> (a) A reference in the case file to "Tea Party," "Patriots," or "9/12 Project";
> (b) A reference in the case file to government spending, government debt, or taxes;
> (c) A reference in the case file to education of the public by advocacy or lobbying to "make America a better place to live"; or
> (d) A statement in the case file criticizing how the country is being run.
>
> Excluded from the Principal Class are any entities that properly execute and file a request for exclusion from the Principal Class.

*See* Order Granting Plaintiffs' Motion for Class Certification, PageID 8435-36 (Doc. #223).

2.      The Court further reaffirms its findings and conclusions that Plaintiffs NorCal Tea Party Patriots, South Dakota Citizens for Liberty, Inc., Americans Against Oppressive Laws, Inc., Texas Patriots Tea Party, and San Angelo Tea Party are adequate class representatives of the Class and that Edward D. Greim, Todd P. Graves, Dane C. Martin of Graves Garrett LLC, David R. Langdon of Langdon Law, LLC, Christopher Finney of the Finney Law Firm, LLC, and Bill Randles of Randles & Splittgerber, LLP are adequate class counsel. The Court reaffirms its appointments of those individuals and entities as Class Representatives and Class Counsel, respectively.

3.      Although the Court previously certified an Unnecessary Requests Subclass, continued recognition of a subclass is unnecessary for purposes of administering the Settlement and distributing benefits afforded by the Settlement.

**II.      Form and Content of Class Notice and Method of Dissemination**

4.      The Court finds that due and adequate notice was provided to the Class. The Class Notice provided by the Parties, as described in Section 5 of the Agreement, was reasonably calculated under the circumstances to apprise interested individuals of the Settlement and afford them an opportunity to exercise all options available to them.

5.      The Court finds that the Class Notice fairly and adequately: (a) described the terms and effect of the Settlement; (b) notified the Class that the Court will exclude all Class Members that request exclusion by a specified date; (c) advised Class Members that a judgment in the case will bind all Class Members who do not properly request exclusion; (d) advised Class Members who do not request exclusion that they may hire counsel to comment on or object to the Settlement, if desired; (e) notified the Class of the time and place of the final approval hearing; and (f) notified Class Members about Class Counsel's request for reimbursement of litigation expenses, an award of attorneys' fees, and incentive awards for the class representatives. For these reasons, the Court reaffirms its findings in the Preliminary Approval Order that the notice issued to the Class satisfies the requirements of Rule 23 and applicable case law.

6.      The Court also finds that the method of dissemination of the Class Notice satisfied due process by providing the best notice practicable under the circumstances. The court-appointed settlement administrator sent direct mail notice to each class member and maintained a settlement website and toll-free number throughout the duration of the claims period. Furthermore, Class Counsel issued a press release containing the short form notice.

III.    **Final Approval of Settlement**

7.      The Court has conducted a thorough examination of the record and has determined that the proposed Settlement set forth in the Agreement is fair, reasonable, adequate, and in the

best interests of the Class under Rule 23 of the Federal Rules of Procedure and applicable case law.[1]

8.      In evaluating the fairness of the proposed Settlement, the Court has considered: (1) the risk of fraud or collusion; (2) the complexity, expense, and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest. *See Int'l Union, United Auto, Aerospace, & Implement Workers of Am. v. General Motors Corp.*, 497 F.3d 615, 632 (6th Cir. 2007). The Court finds that each of these factors supports granting final approval of the Settlement.

9.      With respect to each of the factors in *International Union*, the Court finds and concludes as follows:

a.      First, the Court finds that the Settlement is not the product of fraud or collusion. It is a fair and reasonable compromise resulting from arm's-length negotiations between adverse parties represented by experienced counsel. The settlement was only reached after mediation and extensive negotiations leading up to trial.

b.      Second, this Action presents complex factual and legal issues that would require lengthy and expensive litigation, trial, and appellate proceedings. Many of these issues are issues of first impression that are highly contested. The case also involved many factual intricacies. Plaintiffs challenged actions by the IRS that spanned multiple years and involved dozens of witnesses.

---

[1]      This Final Judgment and Order incorporates by reference the Preliminary Approval Order and the Settlement Agreement, including all definitions contained in those documents. Capitalized terms used herein shall have the meanings ascribed to such terms in the Agreement, which is incorporated herein and made a part of this Order, unless otherwise identified in this Order.

c.       Third, during the course of this litigation, the Parties have exchanged substantial discovery, including voluminous written records and dozens of depositions of witnesses. In addition, this Court has resolved numerous discovery disputes between the parties. These disputes reflected the extensive efforts made by both parties to obtain full and complete discovery in this matter. The Court concludes that the parties had sufficient information through discovery to effectively evaluate the terms of the Settlement.

d.       Fourth, the complexity of issues in this case prevented any party from knowing with certainty whether they would be successful at trial on the merits. The Settlement provides immediate, certain, and substantial benefits to the Class, eliminating the uncertainty and expense inherent with continued litigation and trial.

e.       Fifth, Plaintiffs and Class Counsel fully support the Settlement based on their evaluation of this Action over more than four years of litigation and the significant discovery they have conducted. These opinions from Plaintiffs and Class Counsel weigh in favor of approving the settlement.

f.       Sixth, the members of the Class have been properly and sufficiently notified of their rights concerning the proposed Settlement, including the right to object to the proposed settlement and the right to exclude themselves from the Settlement. No objections have been made, and no class members have requested exclusion from the settlement class. This indicates that the class as a whole supports approval of the Settlement.

g.       Lastly, the public interest supports resolution of complex class actions, such as this Action, through settlement. The Settlement affords substantial benefits to the Class while also eliminating the need for further use of scarce public resources, including through weeks of trial.

10. Based on its evaluation of the foregoing factors and the record in this case, the Court finds that the terms of the Settlement are fair, reasonable, and adequate.

**IV.    The Settlement Administrator**

11. The Court hereby reaffirms its designation of KCC, LLC, as the Court-appointed Settlement Administrator for the Settlement. The Court has examined the work performed by KCC, LLC and finds that its estimated cost of $30,415.89 to administer the settlement is reasonable in light of the services rendered.

**VI.    Use of Order**

12. Neither this Order, nor any terms or provisions of the Agreement, will be admissible as evidence to establish liability against the Parties in any pending or future litigation involving any of the parties.

13. All class members shall be bound in all respects by the terms of the parties' Settlement Agreement and all orders and judgments entered by the Court in this action. All class members shall be conclusively deemed to have fully and finally released all claims specified in the parties' Settlement Agreement.

14. This Court retains jurisdiction to enforce the terms of the Settlement Agreement as needed. In addition, the Court expressly reserves its decision on whether unseal the transcripts of Lois Lerner and Holly Paz and place them in the public record. Nothing in this order or in the final judgment on Plaintiffs' claims shall be construed as a denial of the motion(s) to unseal those transcripts, which the Court retains jurisdiction to decide at a later time.

15.     Without further order of the Court, the parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Settlement Agreement.

**IT IS SO ORDERED.**

_____/s/ Michael R. Barrett_____
Hon. Michael R. Barrett
U.S. District Judge