**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

NorCal Tea Party Patriots,

    Plaintiff,

    v.

Internal Revenue Service, *et al.*,

    Defendants.

Case No. 1:13cv341

Judge Michael R. Barrett

**ORDER**

This matter is before the Court upon Plaintiffs' Motion for Award of Attorneys' Fees, Costs and Expenses, and Incentive Awards to Class Representatives. (Doc. 419).

Plaintiffs and Class Counsel seek an award of reasonable attorneys' fees, costs and expenses to reimburse a portion of the fees and expenses incurred by the third party funder, Citizens for Self Governance ("CSG"), on behalf of the class. Class Counsel also requested incentive awards to the class representatives. No objections to the application for an award of attorneys' fees, costs, and expenses were filed.

In deciding this Motion, the Court considered the application for attorneys' fees, costs and expenses, and incentive awards, including associated briefs and exhibits, along with the record in this case. The Court's review of these filings was separate from its review of the fairness, reasonableness, and adequacy of the Settlement, which was approved on August 8, 2018. (Doc. 431).

In the Sixth Circuit, district courts have the discretion "to determine the appropriate method for calculating attorneys' fees in light of the unique characteristics of class actions in general, and the particular circumstances of the actual cases pending before the Court"

using either the percentage or lodestar approach. *In re Cardinal Health Inc. Sec. Litig.*, 528 F.Supp.2d 752, 761 (S.D. Ohio 2007) (citing *Bowling v. Pfizer, Inc.*, 102 F.3d 777, 779 (6th Cir. 1996)). In this district, "the preferred method is to award a reasonable percentage of the fund, with reference to the lodestar and the resulting multiplier." *Swigart v. Fifth Third Bank*, No. 1:11-CV-88, 2014 WL 3447947, at *5 (S.D. Ohio July 11, 2014) (quoting *Connectivity Sys. Inc. v. Nat'l City Bank*, No. 2:08–CV–1119, 2011 WL 292008, at *13 (S.D.Ohio Jan.26, 2011)).

The Court notes that the requested reimbursement of $1.75 million, or fifty percent of the Settlement Fund, falls within the range of reasonable fees as a percentage of the settlement. *See In re Broadwing, Inc. ERISA Litigation*, 252 F.R.D. 369, 380 (S.D. Ohio 2006) ("Attorneys fees awards typically range from 20 to 50 percent").

In reviewing the reasonableness of a fee award, this Court considers six factors: (1) the value of the benefits rendered to the class; (2) society's stake in rewarding attorneys who produce such benefits in order to maintain an incentive to others; (3) whether the services were undertaken on a contingent fee basis; (4) the value of the services on an hourly basis (the lodestar cross-check); (5) the complexity of the litigation; and (6) the professional skill and standing of counsel on both sides. *Ramey v. Cincinnati Enquirer, Inc.*, 508 F.2d 1188, 1196 (6th Cir. 1974). "There is no formula for weighing these factors. Rather, the Court should be mindful that each case presents a unique set of circumstances and arrives at a unique settlement, and thus different factors could predominate depending on the case." *In re: Cardinal Health Inc. Securities Litigations*, 528 F. Supp.2d at 764 (citing *Rawlings v. Prudential-Bache Properties, Inc.*, 9 F.3d 513, 516 (6th Cir. 1993).

First, the benefits conferred on the Class by the Settlement are substantial. Without this litigation, Class members likely would not have received monetary compensation associated with the IRS's actions.

Second, there is an important societal interest in rewarding attorneys and third party funders who engage in public interest litigation. As stated by the Sixth Circuit, "[a]mong the most serious allegation a federal court can address are that an Executive agency has targeted citizens for mistreatment based on their political views." *In re United States*, 817 F.3d 953, 955 (6th Cir. 2016). The actions of Class Counsel and CSG facilitated Plaintiffs' ability to pursue their allegations against Defendants. By authorizing reimbursement for a portion of the fees and expenses paid by CSG on behalf of the Class, the Court will facilitate the ability of litigants to pursue public interest litigation that otherwise would not be feasible. This factor supports the requested reimbursement.

Third, any reimbursement for services paid for by the third party funder was made on a contingent basis. Much like an attorney contingency fee agreement, the prospect for reimbursement for CSG has been solely contingent on a successful outcome for the Class. Because CSG undertook the financial burden and risk which helped make a successful outcome possible, this factor supports reimbursement.

Fourth, the value of the services provided by Class Counsel supports the requested reimbursement. Class Counsel has incurred more than $3.5 million in fees over the course of four years of highly contested litigation. The value of these services far exceeds the requested $1.75 million in reimbursement to the third party funder.

Fifth, this case involves highly complex legal and factual issues. These issues were present at each step of the litigation, contributing to the complexity and difficulty of the litigation. This factor supports approval of the requested reimbursement.

Sixth, this case was litigated by highly experienced, reputable, and skilled attorneys. Class Counsel acted as zealous advocates throughout the entirety of this litigation, which is now in its fifth year. This factor supports the requested reimbursement.

As for the litigation expenses incurred in this matter, Plaintiffs and Class Counsel request reimbursement of litigation expenses for legal research, printing and copying charges, telephone fees, postal fees, airline and travel costs, filing and service of process fees, food and hotel accommodations, and deposition costs. These expenses were reasonable, necessary, and directly related to the prosecution of the lawsuit. The current amount of these expenses has been submitted as $231,802.63, but the Court recognizes that additional expenses have been incurred during the course of finalizing this settlement. Accordingly, it will provide Class Counsel **fourteen (14) days** from the date of this Order to submit their final invoice of expenses to be reimbursed.

The Court further finds that the requests for incentive fees to the Class Representatives are reasonable. In determining the propriety of incentive awards, the Court should consider: "(1) the extent to which actions taken by the class representative protect the interests of the entire class and whether those actions resulted in a substantial benefit to the entire class; (2) whether the class representatives assumed substantial and indirect financial risk; and (3) the amount of time and effort expenses by the class representatives in pursuit of the litigation." *Enterprise Energy Corp. v. Columbia Gas Transmission Corp.*, 137 F.R.D. 240, 250 (S.D. Ohio 1991). "[A]n incentive award is an

effective tool to encourage a class member to become a class member and to reward their individual efforts taken on behalf of the class." *Estep v. Blackwell*, No. 1:06CV106, 2006 WL 3469569, at *6 (S.D. Ohio Nov. 29, 2006) (citing *Hadix v. Johnson*, 322 F.3d 895, 897 (6th Cir. 2003)). "Incentive awards, where appropriate, generally range from a few thousand dollars to $85,000." *Liberte Capital Group v. Capwill*, No. 5:99 CV 818, 2007 WL 2492461 (N.D. Ohio Aug. 29, 2007) (citing collection of supporting authority).

Each of the *Enterprise Energy* factors supports issuance of incentive awards here. The contribution by NorCal Tea Party Patriots, South Dakota Citizens for Liberty, Inc., Americans Against Oppressive Laws, Inc., Texas Patriots Tea Party, and San Angelo Tea Party has been active and meaningful throughout the five years of this litigation. Their continuous efforts made certification of the Class possible, which not only served to protect the rights and interests of more than 400 organizations, but also allows for distribution of relief to every Class Member that files a valid claim. The amount of time and effort expended by each Class Representative is considerable. In light of the substantial benefits provided by the Settlement, which the Class Representatives made possible through their efforts, the requested incentive awards of $10,000 are fair and reasonable and hereby approved.

Based on the foregoing, Plaintiffs' Motion for Award of Attorneys' Fees, Costs and Expenses, and Incentive Awards to Class Representatives (Doc. 419) is **GRANTED**.

**IT IS SO ORDERED.**

                                                    */s/ Michael R. Barrett*
                                                    Michael R. Barrett
                                                    United States District Judge