

Edward D. Greim
816.256.4144 phone
816.817.0864 fax
edgreim@gravesgarrett.com

October 8, 2021

Hon. Michael Barrett
Potter Stewart U.S. Courthouse
Rm. 239
100 East Fifth Street
Cincinnati, Ohio 45202

Re: **Request to Rule on Pending Motions in *NorCal Tea Party Patriots, et al. v. Internal Revenue Service, et al.*, Case No. 13-cv-00341.**

Dear Judge Barrett:

We write regarding the lone unresolved matter in this case: the ongoing blanket denial of public access to the testimony of Lois Lerner and Holly Paz.

Ms. Lerner and Ms. Paz were the key I.R.S. officials in the scandal that sparked the *NorCal* class action litigation. For that reason, their testimony—taken in June and July 2017—was used in the parties' summary judgment briefing later that summer; their entire transcripts were exhibits to both the Government's and the Plaintiffs' filings.[1] The following year, on August 28, 2018, this Court granted final approval of the class settlement. Doc. 431. The very next day, it heard in-person oral argument from several parties and *amici* on related motions[2] regarding the sealing and confidentiality of the Lerner and Paz transcripts, which by that point had been in effect for a year. Doc. 432. The Court did not immediately rule, and its final order in the case specifically carved out and expressly reserved ruling on these Motions. Doc. 431.[3] In the three years since that hearing, no ruling has issued.

---

[1] Doc. 355-17, -18 (Government's filing of Paz and Lerner transcripts); Doc. 375-2, -3, and -4 (Plaintiffs' filing of Lerner and two Paz transcripts).

[2] The "Motions" are Plaintiff's Motion to Unseal Court Filings, Doc. 340; Intervenor Cincinnati Enquirer's Motion to Unseal filings related to Lois Lerner's and Holly Paz's Motion for Protective Order, Doc. 386; and Lois Lerner's and Holly Paz's Motion to Seal, Doc. 392.

[3] In November 2018, Lerner filed additional materials—still sealed from public view, without findings of fact or law from the Court—regarding the need to keep her deposition and related information under seal. Doc. 444 (Motion to Supplement Record); Doc. 448 (Order Granting Motion to File Under Seal).



October 8, 2021
Page **2** of **4**

The Plaintiffs respectfully submit that the First Amendment right of access to judicial records—a right held by Plaintiffs, the Intervenor, *amici*, and the public at large—requires a reasoned decision from this Court. Although Lerner and Paz's testimony about how they discharged their official duties at the I.R.S. has now remained closed to public access for four years, district courts cannot allow the extraordinary remedy of sealing without first making specific factual and legal findings. *Shane Grp., Inc. v. Blue Cross Blue Shield*, 825 F.3d 299, 306 (6th Cir. 2016). Ordinarily, the district court must make those findings "*before* allowing a filing under seal or otherwise limiting the public's ability to access judicial records." *Lipman v. Budish*, 974 F.3d 726, 752-53 (6th Cir. 2020) (emphasis added).

To be sure, the press of deadlines could sometimes mean that a court must temporarily preserve the *status quo* to allow time to make the specific findings required by *Shane Group*. But allowing the passage of years without ruling—while the filings remain temporarily under seal and, on pain of contempt, cannot be publicly accessed or discussed—is a *de facto* denial of the First Amendment right public access without the requisite hearing, findings, and due process. Accordingly, Plaintiffs respectfully request that this Court issue its ruling on the Motions.

I. **Procedural History**

On April 12, 2017, several months before their merits depositions were taken, Lois Lerner and Holly Paz, former Individual Management Defendants, moved for a protective order prospectively sealing the entirety of their deposition transcripts and restricting dissemination of the sealed deposition transcripts and testimony to the attorneys of record. Doc. 331. Ms. Lerner and Ms. Paz did not at that time (and in later briefing, never did) allege that the testimony covered private or personal matters. *Id*. Instead, they argued that a protective order, and later, permanent sealing, was needed to protect them from threats, harassment, and intimidation from citizens who allegedly had been (or in the future, would be) driven to anger by public disclosure and discussion of Lerner's and Paz's testimony about how they had discharged their official duties. *Id*. at 3-7. Thereafter, Plaintiffs submitted a Motion to Unseal Court Filings. Doc. 340. Intervenor Cincinnati Enquirer submitted an opposition to the Motion for Protective Order on May 16, 2017. Doc. 342.

This Court issued a Protective Order before Lerner and Paz's merits depositions, on May 17, 2017. Doc. 345 at 5. The Court took care to explain that it was only acting to preserve the status quo "during the discovery phase, as a contrary order would strip the Court of its ability to order meaningful relief should the Court at a later date determine that public disclosure of the depositions would compromise Movants' safety." *Id*. at page 3 (PAGEID #11254).



October 8, 2021
Page **3** of **4**

Recognizing that, under *Shane Group* and its progeny, this place-holder discovery order could not suffice as the Court's last word on an issue of constitutional import, the Plaintiffs, Lerner and Paz, Intervenor the Cincinnati Enquirer, and *amici* the Ohio Attorney General and Judicial Watch, devoted substantial time to briefing the question of whether the Court had authority to issue a permanent seal order. The submissions addressed the question of whether Lerner and Paz had (i) overcome the strong presumption in favor of openness, and (ii) established that the extent of the seal—here, a blanket order of secrecy covering all of their transcripts—would be "narrowly tailored" to meet any specific privacy interest that would be vindicated by a seal. *Shane Grp., Inc.*, 825 F.3d at 305-306; *Lipman*, 974 F.3d at 753-754.

This briefing continued from 2017 and into 2018, while the parties' settlement was being noticed and approved over the course of several months. For example, even after the parties reported their settlement to the Court, the Intervenor Cincinnati Enquirer filed a Motion to Unseal Plaintiff's summary judgment response brief. Doc. 386 (filed on September 8, 2017). Soon afterwards, Lois Lerner and Holly Paz submitted a Motion to Seal the unredacted versions of documents referencing their deposition transcripts. Doc. 392. Throughout the first half of 2018, *amici* the State of Ohio and Judicial Watch were allowed over Lerner and Paz's objections to file briefs supporting public access. *See* Doc. 427 (State of Ohio); Doc. 428 (Judicial Watch).

In the Order Granting Final Approval of Class Action Settlement, entered on August 8, 2018, this Court included an express reservation of a decision regarding whether to unseal the transcripts of Lois Lerner and Holly Paz and related materials. Doc. 431 at 6. The next day, on August 9, 2018, the Court held an in-person hearing on the Motions. Lerner and Paz, Plaintiffs, Intervenor the Cincinnati Enquirer, and both *amici* appeared through counsel to argue. Doc. 432. After over an hour of argument, the Court took the matter under advisement. Later, in November 2018, over Plaintiffs' objection, Lerner supplemented the record (again, filed under seal without findings as to its propriety under *Shane Group*) alleging she had another reason to fear threats. Doc. 444, 445, 449. Lerner and Paz have submitted nothing more in the nearly three years since that filing. To date, no decision has been made.

**II.    Plaintiffs Request a Written Decision on the Pending Motions.**

For over four years, the public has lacked access to Lois Lerner and Holly Paz's sworn testimony explaining how they discharged their public obligations as senior officials of the Internal Revenue Service. Current events have only made that testimony more relevant since 2017 and 2018, when the parties submitted this issue to the Court. To take just one recent example, it has been widely reported that the I.R.S. is currently proposing to require banks to disclose a large proportion of private banking transactions, and current spending proposals would give the I.R.S. as much



October 8, 2021
Page **4** of **4**

as $80 billion to sift that data and otherwise intensify enforcement, purportedly to capture uncollected revenues. https://www.wsj.com/articles/internal-revenue-service-irs-rettig-yellen-brady-bank-account-tax-proposal-revenue-privacy-data-breach-11633287461. Without revealing the contents of the Paz and Lerner transcripts currently in the Court's possession, it can be safely said that for many interested citizens, the Lerner and Paz testimony will bear on the question of whether I.R.S. officials should be entrusted with such a mass of private data.

In conclusion, this Court should take up and issue a written, reasoned decision regarding the public right of access to Lerner and Paz's testimony. The decision should meet the standards for district court orders set forth in *Shane Group*: it should (i) explain whether Lerner or Paz have met their "high burden" of proving they hold a compelling privacy interest with respect to the official conduct they describe in their transcripts, "page by page;" and, if the answer is "yes," the Court should (ii) determine whether a blanket, permanent seal on their testimony is "'narrowly tailored to serve' their need for secrecy." *Lipman*, 974 F.3d at 754. If the Court cannot now find that Lerner and Paz have met this "high bar," *id*. at 752, the Court should deny their Motion, grant Plaintiffs' and the Cincinnati Enquirer's Motions, and enter an order unsealing the Lerner and Paz transcripts and all references to them in the parties' other filings.

Sincerely,

Edward D. Greim

cc by ECF: all Counsel of Record