UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

NorCal Tea Party Patriots, *et al.*,

    Plaintiffs,

v.

Internal Revenue Service, *et al.*,

    Defendants.

Case No.  1:13cv341

Judge Michael R. Barrett

## OPINION & ORDER

This matter is before the Court on the following four motions: (1) Motion to Unseal Court Filings and Open the May 19, 2017 Hearing to the Public filed by Plaintiffs Americans Against Oppressive Laws, Inc., NorCal Tea Party Patriots, San Angelo Tea Party, South Dakota Citizens for Liberty, Inc., and Texas Patriots Tea Party (Doc. 340); (2) Motion to Unseal filed by Interested Party The Cincinnati Enquirer (Doc. 386); (3) Motion to Seal filed by Defendants Lois Lerner and Holly Paz (Doc. 392); and (4) Expedited Motion to Unseal Documents 331, 332, 333, 334, and 344 (Doc. 393) filed by The Cincinnati Enquirer.  These motions have been full briefed.  (Docs. 395, 398, 399, 401, 404, 405, 406, 449, 453).  The Court also permitted *amicus curiae* briefs to be filed by the State of Ohio and Judicial Watch, Inc.  (Docs. 427, 428).  In addition, the Court held a hearing on the motions.  (Doc. 432).

    **I. BACKGROUND**

To provide some factual background, the Court references its earlier order granting Plaintiff Texas Patriots Tea Party's Motion for Preliminary Injunction:

> Plaintiff Texas Patriots Tea Party ("TPTP") joined with nine other self-described "dissenting groups"—groups that oppose the policies of the current presidential administration—to file suit against the Government for violating their statutory and constitutional rights in the processing of their applications for tax exemption. Plaintiffs allege that the Internal Revenue Service ("IRS") subjected their applications to heightened scrutiny and unnecessary delays because of the groups' political viewpoints, specifically because their group names included terms such as "Tea Party," "Patriots," or "9/12 Project" or because their group focuses included issues such as government spending.
>
> . . .
>
> The allegations that underlie this lawsuit—allegations that the IRS discriminated against dissenting groups when processing their application for tax-exempt status based on the groups' political viewpoints—were the subject of investigations by the Treasury Inspector General for Tax Administration ("TIGTA"), the Senate Finance Committee, and the Senate Permanent Subcommittee on Investigations for the Committee on Homeland Security and Governmental Affairs ("Senate PSI"). TIGTA issued its initial report on May 14, 2013 and a supplemental report on March 27, 2015. (Docs. 71-1, 244-7.) The Senate Finance Committee issued its report on August 5, 2015. (Doc. 197-5.) The Senate PSI issued its report on September 5, 2014. (Doc. 197-3.)

(Doc. 297, PAGEID 9893-95). Plaintiffs brought their claims on behalf of a class of all dissenting groups who applied for tax-exempt status and were targeted for special scrutiny. (Doc. 114, PAGEID 2049, ¶ 256).

The involvement of IRS employees Lerner and Paz has been detailed elsewhere, including Plaintiffs' 272-paragraph Second Amended Class Action Complaint (Doc. 114), and therefore the same will not be repeated here.

Since the filing of this case in 2013, Lerner and Paz have been the subject of hate-filled online comments, harassed outside their homes, and received death threats via telephone messages, emails and letters. (Doc. 331, PAGEID 11009–11012; Doc. 332, Lois Lerner Decl.; Doc. 333, Michael Miles Decl.; Doc. 334, Holly Paz Decl.). These threats have also extended to members of their families. Paz's children were

2

forced to hide in their rooms when a man tried to forcibly enter her home. (Doc. 334, PAGEID 11051). On another occasion, a stranger followed Paz's son home from the bus stop after school. (Id.) For over a year, Lerner's husband received multiple threatening emails at work. (Doc. 333, PAGEID 11024-11026). Lerner's 89-year-old mother-in-law also received a threatening letter. (Id., PAGEID 11027).

For that reason, Lerner and Paz filed a Motion for Protective Order seeking to have their depositions prospectively placed under seal before their depositions were taken. (Doc. 330). In addition, Lerner and Paz sought to have the briefing on the Motion for Protective Order sealed. (Doc. 329). Plaintiffs responded by filing their Motion to Unseal Court Filings which sought to unseal the briefing and the depositions. (Doc. 340). The Court granted Lerner and Paz's Motion for Protective Order to the extent it sought to have the briefing filed under seal. (See Minute Entry dated 4/11/2017 & Doc. 335).

As to whether the yet-to-be-taken depositions should be sealed, the Court scheduled a hearing to address this remaining issue. However, the May 19, 2017 hearing was vacated because this Court ruled that it was impossible to conduct the analysis required under *Shane Group, Inc. v. Blue Cross Blue Shield*, 825 F.3d 299, 306 (6th Cir. 2016) if the depositions did not yet exist. (Doc. 345, PAGEID 11254). Instead, on May 18, 2017, this Court entered a limited protective order which provided: "the litigants, which for purposes of this Order also includes Movants, may designate (not seal) the Paz and Lerner depositions as 'Confidential—Attorneys' Eyes Only.' Such a designation shall serve to restrict access, dissemination, and use of the designated materials to counsel for Plaintiffs, Defendants, and Former Individual Management

3

Defendants Lois G. Lerner and Holly Paz, in this action." (Doc. 345, PAGEID 11255). The Court reserved ruling on whether the Paz and Lerner depositions should be sealed until the depositions were complete and the matter of sealing the depositions was properly before the Court.

Plaintiffs took Lerner's deposition on June 8, 2017, and Paz's deposition on July 7, 2017. Thereafter, the parties began filing dispositive motions. The United States filed its "Statement of Proposed Undisputed Facts in Support of its Motion for Summary Judgment" and attached the Lerner and Paz depositions as exhibits. (Doc. 355-17; Doc. 355-18). The depositions were filed under seal, but the United States' summary judgment motion itself was not filed under seal. (Doc. 364). Instead, where there were citations to the Lerner and Paz depositions or summarizations of their testimony, those portions of the motion were redacted. (See, e.g., Doc. 364-2, PAGEID 13654). Plaintiffs also relied on the Lerner and Paz depositions in their opposition to the United States' Motion for Summary Judgment. (Doc. 375). Plaintiffs filed their opposition and the Lerner and Paz depositions under seal. (Doc. 375, 375-2, 375-3, 375-4).

While the dispositive motions were being briefed, the parties began engaging in settlement discussions. To assist in those discussions, the Court modified its previous limited protective order of May 18, 2017 (Doc. 345), which designated the Lerner and Paz depositions as "Confidential—Attorneys' Eyes Only" and restricted "access, dissemination, and use" of the depositions to counsel for the parties. Under the modified order, for purposes of settlement discussions, the Lerner and Paz depositions could be shared:

> with one or more of the following individual representatives of the named Plaintiffs (collectively, the "Five Class Representatives"), provided that the

4

individual representatives of the Five Class Representatives first execute the "Agreement To Be Bound by Order" (attached as Exhibit A): up to six individuals per Class Representative, so long as those individuals are board members of that Class Representative and their involvement is reasonably necessary for that Class Representative to make a decision. The Five Class Representatives are as follows:

a. Plaintiff NorCal Tea Party Patriots;
b. Plaintiff South Dakota Citizens for Liberty, Inc.;
c. Plaintiff Americans Against Oppressive Laws, Inc.;
d. Plaintiff Texas Patriots Tea Party; and
e. Plaintiff San Angelo Tea Party.

(Doc. 353, PAGEID 11285-11286).[1]  Likewise, the Court ordered that United States' unredacted Statement of Proposed Undisputed Facts and its exhibits could be shared with the Five Class Representatives.  (Doc. 353, PAGEID 11286-11287).  While the Five Class Representatives were required to treat the Lerner and Paz depositions and the summary judgment materials as confidential, the modified order permitted them to discuss the materials with counsel and each other.  (Doc. 353, PAGEID 11287).

On October 25, 2017, the parties notified the Court that they had reached a settlement resolving all remaining claims.  (Doc. 388).  Members of the class released their claims for a payment of $3,500,000.00 by the United States.  (Doc. 451, PAGEID 20069).  On August 8, 2018, the Court entered final approval of the class action settlement but reserved its decision of whether the Lerner and Paz depositions should be unsealed.  (Doc. 431).  On January 29, 2019, the parties filed a stipulation of dismissal of all claims with prejudice.  (Doc. 451).

---

[1] These five named Plaintiffs were the only class representatives remaining in the case at this stage of the proceedings.  Plaintiffs Simi Valley Moorpark Tea Party, Prescott Tea Party, Tampa 912 Project, and Faith and Freedom Coalition of Ohio voluntarily dismissed their claims on July 7, 2015.  (Doc. 184).  Plaintiff Texas Public Policy Foundation filed a Joint Stipulation of Dismissal on January 6, 2017.  (Doc. 311).

Plaintiffs argue that this Court should go back and lift its provisional seal of the briefing pertaining to the Motion for Protective Order. Lerner and Paz agree that the briefs identified by Plaintiffs (Docs. 331, 339, 341, and 344) may be released to the public, but only after they make redactions to the portions of those briefs that implicate their privacy interests or which could potentially inspire further criminal violence against them, including all references to the three sealed declarations and exhibits. (Doc. 404, PAGEID 19102).

While the parties appear to agree on these documents, a disagreement still exists over other materials. Plaintiffs remain steadfast in seeking an order from this Court unsealing the deposition transcripts of Lerner and Paz and any unredacted filings referencing the transcripts. However, Lerner and Paz request that these documents remain sealed.[2] Lerner and Paz explain that the Court did not need to consider their deposition testimony because the United States and Plaintiffs reached a settlement. Lerner and Paz also maintain that the public dissemination of the transcripts would threaten their physical safety and that of their loved ones.

The Cincinnati Enquirer also seeks an order unsealing the unredacted version of Plaintiffs' Memorandum in Opposition to the United States' Motion for Summary

---

[2] The specific documents at issue are the deposition transcripts (Doc. 355-17, 355-18, 375-2, 375-3, 375-4); the unredacted version of the United States' Statement of Proposed Undisputed Material Facts in Support of its Motion for Summary Judgment on Class Action Claim (Doc. 357); the unredacted version of Plaintiffs' Memorandum in Opposition to Motion for Summary Judgment and Exhibit 104 (Doc. 375, Doc. 375-5); and the unredacted version of Plaintiffs' Statement of Material Facts and Response to IRS's Statement of Proposed Undisputed Facts (Doc. 375-1). (See Doc. 398-1).

Judgment and Plaintiffs' Statement of Material Facts and Response to the United States' Statement of Proposed Undisputed Facts (Docs. 375, 375-1).[3]

## II. ANALYSIS

As intimated above, this Court's analysis is guided by the Sixth Circuit's decision in *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299 (6th Cir. 2016). In *Shane Group*, the Sixth Circuit clarified the standard for sealing documents which the parties have made a part of the court record. The Sixth Circuit began by explaining that "there is a stark difference between so-called 'protective orders' entered pursuant to the discovery provisions of Federal Rule of Civil Procedure 26, on the one hand, and orders to seal court records, on the other." *Id*. at 305. As the court explained, "[d]iscovery concerns the parties' exchange of information that might or might not be relevant to their case," and therefore "a district court may enter a protective order limiting the use or disclosure of discovery materials upon a mere showing of 'good cause[.]'" *Id*. (quoting Fed. R. Civ. P. 26(c)(1)). However, the court pointed out that "[a]t the adjudication stage . . . very different considerations apply." *Id*. (quoting *Joy v. North*, 692 F.2d 880, 893 (2d Cir. 1982)). "Unlike information merely exchanged between the parties, '[t]he public has a strong interest in obtaining the information contained in the court record.'" *Id.* (quoting *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165,

---

[3] In their Expedited Motion to Unseal, The Cincinnati Enquirer also sought to unseal the redacted versions of Lerner and Paz's Motion for Protective Order and Reply in support of their Motion for Protective Order (Docs. 331, 344). Lerner and Paz agree that these documents can be made publicly available, but only after redactions are made to the sensitive and personal information included in those briefs, including references to their supporting declarations and exhibits documenting the harassment and death threats they and their families have faced. (Doc. 401, PAGEID 19070). Out of concern for their safety and privacy, Lerner and Paz do not agree that the three declarations and their exhibits (Docs. 332, 333, 334) should be unsealed. The Cincinnati Enquirer refused to reach an agreement on these documents. (Doc. 401, PAGEID 19070).

7

1180 (6th Cir. 1983)).  As the Sixth Circuit explained, the public's interest can rest on several grounds:

> Sometimes, the public's interest is focused primarily upon the litigation's result—whether a right does or does not exist, or a statute is or is not constitutional. In other cases—including "antitrust" cases—the public's interest is focused not only on the result, but also on the conduct giving rise to the case. In those cases, "secrecy insulates the participants, masking impropriety, obscuring incompetence, and concealing corruption." And in any of these cases, the public is entitled to assess for itself the merits of judicial decisions. Thus, "[t]he public has an interest in ascertaining what evidence and records the District Court and this Court have relied upon in reaching our decisions."

*Shane Group*, 825 F.3d at 305 (quoting *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 546 (7th Cir. 2002) (citations omitted).

In *Shane Group*, the Sixth Circuit stated that the line between the discovery and adjudicative stages "is crossed when the parties place material in the court record." *Id*. (citing *Baxter*, 297 F.3d at 545).  However, as this Court has recently observed: "it may be an overreading of *Shane Group* to suggest that the case means to create a bright-line rule under which the presumption of access necessarily applies to every court filing."  *United States v. Sittenfeld*, No. 1:20-CR-142, 2021 WL 1438300, at *6 (S.D. Ohio Apr. 15, 2021).

Lerner and Paz argue that because the parties reached a settlement and the Court did not use the summary judgment materials or deposition testimony to determine the parties' legal rights, these materials are not judicial documents.  Plaintiffs take the opposite position and argue that these materials played an important role in the Court's consideration of the proposed settlement.  Plaintiffs cite to *Shane Group*, which stated that a district court "cannot judge the fairness of a proposed compromise without weighing the plaintiff's likelihood of success on the merits against the amount and form

8

of the relief offered in the settlement." *See Shane Group*, 825 F.3d at 309 (quotes omitted)).

While the Court did not necessarily need to review the Lerner and Paz depositions to make its fairness determination, there is no question that courts consider motions for summary judgment to be subject to the public's right of access. As one district court has recently observed, "[t]ransparency is most important . . . when the merits of the case are being decided." *Klein v. Fifth Third Bank, N.A.*, Case No. 3:20-CV-0572-DJH-CHL, 2022 WL 1049327, at *4 (W.D. Ky. Apr. 7, 2022) ("public interest in access was 'especially strong' for a document 'offered in support of a motion for summary judgment, which will result in a ruling on the merits as a matter of law'") (quoting *Rudd Equip. Co., Inc. v. Volvo Constr. Equip. N. Am., LLC*, No. 3:19-CV-778-DJH-CHL, 2020 WL 6946577, at *3 (W.D. Ky. Nov. 25, 2020)). Accordingly, "[w]hen documents are filed in support of a motion for summary judgment, 'the public would have a substantial interest in knowing what evidence exists (or does not exist) that would show that [a defendant] engaged in [actionable] conduct.'" *Id.* (quoting *Kentucky v. Marathon Petroleum Co. LP*, No. 3:15-CV-354-DJH-CHL, 2018 WL 3130945, at *6 (W.D. Ky. June 26, 2018) and citing *Rushford v. New Yorker Mag., Inc.*, 846 F.2d 249, 253 (4th Cir. 1988) (holding that documents filed in support of a motion for summary judgment in a civil case are entitled to a more rigorous standard); *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006) (same); *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003) (same)). Therefore, the "strong presumption in favor of openness" to which *Shane Group* refers most certainly applies

to the Lerner and Paz depositions and any unredacted filings referencing the transcripts. *See Sittenfeld*, 2021 WL 1438300, at *9.

Nevertheless, there are certain interests which overcome this "strong presumption." *Rudd Equipment Co., Inc. v. John Deere Construction & Forestry Co.*, 834 F.3d 589, 593 (6th Cir. 2016) (citing *Brown*, 710 F.2d at 1179). These interests include "certain privacy rights of participants or third parties, trade secrets, and national security." *Brown*, 710 F.2d at 1179. Therefore, to justify sealing records, the proponent must demonstrate: "(1) a compelling interest in sealing the records; (2) that the interest in sealing outweighs the public's interest in accessing the records; and (3) that the request is narrowly tailored." *Kondash v. Kia Motors Am., Inc.*, 767 F. App'x 635, 637 (6th Cir. 2019). The proponent must also "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Shane Group.*, 825 F.3d at 305-06 (quoting *Baxter*, 297 F.3d at 548).

Plaintiffs argue that evidence of the public's interest in this case is overwhelming: "the events giving rise to this litigation have been the subject of congressional inquiries and reports, inspector general inquiries and reports, and involve the IRS's viewpoint-based targeting of more than four hundred public interest groups from coast to coast." (Doc. 398, PAGEID 19010). Plaintiffs also point out that the Attorney General of the United States issued a press release regarding the Government's agreement to settle this litigation. (Id.)

However, from the perspective of Lerner and Paz, their interest in their personal safety and that of their families outweighs the public's interest in accessing the records. While Plaintiffs and The Cincinnati Enquirer have attempted to downplay their concerns,

10

the safety and privacy of Lerner, Paz and their families is a compelling interest. The difficulty for the Court is that any time Lerner and Paz are placed in the public spotlight, they seem to be at risk, regardless of what they have actually said in their depositions.[4] This is because the comments, letters and death threats they and their families have received are untethered from the facts and legal issues in this case. Instead, members of the public have chosen to use this case as an opportunity to air any grievances they might have with the government.

There is no legitimate public interest in the death threats and harassment faced by Lerner and Paz and their families. Their families are not parties to this litigation and these incidents have no bearing on the merits of the underlying case. In keeping with their agreement to publicly file redacted copies of the briefing on their Motion for Protective Order, Lerner and Paz shall file the following documents with redactions which will protect their security and privacy, and the security and privacy of their families: (1) Memorandum in Support of Former Individual Management Defendants' Motion for Protective Order (Doc. 331); (2) Plaintiffs' Memorandum in Opposition to the Motion for Protective Order filed by Lois Lerner and Holly Paz (Doc. 339); (3) Plaintiffs' Memorandum in Support of Motion to Unseal Court Filings and Open the May 19, 2017 Hearing to the Public (Doc. 341); (4) Reply Brief in Support of Certain Former Individual Management Defendants' Motion for Protective Order (Doc. 344). However, the declarations and exhibits filed in conjunction with these briefs (Docs. 332, 333, 334) shall remain under seal. The sensitive information included these declarations and exhibits relates to family members of Lerner and Paz who have no connection to this

---

[4] In a Supplemental Declaration, Lerner describes yet another incident where her life was in danger. (Doc. 449, PAGEID 20065).

litigation. The public's interest in accessing the records is not outweighed by the concerns for the safety and privacy of Lerner and Paz and their families. Given the direction above regarding the filing of the redacted documents, the request for these documents to remain sealed is narrowly tailored.

As to the Lerner and Paz depositions and the summary judgment materials, the Court must stop at this juncture, and distinguish *Shane Group* from this case. In *Shane Group*, the documents placed under seal included the entire motion for class certification and its attachments, which the Sixth Circuit identified as "arguably the most important filing in any putative class action." 825 F.3d at 306. The district court also sealed the amended complaint, the defendant's response to the motion for class certification, and the defendant's motion to strike filings related to the class's expert witness. *Id*. The Sixth Circuit explained that with these documents sealed, "both the general public and the class were able to access only fragmentary information about the conduct giving rise to this litigation, and next to nothing about the bases of the settlement itself." *Id*.

Here, the same documents identified by the Sixth Circuit are not sealed in this case.[5] In contrast, the public and the class have had access to everything except for a small percentage of documents.[6] As Lerner and Paz have pointed out, the government produced over 16,000 documents to Plaintiffs which were not subject to a protective order. (Doc. 344, PAGEID 11237). In addition, class members could access the

---

[5] While Plaintiffs' Motion to Certify Class has been redacted (Doc. 193) none of the briefing on the motion (Docs. 197, 198, 199, 216) or the order granting certification (Doc. 233) are sealed. These documents were either not filed under seal or were unsealed pursuant to an agreed order (Doc. 377).

[6] By the Court's count, only fifteen documents on the docket remain sealed. There are over 400 docket entries in this case.

depositions of at least twenty-one other current or former IRS employees. (Doc. 392-1, PAGEID 18906). While the Lerner and Paz depositions were filed under seal, the United States' summary judgment motion itself was not filed under seal but was instead filed with redactions where there were citations to the Lerner and Paz depositions or summaries of their testimony. (See Doc. 364-2). Any public interest in this filing could largely be satisfied by a review of the publicly available materials, regardless of access to the Lerner and Paz depositions.

However, the Court notes that unlike the redactions to the briefing on the Motion for Protective Order, the redactions to these documents do not address the death threats and harassment faced by Lerner and Paz and their families. Instead, the redactions appear to be an attempt to avoid inspiring further harassment, threats or actual acts of violence against Lerner, Paz and their families. While the balance between the public's interest in these documents and the potential for violence is a tough call, the Court is hopeful that the passage of time will protect Lerner, Paz and their families. In addition, any references to personal information in the depositions and summary judgment materials shall remain under seal so that the sealed portions of the documents are narrowly tailored to the concerns for the safety and privacy of Lerner, Paz and their families.

Therefore, Lerner and Paz shall file copies of the following documents with redactions to the names of their family members or personal friends, any home addresses or any other personal identifiers: (1) Holly Paz Merits Deposition, Exhibit 43 in Support of United States' Motion for Summary Judgment (Doc. 355-17); (2) Lois Lerner Merits Deposition, Exhibit 44 in Support of United States' Motion for Summary

Judgment (Doc. 355-18); and (3) United States' Statement of Proposed Undisputed Material Facts In Support of Its Motion for Summary Judgment on Class Action Claim (Doc. 357).

Accordingly, Plaintiffs are permitted to file a redacted version of Plaintiffs' Memorandum in Opposition to Motion for Summary Judgment (Doc. 375); a redacted version of Plaintiffs' Statement of Material Facts and Response to IRS's Statement of Proposed Undisputed Facts (Doc. 375-1); and a redacted version of Holly Paz Class Certification Deposition, Exhibit 54 in Opposition to United States' Motion for Summary Judgment (Doc. 375-7) which exclude references to the names of Lerner and Paz's family members or personal friends, any home addresses, or any other personal identifiers.

Finally, Plaintiffs seek to unseal Exhibit 104 to Plaintiffs' Opposition to United States' Motion for Summary Judgment (Doc. 375-5). It appears that this document was produced as part of a Freedom of Information Act request and is already in the public domain. Therefore, this document shall be unsealed. Plaintiffs are permitted to file an unsealed version of Exhibit 104 to Plaintiffs' Opposition to United States' Motion for Summary Judgment (Doc. 375-5).

### IV. CONCLUSION

Based on the foregoing, it is hereby **ORDERED** that:

1. Plaintiffs Americans Against Oppressive Laws, Inc., NorCal Tea Party Patriots, San Angelo Tea Party, South Dakota Citizens for Liberty, Inc., Texas Patriots Tea Party's Motion to Unseal Court Filings and Open the May 19, 2017 Hearing to the Public (Doc. 340) is **GRANTED in PART and DENIED in PART**;

2. Interested Party the Cincinnati Enquirer's Motion to Unseal (Doc. 386) is **GRANTED in PART and DENIED in PART**;

3. Defendants Lois Lerner and Holly Paz's Motion to Seal (Doc. 392) is **GRANTED in PART and DENIED in PART**;

4. The Cincinnati Enquirer's Expedited Motion to Unseal Documents 331, 332, 333, 334, and 344 (Doc. 393) is **GRANTED in PART and DENIED in PART**;

5. Defendants Lois Lerner and Holly Paz shall file copies of the briefing on their Motion for Protective Order with redactions to the sensitive and personal information included in those briefs, including references to their supporting declarations and exhibits documenting the harassment and death threats they and their families have faced **within ninety (90) days** of entry of this Order;

6. Defendants Lois Lerner and Holly Paz shall file copies of the following documents with redactions to the names of their family members or personal friends, any home addresses or any other personal identifiers **within ninety (90) days** of entry of this Order: (1) Holly Paz Merits Deposition, Exhibit 43 in Support of United States' Motion for Summary Judgment (Doc. 355-17); (2) Lois Lerner Merits Deposition, Exhibit 44 in Support of United States' Motion for Summary Judgment (Doc. 355-18); and (3) United States' Statement of Proposed Undisputed Material Facts In Support of Its Motion for Summary Judgment on Class Action Claim (Doc. 357);

7. Plaintiffs are permitted to file a redacted version of Plaintiffs' Memorandum in Opposition to Motion for Summary Judgment (Doc. 375); a redacted version of Plaintiffs' Statement of Material Facts and Response to IRS's Statement of Proposed Undisputed Facts (Doc. 375-1); and a redacted version of Holly Paz Class Certification Deposition, Exhibit 54 in Opposition to United States' Motion for Summary Judgment (Doc. 375-7) which exclude references to the names of Lerner and Paz's family members or personal friends, any home addresses, or any other personal identifiers; and

8. Plaintiffs are permitted to file an unsealed version of Exhibit 104 to Plaintiffs' Opposition to United States' Motion for Summary Judgment (Doc. 375-5).

**IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　　　/s/ Michael R. Barrett
　　　　　　　　　　　　　　　　Michael R. Barrett
　　　　　　　　　　　　　　　　United States District Judge