Doc. 331 – Unsealed and Redacted

Case: 1:13-cv-00341-MRB Doc #: 459-1 Filed: 08/01/22 Page: 2 of 15 PAGEID #: 20697
Case: 1:13-cv-00341-MRB Doc #: 331 SEALED Filed: 04/12/17 Page: 1 of 14 PAGEID #: 11007
CONFIDENTIAL / FILED UNDER SEAL

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| NORCAL TEA PARTY PATRIOTS, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> INTERNAL REVENUE SERVICE, *et al.*, <br><br> Defendants. | Case No. 1:13-cv-000341 <br><br> Judge Michael R. Barrett <br><br> Oral Argument Requested |

**MEMORANDUM OF LAW IN SUPPORT OF CERTAIN FORMER INDIVIDUAL MANAGEMENT DEFENDANTS' MOTION FOR A PROTECTIVE ORDER**

Pursuant to Rule 26(c)(1)(F) of the Federal Rules of Civil Procedure, Lois Lerner and Holly Paz, who were individual defendants in this litigation until the Court dismissed the claims against them, respectfully request that this Court enter a protective order sealing their depositions and restricting dissemination of the sealed deposition transcripts and testimony to the attorneys of record in this action.

As set forth more fully below in disturbing detail,[1] the lives of Lois Lerner, Holly Paz, and their loved ones will be in imminent danger unless the Court seals their depositions. Allowing public dissemination of their depositions would principally serve to enable those unjustly twisting the truth in the court of public opinion to inspire anger against Mss. Lerner and

---

[1] Undersigned counsel apologize to the Court for the graphic, profane and disturbing language that is used in this brief and the accompanying declarations and exhibits. Undersigned counsel believe that reference to this language, which is the language used to threaten and harass Mss. Lerner and Paz and their families, is necessary to show the gravity of the situation and demonstrate that there is good cause for the protective order sought here.

Case 1:13-cv-00341-MRB Doc #: 459-1 Filed: 08/01/22 Page: 3 of 15 PAGEID #: 20608
Case: 1:13-cv-00341-MRB Doc #: 335 SEALED Filed: 04/12/17 Page: 2 of 14 PAGEID #: 11008
CONFIDENTIAL / FILED UNDER SEAL

Paz. Plaintiffs have no legitimate purpose for opposing the instant motion, other than a transparent intent to thrust Mss. Lerner and Paz into the media spotlight. If that happens, their experiences to date demonstrate that they will be buried under an avalanche of harassment and threats of physical harm. Given that public dissemination of their deposition testimony would likely expose Ms. Lerner, Ms. Paz, and their families to harassment and threats of physical harm, good cause exists for entry of the requested protective order.

## BACKGROUND AND PROCEDURAL HISTORY

### A. Procedural History

This case arises out of the claim that the IRS unlawfully singled out applications for tax-exempt status filed by various Tea Party organizations for differential treatment, including more thorough and slower review. Plaintiffs filed claims against the United States, as well as damages claims under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), against several current and former IRS employees, including Mss. Lerner and Paz.

Judge Dlott dismissed the *Bivens* claims in July 2014. *See* ECF No. 102 at 13; also available at *NorCal Tea Party Patriots v. IRS*, Case No. 1:13-cv-341, 2014 U.S. Dist. LEXIS 97229, at *25 (S.D. Ohio, July 17, 2014).

Plaintiffs and the government then proceeded to class discovery. Plaintiffs sought to depose some of the individual defendants, including Ms. Paz. The individual defendants objected to being deposed before their qualified immunity defense was resolved. To resolve this issue, the parties sought—and Judge Dlott entered—a protective order providing, *inter alia*, that depositions of the individual defendants taken during class discovery could not be used in any way except in sealed filings in this action. *See* ECF No. 138. Plaintiffs deposed six of the individual defendants, including Ms. Paz on March 17, 2017, subject to the protective order. Ms.

Case: 1:13-cv-00341-MRB Doc #: 459-1 Filed: 08/01/22 Page: 4 of 15 PAGEID #: 20609
Case: 1:13-cv-00341-MRB Doc #: 331 SEALED Filed: 04/12/17 Page: 3 of 14 PAGEID #: 11009
CONFIDENTIAL / FILED UNDER SEAL

Paz's deposition lasted approximately six and a half hours, and Plaintiffs' questioning was broad and extended far beyond class certification issues.

Plaintiffs and the government are presently engaged in merits discovery. Plaintiffs seek to depose Mss. Lerner and Paz in relation to their claims against the government.

### B. Mss. Lerner and Paz and Their Families Face Harassment and Death Threats

In 2013, allegations of IRS misconduct toward Plaintiffs and other tax-exemption applicants, which form the basis of this lawsuit and related cases, received considerable national media attention. A search of Lexis' news database returns 1,383 news articles and 1,384 blog posts mentioning Lois Lerner in May, June, and July of 2013. A search of the same database for references to Ms. Paz returns 89 newspaper articles and 57 blog posts for the same timeframe.

Many blogs contain comments **explicitly** advocating violence. For example, a commenter to a story regarding Ms. Lerner on the website zerohedge.com wrote "Someone really, really, and I mean really needs to **stomp the guts out of this bitch**... Who the fuck does she think she is?"[2] Another comment on Teaparty.com says "**Lois Lerner's dead body needs to be swinging by her neck from an oak tree**."[3] ███████████████████████████████

███████████████████████████████

███████████████████████████████

███████████████████████████████

---

[2] *See* Tyler Durden, *Lois Lerner Emails Released: "Lincoln Should Have Let the South Go"* (Aug. 10, 2015), http://www.zerohedge.com/news/2015-08-10/lois-lerner-emails-released-lincoln-should-have-let-south-go (emphasis added).

[3] *Video: Lois Lerner's IRS Boss Caught Red-Handed Telling a Blatant Lie about Missing Emails*, Tea Party Update.com, http://teapartyupdate.com/video-lois-lerners-irs-boss-caught-red-handed-telling-a-blatant-lie-about-missing-emails/ (last visited April 5, 2017) (emphasis added).

Case 1:13-cv-00941-MRB Doc #: 459-1 Filed: 08/01/22 Page: 5 of 15 PAGEID #: 20700
Case: 1:13-cv-00941-MRB Doc #: 331 SEALED Filed: 04/12/17 Page: 4 of 14 PAGEID #: 11010
CONFIDENTIAL / FILED UNDER SEAL

█████████████████████████████████████████████

████████████████████████████

    ████████████████████████████████████████

████████████████████████████████  ██  █████████

███████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

█████████

    ████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████

    ████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

─────────────────────
[4] ████████████████████████████████████

4

Case 1:13-cv-00941-MRB Doc #: 459-1 Filed: 08/01/22 Page: 6 of 15 PAGEID #: 20701
Case: 1:13-cv-00941-MRB Doc #: 331 SEALED Filed: 04/12/17 Page: 5 of 14 PAGEID #: 11011
CONFIDENTIAL / FILED UNDER SEAL

[page body fully redacted]

---

[5] *See http://rabidrepublicanblog.com/wp-content/uploads/2013/08/IRS-on-RRB-Marlon-Paz.jpg.*

Case: 1:13-cv-00341-MRB Doc #: 459-1 Filed: 08/01/22 Page: 7 of 15 PAGEID #: 20702
Case: 1:13-cv-00341-MRB Doc #: 331 SEALED Filed: 04/12/17 Page: 6 of 14 PAGEID #: 11012
CONFIDENTIAL / FILED UNDER SEAL

██████████████████████████████████████████████████████████████

███████████████████████████████████████████[6]

  ████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

   ████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

████████████████████████████

   ████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████

---

[6] *See also, e.g.,* Julier Eilperin, *Long after spotlight has faded, IRS official Holly Paz Faces Attacks*, Washington Post, *available at* https://www.washingtonpost.com/news/post-politics/wp/2013/08/28/long-after-spotlight-has-faded-irs-official-holly-paz-faces-attacks/?utm_term=.cd0346f2f2a8.

Case 1:13-cv-00341-MRB Doc #: 459-1 Filed: 08/01/22 Page: 8 of 15 PAGEID #: 20703
Case: 1:13-cv-00341-MRB Doc #: 351 SEALED Filed: 04/12/17 Page: 7 of 14 PAGEID #: 11013
CONFIDENTIAL / FILED UNDER SEAL

# ARGUMENT

### A. Threats of Physical Harm Constitute Good Cause for a Protective Order

Under Federal Rule of Civil Procedure 26, a court may, for good cause, issue an order to protect a person from "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1); *see also Fears v. Kasich (In re Ohio Execution Protocol Litig.)*, 845 F.3d 231, 236 (6th Cir. 2016). "Good cause exists if 'specific prejudice or harm will result' from the absence of a protective order." *Id.* (quoting *Father M. v. Various Tort Claimants (In re Roman Catholic Archbishop)*, 661 F.3d 417, 424 (9th Cir. 2011)). The moving party must provide "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Id.* (quoting *Serrano v. Cintas Corp.*, 699 F.3d 884, 901 (6th Cir. 2012)). As requested here, the order can require "that a deposition be sealed and opened only on court order." Fed R. Civ. P. 26(c)(1)(F).

It is well-settled that protective orders are warranted when a party credibly demonstrates that publicly disseminating information disclosed during discovery will lead to physical danger. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 26–27, 37 (1984) (affirming the constitutionality of a Washington state court's protective order prohibiting "petitioners from publishing, disseminating, or using the information [subject to the discovery order] in any way except where necessary to prepare for and try the case" pursuant to an analogue of Fed. R. Civ. P. 26 where affidavits highlighted phone calls and letters threatening physical harm); *Fears*, 845 F.3d at 237 (6th Cir. 2016) (affirming the district court's grant of a protective order to prevent the release of information that would identify the supplier or manufacturer of lethal injection drugs in a lawsuit challenging Ohio's execution protocols after citing a threat made against similar manufacturers in Oklahoma); *United States Tobacco Coop., Inc. v. Big S. Wholesale of Va.*, No. 5:13-cv-00527-F, 2016 U.S. Dist. LEXIS 97450, at *6–7 (E.D.N.C. July 26, 2016) (granting motion to seal

7

Case 1:13-cv-00341-MRB Doc #: 459-1 Filed: 08/01/22 Page: 9 of 15 PAGEID #: 20704
Case: 1:13-cv-00341-MRB Doc #: 331 SEALED Filed: 04/12/17 Page: 8 of 14 PAGEID #: 11014
CONFIDENTIAL / FILED UNDER SEAL

where the movant demonstrated that their filings contained information that could subject individuals to physical violence, and that their safety concerns outweighed the public's interest in having access to the documents); *Alcaide v. Todd Thomas Corr. Corp. of Am.*, No. CV-11-01162-JAT-JFM, 2015 U.S. Dist. LEXIS 141196, at *9 (D. Az. Oct. 15, 2015) (granting motion to seal an inmate's account statement after crediting an argument "that if the settlement amount or Plaintiff's account information becomes known, Plaintiff may be blackmailed, assaulted, or attacked by other inmates."); *Dish Network L.L.C. v. Sonicview USA, Inc.*, No. 09-cv-1553L (NLS), 2009 U.S. Dist. LEXIS 63429, at *18–19 (S.D. Ca. July 23, 2009) (granting motion to seal declarations in a copyright lawsuit after finding that *not* sealing them would "subject the informants to threat of physical harm.") (emphasis added).

Alarmingly, there is ample evidence that publicly disseminating Mss. Lerner's and Paz's deposition testimony would lead to harassment and threats of physical harm against them and their families. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ These threats will inevitably intensify if Mss. Lerner's and Paz's deposition transcripts are released publicly, placing them back in the media glare.

Critically, Mss. Lerner's and Paz's request for a protective order must be analyzed in the context of the tumultuous times in which we now live, when waves of paranoia prompted by politically-charged stories are sweeping the nation. Those waves are naturally at a crescendo in the Washington, D.C. metropolitan region, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. For example, when stories circulated that Hillary Clinton was running a child sex ring from a District of Columbia restaurant's bathrooms, a man from North Carolina armed with an assault rifle came to

8

Case: 1:13-cv-00341-MRB Doc #: 459-1 Filed: 08/01/22 Page: 10 of 15 PAGEID #: 20705
Case: 1:13-cv-00341-MRB Doc #: 351*SEALED Filed: 04/12/17 Page: 9 of 14 PAGEID #: 11015
CONFIDENTIAL / FILED UNDER SEAL

the restaurant and fired at least one shot.[7] If the same blogs and media outfits that have fermented hatred of Mss. Lerner and Paz[8] and countenanced graphic threats against them gain access to the testimony, it may be only a matter of time before concocted stories spur a deranged person to action.

*One* threatening email in *Fears* helped to convince the Sixth Circuit to affirm a protective order completely shutting down discovery requests that "could reveal the identity of suppliers or manufacturers of Ohio's legal-injection [sic] drugs as well as anyone related to carrying out executions in Ohio." *Fears*, 845 F.3d at 233, 237. Given the voluminous record of threats and harassment Mss. Lerner and Paz have suffered, they would be well within their rights to seek a protective order precluding depositions at all, particularly given that they have been dismissed from this litigation as individual defendants. And yet, they are willing to cooperate and submit to depositions. They just do not want to be subjected once again to threats, harassment or intimidation – or worse, to have those threats come to fruition.

---

[7] *See* Faiz Siddiqui and Susan Svrluga, "N.C. Man told police he went to D.C. pizzeria with gun to investigate conspiracy theory," Washington Post, Dec. 5, 2016, *available at* https://www.washingtonpost.com/news/local/wp/2016/12/04/d-c-police-respond-to-report-of-a-man-with-a-gun-at-comet-ping-pong-restaurant/?utm_term=.56a39c5adf67.

[8] *E.g. IRS Persecutes Christians and Patriots*, Texemarrs.com, http://www.texemarrs.com/062013/irs_jews_persecute.htm (last visited April 6, 2017) (Accusing "Feminist Jew Lois Lerner" of "lord[ing] it over Christians and patriots" and referring to the IRS as a " terrorist organization if there ever was one…"); *Department of Injustice Announces IRS Jew Lois Lerner Will Face No Charges*, (Oct. 24, 2015), http://www.dailystormer.com/department-of-injustice-announces-irs-jew-lois-lerner-will-face-no-charges/ ("The Department of Injustice led by top gorilless Loretta Lynch has announced that the IRS Jew Lois Lerner won't face charges. Lerner intentionally delayed the processing of tax-exempt status for political groups that weren't aligned with Barack Insane Obongo Obozo and the rest of his Marxist retards. There was also an apparent cover up with the IRS claiming that they couldn't find her e-mails. There were obviously crimes committed.").

9

Case 1:13-cv-00341-MRB Doc #: 459-1 Filed: 08/01/22 Page: 11 of 15 PAGEID #: 20706
Case: 1:13-cv-00341-MRB Doc #: 351 SEALED Filed: 04/12/17 Page: 10 of 14 PAGEID #: 11016
CONFIDENTIAL / FILED UNDER SEAL

### B. The Public is Not Entitled to Access these Depositions

The public has no right to access the depositions. At the discovery stage, no right of public access is implicated in sealing the depositions where—as here—there is good cause to do so. *Rhinehart*, 467 U.S. at 33, 37 (observing that depositions and interrogatories "were not open to the public at common law" and that when "a protective order is entered on a showing of good cause as required by Rule 26(c), is limited to the context of pretrial civil discovery, and does not restrict the dissemination of the information if gained from other sources, it does not offend the First Amendment."); *see also Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (observing that "[s]ecrecy is fine at the discovery stage") (quoting *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 545 (7th Cir. 2002)).

Even after discovery closes, the public has no right to access the deposition—even if a party seeks to enter them in the judicial record—given the very real risk of violence faced by Mss. Lerner and Paz.[9] Courts have found the credible prospect of physical harm to a party so important that it provides a compelling reason to justify nondisclosure of judicial documents to the public. *Big S. Wholesale of Va.*, 2016 U.S. Dist. LEXIS 97450, at *4, *6 (granting a motion to seal where the movant demonstrated that their filings contained information that could subject individuals to physical violence, and that their safety concerns outweighed the public's presumptive right to access the information); *Dish Network, L.L.C.*, 2009 U.S. Dist. LEXIS 73857, at *2–*4 (internal quotation marks and citation omitted) (finding that compelling reasons to redact confidential informants' names overcame a "strong presumption of access to judicial records" because disclosure would "put their lives and safety at risk."). Mss. Lerner's and Paz's interest in safety takes on even more concern than usual here because they are currently non-

---

[9] To be clear, Mss. Paz and Lerner do not object to the ***use*** of their depositions in this action so long as they are handled in accordance with the proposed protective order, *e.g.,* filed under seal and disseminated only to attorneys of record in this action.

10

Case: 1:13-cv-00341-MRB Doc #: 345-1 Filed: 08/01/22 Page: 12 of 15 PAGEID #: 20707
Case: 1:13-cv-00341-MRB Doc #: 331 SEALED Filed: 04/12/17 Page: 11 of 14 PAGEID #: 11017
CONFIDENTIAL / FILED UNDER SEAL

parties to the current litigation. *See, e.g., Venator v. Interstate Res., Inc.*, No. CV415-086, 2016 U.S. Dist. LEXIS 50964, at *17 (S.D. Ga. April 15, 2016) (observing that a non-party "enjoy[ed] a greater privacy expectation than plaintiff or defendants" and forbidding the public dissemination of that non-party's relevant document). In short, Mss. Lerner's and Paz's compelling need for a protective order outweighs any public interest in their testimony.

### C. The Plaintiffs Will Not be Prejudiced in Any Way

Sealing the depositions will in no way undermine Plaintiffs' ability to prosecute their claims. Mss. Lerner and Paz are willing to be deposed so long as there are safeguards to protect them and their families from harassment and harm, *i.e.,* through an order sealing the depositions and restricting dissemination of the transcripts to the attorneys of record in this action.[10] Moreover, there is no legally cognizable public interest at the discovery stage that can be vindicated by opposing this motion. That leaves only one plausible reason for Plaintiffs' opposition to the issuance of the requested protective order: Plaintiffs' desire to use the deposition testimony to make a broader political point to the general public. After all, Plaintiffs have already publicly disseminated information gained from past deposition testimony.[11]

But that is not a legally sufficient basis to oppose this motion, nor can Plaintiffs' desire for media attention outweigh Mss. Lerner's and Paz's safety and the safety of their families. The "*sole* purpose of discovery is in assisting in the preparation and trial, or the settlement, of litigated disputes." *Jennings v. Peters*, 162 F.R.D. 120, 122–23 (N.D. Ill. 1995) (granting a

---

[10] There is also no risk of prejudice because Plaintiffs previously deposed Ms. Paz on March 17, 2015 during class certification discovery. Given the length and breadth of that deposition, it is extremely questionable that a second deposition of Ms. Paz is even necessary. In any event, Ms. Paz respectfully requests that her March 17, 2015 deposition be included in the requested protective order.

[11] *See* "New Insight into IRS Mishandling of Tea Party Applications," April 28, 2015, *available at* https://suetheirs.com/new-insight-irs-mishandling-applications/.

11

Case: 1:13-cv-00341-MRB Doc #: 459-1 Filed: 08/01/22 Page: 13 of 15 PAGEID #: 20708
Case: 1:13-cv-00341-MRB Doc #: 331 SEALED Filed: 04/12/17 Page: 12 of 14 PAGEID #: 11018
CONFIDENTIAL / FILED UNDER SEAL

protective order for deposition testimony where the court had a "healthy suspicion" the plaintiffs opposed the protective order so that they could use the deposition for political reasons unrelated to the lawsuit) (quoting *Rhinehart*, 467 U.S. at 34).

## CONCLUSION

The stakes involved in this motion are extremely serious and these issues are not raised lightly. Mss. Lerner and Paz fear that public dissemination of their testimony will not only subject them and their families to continued harassment, intimidation and threats, but also that someone may carry out those threats and cause them bodily harm or worse.

Therefore, Mss. Lerner and Paz respectfully request that this Court enter a protective order sealing their depositions and restricting dissemination of the sealed transcripts and testimony to the attorneys of record in this action.

12

Case: 1:13-cv-00341-MRB Doc #: 459-1 Filed: 08/01/22 Page: 14 of 15 PAGEID #: 20709
Case: 1:13-cv-00341-MRB Doc #: 331 SEALED Filed: 04/12/17 Page: 13 of 14 PAGEID #: 11019
CONFIDENTIAL / FILED UNDER SEAL

Dated: April 12, 2017

Respectfully Submitted,

/s/ Mark Hayden
Mark Hayden, Trial Attorney (0066162)
TAFT STETTINIUS & HOLLISTER LLP
425 Walnut Street, Suite 1800
Cincinnati, Ohio 45202
Telephone: (513) 381-2838
E-mail: mhayden@taftlaw.com

 -and –

Brigida Benitez (admitted *pro hac vice*)
Catherine Cockerham (admitted *pro hac vice*)
Marcus A. Gadson (admitted *pro hac vice*)
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
Telephone: (202) 429-3000
E-mail: bbenitez@steptoe.com
E-mail: ccockerham@steptoe.com
Email: mgadson@steptoe.com

*Counsel for Former Individual Management Defendants Lois G. Lerner and Holly Paz*

Case: 1:13-cv-00341-MRB Doc #: 459-1 Filed: 08/01/22 Page: 15 of 15 PAGEID #: 20710
Case: 1:13-cv-00341-MRB Doc #: 331 SEALED Filed: 04/12/17 Page: 14 of 14 PAGEID #: 11020
CONFIDENTIAL / FILED UNDER SEAL

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 12th day of April, 2017, Certain Former Individual Management Defendants' Motion for a Protective Order, Memorandum of Law in Support, supporting Declarations and Exhibits, and Proposed Order were electronically filed via the Court's CM/ECF system and electronically served upon registered parties via the Court's electronic notification system.

/s/ Catherine Cockerham
Catherine Cockerham